Submitted by Eric Freeze,
The living, flesh, and blood individual
Pro Per

FILED     ENTERED
LODGED    RECEIVED

OCT 26 2023   **JC**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY      **DEPUTY**

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Eric S. Freeze,<br><br>        Plaintiff,<br><br>     vs.<br><br>ELIZABETH E. GALLAGHER, JOSE T.<br>ACUNA, ANN G. FREEZE REVOCABLE<br>TRUST, and the RONALD L. FREEZE<br>REVOCABLE TRUST, JAMES MASSINGALE<br>AND ANGELA MASSINGALE,<br>      Defendants | Case No. 2 : 23-CV-01135-RSM<br><br>**Verified<br>Amended<br>CIVIL COMPLAINT,<br>CLAIM FOR DAMAGES<br>TRIAL BY JURY DEMANDED** |

NOW COMES Eric S. Freeze, Plaintiff, and files this Complaint against ELIZABETH E.

GALLAGHER; JOSE T. ACUNA, ANN G. FREEZE REVOCABLE TRUST, and the

RONALD L. FREEZE REVOCABLE TRUST, Defendants, and for cause would show this

Honorable Court as follows:

## I.     PARTIES

1.1 Plaintiff Eric S. Freeze is a law-abiding male adult of sound mind and a resident of

     47996, 47972 Moen Rd, ( P. O. Box 12) Concrete, Washington 98237. The plaintiff, is

     a U.S. Citizen, resident of Skagit County, Washington, and a taxpayer in Skagit County

     who has rights protected by the statutes referenced herein including rights as a United

     States Citizen protected by the U.S. Constitution, Washington State Constitution,

     United States Code, Revised Code of Washington, and others that are protected. Eric

     S. Feeze is not a Lawyer.

Freeze COMPLAINT        Page 1 of 15       Eric S. Freeze, Plaintiff, pro per
FRAUD, RICO, EMOTIONAL DISTRESS                         P. O. Box 12
Concrete, WA [98237]

Submitted by Eric Freeze,
The living, flesh, and blood individual
Pro Per

1.2 Defendant ELIZABETH E. GALLAGHER, hereinafter, GALLAGHER, is an adult of sound mind whose address known to Plaintiff is 11 Depot Rd Stratham, NH 03885. She is being sued in her individual capacity.

1.3 Defendant JOSE T. ACUNA, hereinafter, ACUNA, is an adult of sound mind whose address known to Plaintiff is 7906 Renic Dr., Sedro-Woolley, WA 98284. He is being sued in his individual capacity.

1.4 Defendant ANN G. FREEZE REVOCABLE TRUST, and the RONALD L. FREEZE REVOCABLE TRUST, hereinafter, Trust is a trust domiciled in the state of New Hampshire whose address known to Plaintiff is 11 Depot Rd Stratham, NH 03885.

1.5 Defendants JAMES MASSINGALE and wife ANGELA MASSINGALE hereinafter, MASSENGALES are adults of sound mind whose address known to Plaintiff is 48136 YEAGER ROAD, Concrete WA 98237, Skagit County. MASSENGALES are being sued in their individual capacity.

## II.    JURISDICTION AND VENUE

2.1 The Court has subject matter jurisdiction over the present case, in accordance with 28 U.S.C. §1332 and, 28 U.S.C. § 1331, and the amount in controversy exceeds $75,000.00.

2.2 The Court has jurisdiction because the facts and causes of action described herein took place, in whole or in part, in the state of Washington and the state of New Hampshire.

2.3 This case meets the requirements of federal reasons for jurisdiction because diversity jurisdiction is applicable, violations of the U.S. Constitution, and federal laws and the amount in controversy is greater than $75,000. The federal court would have had subject matter jurisdiction from the beginning of this dispute.

2.4 Venue is proper in this Court pursuant to 28 U.S.C. § 1391 Venue generally (b)(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated,

Freeze COMPLAINT
FRAUD, RICO, EMOTIONAL DISTRESS

Page 2 of 15

Eric S. Freeze, Plaintiff, pro per
P. O. Box 12
Concrete, WA [98237]

### III. STATEMENT OF FACTS

3.1 Plaintiff is a self-employed procurer of scrap metal, 35 years old, born in the house located at 47996, 47972 Moen Rd, Concrete, WA, hereinafter, Property, and residing at this same address since birth.

