UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC STEPHEN FREEZE, | CASE NO. C23-1135JLR |
| Plaintiff, | ORDER |
| v. | |
| ELIZABETH E. GALLAGHER, et al., | |
| Defendants. | |

Before the court is *pro se* Plaintiff Eric Stephen Freeze's motion to disqualify opposing counsel Paul W. Taylor. (Mot. (Dkt. # 19).) The court DENIES Mr. Freeze's motion.

"In determining whether an attorney's representation of a particular client violates the attorney's ethical responsibilities, the [c]ourt first refers to the local rules regulating the conduct of members of its bar." *United States ex rel. Lord Elec. Co., Inc. v. Titan Pac. Constr. Corp.*, 637 F. Supp. 1556, 1560 (W.D. Wash. 1986); *In re Cnty. of L.A.*, 223

ORDER - 1

1  F.3d 990, 995 (9th Cir. 2000) (stating that motions to disqualify counsel are decided

2  under state law).  Attorneys practicing in the Western District of Washington must abide

3  by the "Washington Rules of Professional Conduct, as promulgated, amended, and

4  interpreted by the Washington State Supreme Court . . . and the decisions of any court

5  applicable thereto."  Local Rules W.D. Wash. LCR 83.3(a).  In Washington,

6  "[d]isqualification of counsel is a drastic remedy that exacts a harsh penalty from the

7  parties as well as punishing counsel; therefore, it should be imposed only when

8  absolutely necessary."  *Matter of Firestorm 1991*, 916 P.2d 411, 416 (Wash. 1996); *see*

9  *also Aecon Bldgs., Inc. v. Zurich N. Am.*, No. C07-0832MJP, 2008 WL 2940599, at *2

10  (W.D. Wash. July 24, 2008) ("Washington courts are reluctant to disqualify an attorney

11  absent compelling circumstances." (citing *Pub. Util. Dist. No. 1 of Klickitat Co. v. Int'l*

12  *Ins. Co.*, 881 P.2d 1020 (Wash. 1994))).

13        Mr. Freeze asks the court to disqualify Mr. Taylor from representing Defendants

14  Elizabeth Gallagher, Ann G. Freeze Revocable Trust, Ronald L. Freeze Revocable Trust,

15  James Massingale, and Angela Massingale (together, "Defendants") under Washington

16  Rule of Professional Conduct ("RPC") 3.7(a)(1)-(3), which provides:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
>     (1) the testimony relates to an uncontested issue;
>
>     (2) the testimony relates to the nature and value of legal services rendered in the case; [or]
>
>     (3) disqualification of the lawyer would work substantial hardship on the client[.]

ORDER - 2

(Mot. at 1-2); Wash. R. Pro. Conduct 3.7(a)(1)-(3).  Mr. Freeze asserts that Mr. Taylor's "involvement with all the defendants in this case for the past three years has made him a necessary witness due to his intimate knowledge of key facts, events, and circumstances that are central to the issues in dispute." (*Id.* at 2.)  He argues that Mr. Taylor's potential testimony does not fall into any of the above three exceptions and, as a result, allowing Mr. Taylor to serve as an advocate in this case while also being a necessary witness will "create conflicts of interest, compromise the integrity of the proceedings, and risk the appearance of impropriety." (*Id.*)

The court finds nothing in the record that suggests that Mr. Taylor's representation of Defendants violates his ethical responsibilities.  Mr. Freeze's claims in this case and in an earlier-filed case in this court stem from his eviction from a property in Skagit County. (*See generally* Am. Compl. (Dkt. # 5); Am. Compl., *Freeze v. McDermott*, No. C22-1844JLR (W.D. Wash. Mar. 29, 2023), Dkt. # 3.)  Having served as Defendants' attorney in both actions, Mr. Taylor undoubtedly has deep knowledge about this case. Mr. Freeze has not, however, identified any facts that would justify a finding that Mr. Taylor is likely to be a necessary witness if this action goes to trial.  Because Mr. Freeze has failed to establish "compelling circumstances" warranting disqualification, *Aecon*

//

//

//

//

//

1  *Bldgs., Inc.*, 2008 WL 2940599, at *2, the court DENIES Mr. Freeze's motion to

2  disqualify opposing counsel (Dkt. # 19).

3        Dated this 20th day of February, 2024.

                                          JAMES L. ROBART
                                          United States District Judge