3.2 Plaintiff lived with his father on the Property since birth.

3.3 Plaintiff's father, Peter Freeze, borrowed money to purchase Property with co-signers (his parents) and did pay off the loan in monthly payments, evidenced by the documents stolen by Defendant, JOSE T. ACUNA, for the purchase of Property. Co-signers Ronald and Ann Freeze put the property purchased in a Trust and made their son, Peter Freeze, Power of Attorney, hereinafter, POA, for the Trust without revisiting the property from their home in New Hampshire in over 18 years. The property was forgotten and never removed from the Trust.

3.4 Peter Freeze, POA, entered into an Oral contract with Plaintiff, his son, to guard, maintain and repair property that included a commercial sawmill and a residence in exchange for ownership of the property upon his demise. Plaintiff mowed the premises for 20 years, repaired the foundation of the sawmill, repaired the foundation of the residence, rewired both structures, installed new water lines, and new septic systems, to both buildings, reroofed both structures over the period of the last 20 years at Plaintiff's full expense for labor, equipment, materials, monies and time. Plaintiff requests Judicial Notice of Exhibit 1, Power of Attorney.

3.5 Peter Freeze became sick and required Plaintiff to be his primary caretaker and remained on the property until Peter Freeze's death, on November 13, 2021.

3.6 Within 2 days after Peter Freeze's death, Defendant, ELIZABETH E. GALLAGHER, Peter Freeze's sister, now, Trustee of Trust, hereinafter, GALLAGHER, and Defendant, JOSE T. ACUNA, hereinafter ACUNA, conspired to forcible attempt to vacate and remove Plaintiff from the property by breaking, entering, stealing documents, property, and then changing the

Submitted by Eric Freeze,
The living, flesh, and blood individual
Pro Per

1   entry locks to Plaintiff's home, while he was working, without his foreknowledge,

2   permission or compensation to Plaintiff for any improvements upon the property. The oral

3   contracts Plaintiff had with the Power of Attorney, Peter Freeze, were not acknowledged and

4   were denied as well as any remuneration, repayment, or compensation for 20 years of work.

5   3.7 Two days after Peter Freeze's death, GALLAGHER and ACUNA, conspired to forcefully

6   eject Plaintiff from his home as ACUNA, a renter of the sawmill on the property, had agreed

7   to buy all the property as soon as Plaintiff was removed from the property. ACUNA

8   submitted an affidavit to the Skagit County Superior Court admitting that he broke into

9   Plaintiff's home, while working in concert with GALLAGHER and at her direction violated

10   Plaintiff's 4th Amendment right. ACUNA, at GALLAGHER'S instruction, broke into

11   Plaintiff's home, stole a rifle, file folders containing papers of purchase evidence, and Peter

12   Freeze's phone, then ACUNA removed the locks on the doors and replaced them with new

13   locks and new keys locking Plaintiff out of his home, and claimed he sent new keys to

14   GALLAGHER via U. S. Mail. Plaintiff requests Judicial Notice of Exhibit 2, ACUNA

15   affidavit.

16   3.8 GALLAGHER worked in concert with private individual ACUNA, and the Skagit County

17   Sheriff, DONALD L. MCDERMOTT, hereinafter, MCDERMOTT, **who** knowingly,

18   intentionally, and recklessly, aided, and abetted, GALLAGHER and ACUNA to work a

19   scheme to unlawfully commit a pattern and practice of unlawful activity and cause Plaintiff

20   to be robbed, made homeless, destitute, and without solace in a time of grievance and with

21   willful intent to deprive and deny Plaintiff that he is worthy of his hire and of his promised

22   inheritance.

23

24   Plaintiff claims he should be properly recompensed for his labor, expenses, and efforts, due

25   to him for 20 years of toil. GALLAGHER fabricated a scheme of a false story that the "Trust

     had died and was in Probate" so the Plaintiff had to be removed from the Property. The

Submitted by Eric Freeze,
The living, flesh, and blood individual
Pro Per

conspiring Defendants and MCDERMOTT, refused to file a complaint exposing the

embellished scheme conceived by GALLAGHER as she enjoined ACUNA and

MCDERMOTT to inflict unlawful damage to Plaintiff.

The "scheme" devised by GALLAGHER is debunked by law on its face as "a trust can

remain up and running for 21 years after the death of the last Beneficiary, but some trusts end

soon after the last beneficiary's death. We know that was not the case as even though Peter

Freeze died, GALLAGHER was a surviving beneficiary of the Trust, and ANN G. FREEZE

and RONALD L. FREEZE also of the Trust still lives. Peter Freeze, the Plaintiff's father,

died not the "Trust". If the estate of Peter Freeze was in Probate, Eric Freeze was the only

heir of Peter Freeze and GALLAGHER would not have been the Executor of his estate. Peter

Freeze's estate was not and still to this day has not been in probate.

MCDERMOTT not only bought into GALLAGHER's scheme but was duped into being an

accomplice in the crime of violating Plaintiff's 4th Amendment right that protects people

from unreasonable searches and seizures and Fourteenth Amendment Due Process, *Goldberg*

*v. Kelly*, *Mathews v. Eldridge (1976).* When Plaintiff attempted to file a complaint against

GALLAGHER and ACUNA, MCDERMOTT refused to file the complaint or start an

investigation. MCDERMOTT was eventually the officer in charge of evicting Plaintiff from

his home.


Plaintiff was the only heir of Peter Freeze and there was NO probate in Skagit county or any

county nationwide on behalf of Peter Freeze. Defendants have unlawfully joined together

with MCDERMOTT under color of law, to violate Plaintiff's civil rights and deny him of

agreed invoices for work, materials, and equipment used to complete Plaintiff's agreed duties

in the contract with the POA, Peter Freeze.

3.9 Before December 4, 2022, Plaintiff immediately sent Defendant Gallagher and Defendant TRUST an invoice for the unpaid monies owed to Plaintiff for equipment, materials, expenses, labor, monies, and time that Plaintiff invested in the Property. The verbal agreement Power of Attorney had with Plaintiff was uncontested for 19 years.

3.10    Plaintiff sent three affidavit invoices requesting payment and a fourth affidavit of Notice of Default as Defendants did not answer or respond to Plaintiff's request for payment in an attempt to defraud Plaintiff by Frauds and Swindles. Plaintiff requests Judicial Notice of Exhibit 3, Plaintiff's affidavits.

3.11    NOTICE OF PENDENCY, the Lis Pendens 202112130090 and UCC-1 liens filed with the Skagit County Auditor are continued in lieu of payment and or the outcome of this case. Plaintiff requests Judicial Notice of Exhibit 4, Plaintiff's Notice of Pendency.

3.12    NOTICE OF PENDENCY, Plaintiff adds MASSINGALES personal property listed in Exhibit 5 as encumbered pending the Jury decision of this case.

3.13    Defendants have agreed by tacit assent, consensual agreement, tacit consent, acquiescence, and silence that they have violated Plaintiff's constitutional rights and federal laws and owe Plaintiff the invoiced amount for 20 years of toil and expense.

3.14    Defendants have violated the Oral Contract that Plaintiff had with the Trust. The Trust did not oppose or object to the benefits of the Oral Contract for two decades therefore it is not in dispute today. Trust did not object or dispute the invoice submitted after 33 days of administrative notice. The Oral Contract and Invoice for work, tasks, and materials were accepted by tacit assent.

3.15    GALLAGHER worked in concert in a second scheme to hide the assets of the Trust through a sale of the Property to MASSENGALES.

3.16    On or about August 1, 2023 GALLAGHER allowed the MASSENGALES to enter Plaintiff's property and steal personal items and damage personal Property.

Submitted by Eric Freeze,
The living, flesh, and blood individual
Pro Per

3.17    Plaintiff immediately notified  MASSENGALES by U. S. Mail, certified return receipt

that they were trespassing and stealing Plaintiff's property and to Cease and Desist.

70220410000082333045, a second notice was sent about 2 weeks later and the

MASSENGALES failed to respond.

3.18    On or about August 25, 2023, GALLAGHER 'quit claimed' the Property to

MASSENGALES in an attempt to hide the assets of the Trust before this court was allowed

to settle the dispute.

3.19    All Defendants knew this Federal Suit (2 : 23-CV-01135-RSM) had been filed and

complementary copies sent on or about July 31, 2023.

## IV. NATURE OF ACTION

4.1 This is an action under 18 U.S. Code § 1341 - Frauds and swindles where GALLAGHER
knowingly, intentionally, and recklessly planned a scheme to work across state lines with two or
more people to defraud Plaintiff of his inheritance, and 20 years of labor and expenses.


4.2 This is an action under 18 U.S.C. § 1961 and 18 U.S.C. § 1962 RICO. Where there were:

    a.   At Least Two Predicate Acts:

    Two predicate acts are alleged:


    The promotion of a false scheme suggesting that the Trust was in Probate,

    requiring the Plaintiff to leave the property. This scheme was reportedly endorsed

    by MCDERMOTT, the Skagit County Sheriff.

    Defendant Gallagher and Acuna purportedly conspired across state boundaries to

    forcefully evict Plaintiff, involving acts of breaking and entering, theft, and

    changing of property locks.

    b.   Relatedness of Predicate Acts:

Freeze COMPLAINT
FRAUD, RICO, EMOTIONAL DISTRESS

Page 7 of 15

Eric S. Freeze, Plaintiff, pro per
P. O. Box 12
Concrete, WA [98237]

Submitted by Eric Freeze,
The living, flesh, and blood individual
Pro Per

The acts are connected in their objective to wrongly evict the Plaintiff and facilitate the sale of the property. The Sheriff's refusal to file the Plaintiff's complaint and the misinformation about the Trust's right and the ongoing probate further intertwine these acts. Additionally, the attempted sale of the property to Acuna, which was prevented by the Lis Pendens, showcases the relatedness of these actions.

    c.  **Threat** of Continued Criminal Activity:

The continuous aggressive actions by the Defendants, including having the Plaintiff trespassed, initiating a lawsuit for possession, involving the Sheriff to have the Plaintiff arrested, and repeatedly listing the property for sale post the alleged illegal eviction, suggest a potential for ongoing illicit activity.

4.3 Plaintiff brings claims for damages for pecuniary damages, general damages, negligence, and the intentional infliction of emotional distress, violating 15 USC § 6602(5)(B).

## V.   CAUSE OF ACTION

### FIRST CAUSE OF ACTION

Plaintiff claims violations of Common Law **Fraud and swindles**

5.1    Plaintiff re-alleges Paragraphs 1.1 through 4.3 and incorporates them as if set forth fully herein.

5.2 Based on the provided facts of the Affidavits in Exhibit 3, the nine elements of common law fraud with respect to the Plaintiff's actions are:

(1) Representation of fact: The Plaintiff has made several representations of fact, such as the work he performed on the five buildings over the span of 20 years.

(2) Its falsity: This would depend on whether the representations made by the Plaintiff about the work done are true or false. From the provided information, there is no indication that the Plaintiff's claims about the work performed are false.

Freeze COMPLAINT
FRAUD, RICO, EMOTIONAL DISTRESS
      Page 8 of 15
Eric S. Freeze, Plaintiff, pro per
P. O. Box 12
Concrete, WA [98237]

Submitted by Eric Freeze,
The living, flesh, and blood individual
Pro Per

(3) The representations are material because they pertain to significant improvements and maintenance performed on the properties.

(4) The representer's knowledge of its falsity or ignorance of its truth: Again, there's no indication that the Plaintiff made false representations knowingly or ignorantly.

(5) The representer's intent that it should be acted upon by the person in the manner reasonably contemplated: The Plaintiff intended for the owner to act on the invoices by compensating him for the work done.

(6) The injured party's ignorance of its falsity: Assuming the owner is the injured party in this scenario, the facts don't provide details on the owner's knowledge or ignorance of the representations' falsity.

(7) The injured party's reliance on its truth: There's no specific detail provided on whether the owner relied on the truth of the Plaintiff's representations.

(8) The injured party's right to rely thereon: The owner would have a right to rely on the representations if they believed them to be true, especially if they are in the context of a business transaction.

(9) The injured party's consequent and proximate injury: The owner's potential injury could be the UCC-1 filing and lis pendens, affecting their rights or interests in the property, particularly if they believe these actions are unwarranted.

The Trust through its long-time Power Of Attorney, had first-hand knowledge of the Trust's directed requests and completion of said tasks by the Plaintiff. Second the affidavits were not objected to, denied, or questioned. After completing the 33-day administrative process, the Trust and GALLAGHER agreed by tacit assent, tacit consent, acquiescence, and silence that the invoices sent were accurate and the truth. The Supreme Court agrees an uncontested affidavit stands as truth and fact, prime facie evidence before all courts.

***Data Disc 2 Inc v Systems Tech Assoc Inc.*, 557 F2d 1260 (9th Cir. 1977)**

Submitted by Eric Freeze,
The living, flesh, and blood individual
Pro Per

*"An unrebutted affidavit stands as truth in law. Court of Appeals may not assume the truth of allegations in a pleading which are contradicted by affidavit ...The need for asserting all matters under solemn oath of personal and legal liability for the validity of each and every statement, the participant must provide material evidence substantiating that each and every fact or entry is true, valid, relevant, and verifiable. Without said acceptance of liability and facts provided to support one's assertions, no credibility is established."*

***Bey v. Stumpf**, no. 11-5684 (RBK) Dist. Court N.J (2011)*
*"In Commerce Truth is Sovereign.*
*Truth is Expressed in the Form of an Affidavit.*
*An Unrebutted Affidavit Stands as Truth in Commerce.*
*An Unrebutted Affidavit Becomes the Judgment in Commerce.*
*He Who Leaves the Battlefield First Loses by Default."*

***Taylor v. Portland Paramount Corp.**, 383 F.2d 634, 639 (9th Cir. 1967)*
"If only one side of the conflict was supported by affidavit, our task would be relatively easy, for we may not assume the truth of allegations in a pleading which are contradicted by affidavit."

***United States v. Kis**, 658 F.2d 526, 536 (7th Cir. 1981)*
"Indeed, no more than affidavits is necessary to make the prima facie case."

By refusing or neglecting to remunerate Plaintiff, Defendants GALLAGHER and ACUNA, conspired to forcefully evict Plaintiff from his home by trespassing, vandalizing, theft of papers, phone, gun, and keys that were returned to GALLAGHER by United States Mail, to make Plaintiff's property available to ACUNA to purchase, as ACUNA had agreed to buy the property as soon as Plaintiff was removed from the property, violating 18 U.S. Code § 1341, Frauds and swindles and created a Cause of Action.

## SECOND CAUSE OF ACTION

Plaintiff claims violations of **Racketeering Activity**

5.3    Plaintiff re-alleges Paragraphs 1.1 through 5.2 and incorporates them as if set forth fully herein. Defendants' willful intent to collude to work with two or more people across state lines to commit a pattern of racketeering activity violated 18 U.S.C. § 1961 and 18 U.S.C. § 1962 RICO and created a Cause of Action.

5.4    **Elements of RICO:**

Submitted by Eric Freeze,
The living, flesh, and blood individual
Pro Per

1.  The Defendants knew by the essential nature of the conspiracy that working across state lines to deny due process to the plaintiff and unlawfully evict him from his home of 35 years was unlawful acts;

2.  The defendant's purpose and objective in their combined manifested actions was to agree to participate in the conduct of the affairs of an enterprise or TRUST;

    a.  Defendant GALLAGHER conspired with Defendant ACUNA to forcefully remove Plaintiff from his home of 35 years,

    b.  Defendant GALLAGHER conspired with Skagit County Sheriff, DONALD L. MCDERMOTT, to allow ACUNA to break in, steal and vandalize Plaintiff's home and possessions so the Trust's probate procedures would not be delayed,

    c.  Defendant GALLAGHER's scheme was to forcefully remove Plaintiff so the Trust of which Defendant GALLAGHER is the Trustee could sell the property to ACUNA.

3.  The overt acts, in furtherance of the conspiracy include but are not limited to robbery, obstruction of justice, obstruction of criminal investigations section 1511, (relating to retaliating against a witness, victim, or an informant), section 1542.

" *Bonton v. Archer Chrysler Plymouth, Inc.*, 889 F. Supp. 995, 1005 (S.D. Tex. 1995) (citing *United States v. Sutherland*, 656 F.2d 1181, 1187 n. 4 (5th Cir. 1981)). A plaintiff must allege that defendants entered into an agreement to commit two or more predicate acts in furtherance of the RICO conspiracy. Tel-Phonic Servs., Inc.*, 975 F.2d at 1140 (citing Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 25 (2d Cir. 1990)) ("[B]ecause the core of a RICO civil conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy complaint, at the very least, must allege specifically such an agreement."). In addition, a plaintiff must show that defendants knew that the acts agreed upon were part of a pattern of*

Freeze COMPLAINT
FRAUD, RICO, EMOTIONAL DISTRESS

Page 11 of 15

Eric S. Freeze, Plaintiff, pro per
P. O. Box 12
Concrete, WA [98237]

Submitted by Eric Freeze,
The living, flesh, and blood individual
Pro Per

*racketeering activity. Id.* at 1140-41 (citing *Miranda v. Ponce Fed. Bank*, <u>948 F.2d 41, 47</u> (1st Cir. 1991)).

Third element: must allege the existence of an enterprise with "a purpose, relationships; The enterprise in question, as defined by RICO, is embodied by the ANN G. FREEZE REVOCABLE TRUST and the RONALD L. FREEZE REVOCABLE TRUST. Serving as the cornerstone of this enterprise is ELIZABETH E. GALLAGHER, the Trustee, who is alleged to have entered into a conspiratorial alliance with defendant JOSE T. ACUNA and Sheriff DONALD MCDERMOTT. Together, these individuals purportedly executed a deceptive scheme predicated on the false notion that the "Trust" was amidst probate proceedings. This erroneous claim not only misled stakeholders but also provided an illusory veil of legitimacy to the collective's unlawful actions, enabling them to advance their ulterior motives under the guise of legal procedures.

5.5    Despite the fact that the Defendants knew or should have known that Plaintiff's Due Process and civil rights were infringed by their actions, and the law protects renter's and squatter's rights that MCDERMOTT should have enforced instead of the bogus "Probate Scheme" presented by GALLAGHER that damaged the Plaintiff. Defendants' unlawful actions left Plaintiff homeless.

**THIRD CAUSE OF ACTION**

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

5.6    Plaintiff re-alleges Paragraphs 1.1 through 5.5 and incorporates them as if set forth fully herein.

5.7    As a direct and proximate result of Defendants' actions, Plaintiff has and continues to suffer substantial damages and economic loss violating 15 USC § 6602(5)(B) intentional infliction of emotional distress.

Freeze COMPLAINT
FRAUD, RICO, EMOTIONAL DISTRESS

Page 12 of 15

Eric S. Freeze, Plaintiff, pro per
P. O. Box 12
Concrete, WA [98237]

Submitted by Eric Freeze,
The living, flesh, and blood individual
Pro Per

1    5.8    Defendants' conduct and intentional neglect after being informed of suspected

2    crimes, fraud violations, racketeering actions, and the direct impact their actions had on Plaintiff

3    was a substantial factor in causing Plaintiff's severe emotional distress.

4    5.9    Defendants' conduct was malicious, oppressive, and willful warranting punitive

5    damages by violating 15 USC § 6602(5)(B) intentional infliction of emotional distress.

6    (1) that the conduct of the defendant was extreme and outrageous; Extreme and

7    Outrageous Conduct:

8    The Defendants' actions, including breaking into the Plaintiff's home shortly after the

9    passing of the Plaintiff's father, stealing crucial documents of ownership, personal

10   belongings, and changing locks, exemplify extreme and outrageous conduct. Further,

11   the Defendants' attempt to force the Plaintiff out of a home of 35 years, and the

12   subsequent lawsuit which left the Plaintiff homeless since December 2022, only add to

13   this extreme behavior.

14

15   (2) that the emotional distress suffered by the Plaintiff was severe; Severe Emotional

16   Distress:

17   The direct actions of the Defendants led to the Plaintiff being rendered homeless,

18   destitute, sleeping in his car, being unable to access personal possessions, and losing

19   the primary means of livelihood. This severe disruption in life, compounded by the

20   emotional turmoil of the recent loss of a parent, undeniably caused Plaintiff severe

21   emotional distress. This anguish was so pronounced that the Plaintiff sought solace in

22   prayers and support from friends and his pastor.

23   (3) that the Defendants desired to inflict severe emotional distress or knew that severe

24   emotional distress would be certain or substantially certain to result from his conduct;

25   Intent or Knowledge of Certainty of Causing Distress:

Submitted by Eric Freeze,
The living, flesh, and blood individual
Pro Per

The deliberate nature of the Defendants' actions — from the theft of ownership papers and personal items to the calculated legal maneuvers, and the imposition of a trespass order — suggests that they either desired to inflict severe emotional distress on the Plaintiff or knew that such distress was substantially certain to result from their conduct.

## VI.    REQUEST FOR RELIEF

**DEMAND FOR TRIAL BY JURY, Plaintiff demands a trial by jury as to all issues.**

Wherefore, Plaintiff respectfully requests the following relief:

6.1 Plaintiff re-alleges Paragraphs 1.1 through 5.9 and incorporates them as if set forth fully herein.

6.2    That the Court adjudge and decree that the Defendants ELIZABETH E. GALLAGHER, JOSE T. ACUNA, ANN G. FREEZE REVOCABLE TRUST and the RONALD L. FREEZE REVOCABLE TRUST have engaged in the conduct complained of herein.

6.3    Award the Plaintiff Damages for non-payment of his invoices submitted and accepted of Plaintiff's full expense for labor, equipment, materials, monies, interest, and time and or quiet title of the Property to Plaintiff.

6.4    Award the Plaintiff Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation in an amount to be proved at trial as would be ascertained by the jury.

6.5    That an order be issued under the Seal of this Court finding and declaring that Trust agree that Plaintiff is to remain in the home with full use of the properties until Defendant pays the awards of the jury or that within 90 days, the Trust quiet titles the encumbered property entirely to Plaintiff.

6.6    That in addition to the relief requested above, the Plaintiff be awarded court fees and reimbursed for costs in this case including reasonable attorney fees.

Submitted by Eric Freeze,
The living, flesh, and blood individual
Pro Per

6.7     Such other relief, including additional civil or criminal penalties, as this Court deems just to fully and adequately dissipate the effects of the conduct complained of herein, or which may otherwise seem proper to this Court.

6.8 That this court refer this matter to an appropriate law enforcement agency for a criminal investigation of what has been reported in this complaint and the attached affidavits, and for other crimes as the court finds appropriate.

6.9 Pursuant to 18 U.S. Code § 4 - Misprision of felony, Plaintiff has duly notified this Court of the aforementioned felonies. As required by law, Plaintiff's obligation to inform Judge Ricardo S. Martinez of felonies is hereby fulfilled.

*Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years…*

### Affidavit:

Sworn Statement patterned per 28 U.S.C. 1746 (1):

*"I declare under pain and penalty of perjury under the laws of the (organic) United States of America as an affiant, witness, and a victim that the foregoing is true and correct to the best of my knowledge.*

Respectfully Submitted,

Dated this ___ day of October, 2023.

Eric Freeze, Plaintiff in pro per
P. O. Box 12
Concrete, WA [98237]
360 202 6178