1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERIC STEPHEN FREEZE,

                        Plaintiff,

           v.

ELIZABETH E. GALLAGHER, et
al.,

                        Defendants.

CASE NO. C23-1135JLR

ORDER DECLINING TO
VOLUNTARILY RECUSE

## I.     INTRODUCTION

Before the court is *pro se* Plaintiff Eric Stephen Freeze's motion for recusal.

(Mot. (Dkt. # 24).)  The undersigned has considered the motion and declines to recuse

himself voluntarily from this case for the reasons set forth below.  Accordingly, the court

directs the Clerk to refer the motion to Chief Judge David G. Estudillo for further review.

//

//

ORDER - 1

## II.   BACKGROUND

Mr. Freeze filed his original complaint in this matter on July 31, 2023.  (*See* Compl. (Dkt. # 1).)  He amended his complaint on October 26, 2023.  (*See* Am. Compl. (Dkt. # 5).)  Mr. Freeze asserts federal and state-law claims arising from his eviction from a property in Skagit County, Washington, against Defendants Elizabeth E. Gallagher, Jose T. Acuna, the Ann G. Freeze Revocable Trust, the Ronald L. Freeze Revocable Trust, James Massingale, and Angela Massingale (together, "Defendants").  (*See generally id*.)  The matter was originally assigned to The Honorable Ricardo S. Martinez. (*See* Letter (Dkt. # 4).)

On February 13, 2024, the matter was reassigned to the undersigned as related to *Freeze v. McDermott*, No. C22-1844JLR (W.D. Wash.) (hereinafter, "*McDermott*"). (2/13/24 Order (Dkt # 22).)  In that case, Mr. Freeze also asserted claims arising from his eviction against a different but overlapping set of defendants.  (*See generally McDermott* Am. Compl. (*McDermott*, Dkt. # 3).)  In addition to Ms. Gallagher, Mr. Acuna, and the two trusts, Mr. Freeze also brought claims against certain Skagit County officials (the "Skagit County Defendants").  (*See generally id.*)  Relevant to the instant motion, the undersigned denied Mr. Freeze's multiple motions to disqualify the Skagit County Defendants' counsel.  (*See* 4/24/23 Mot. (*McDermott*, Dkt. # 13); 4/26/23 Mot. (*McDermott*, Dkt. # 16); 7/17/23 Mot. (*McDermott*, Dkt. # 56); 4/27/23 Order (*McDermott*, Dkt. # 17) (denying Mr. Freeze's two April 2023 motions to disqualify); 7/18/23 Order (*McDermott*, Dkt. # 60).)  On May 23, 2023, the undersigned dismissed Mr. Freeze's claims against all of the *McDermott* defendants except Mr. Acuna because

those claims were precluded by the Skagit County Superior Court's ruling that Mr.

Freeze had no legal or equitable right to the property in Skagit County and because Mr.

Freeze effectively abandoned his claims by failing to respond substantively to the Skagit

County Defendants' motion to dismiss.  (5/23/23 Order (*McDermott*, Dkt. # 27).)  On

July 13, 2023, the court ordered Mr. Freeze to show cause why it should not dismiss his

remaining claim against Mr. Acuna for failure to state a claim.  (7/13/23 Order

(*McDermott*, Dkt. # 53).)  Mr. Freeze, however, did not respond substantively to the

order to show cause.  As a result, the court dismissed Mr. Freeze's complaint with

prejudice and without leave to amend on July 28, 2023—just three days before Mr.

Freeze filed the instant action.  (*See* 7/28/23 Order (*McDermott*, Dkt. # 64).)  Mr. Freeze

did not appeal any of the court's orders.  (*See generally McDermott* Dkt.)

On February 20, 2024, the court denied Mr. Freeze's motion to disqualify

opposing counsel in this case.  (2/20/24 Order (Dkt. # 23).)  The instant motion for

recusal followed.  (Mot.)

### III.    ANALYSIS

Mr. Freeze moves for the recusal of the undersigned pursuant to 28 U.S.C.

§ 455(a).  (Mot. at 1).  He "asserts that there is a conflict of interest and potential bias in

[the undersigned] hearing this case, as [the undersigned is] anticipated to be called as a

witness to testify regarding certain alleged crimes committed within [the undersigned's]

courtroom."  (*Id.*)  Mr. Freeze contends that the undersigned "has a personal bias or

prejudice" because the undersigned (1) presided over *McDermott*, a case in which the

Skagit County Defendants' attorney "committed a crime," and (2) "prematurely

1    dismisse[d]" the case without giving Mr. Freeze leave to amend.  (*Id.* at 3.)  He asserts

2    that he will subpoena the undersigned "as a witness in a proceeding of crime upon this

3    court wherein the defendants are the same Defendants that want him to rule in their favor

4    for a motion to dismiss."  (*Id.* at 4.)

5          Under this District's Local Civil Rules, "[w]henever a motion to recuse directed at

6    a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the

7    challenged judge will review the motion papers and decide whether to recuse

8    voluntarily."  Local Rules W.D. Wash. LCR 3(f).  "If the challenged judge decides not to

9    voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or

10   the chief judge's designee."  *Id.*  "The substantive standard for recusal under 28 U.S.C.

11   § 144 and 28 U.S.C. § 455 is the same:  Whether a reasonable person with knowledge of

12   all the facts would conclude that the judge's impartiality might reasonably be

13   questioned."  *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (quoting

14   *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (per curiam)).

15         Here, Mr. Freeze does not identify any facts that would lead a reasonable person to

16   conclude that the undersigned's impartiality might be in question.  To the contrary, he

17   asserts only that the undersigned denied his motions in a previous action and ultimately

18   dismissed his claims.  (*See generally* Mot.)  Any alleged bias or impartiality justifying

19   recusal must arise, however, from "an extrajudicial source and not from conduct or

20   rulings made during the course of the proceeding."  *United States v. $292,888.04 in U.S.*

21   *Currency*, 54 F.3d 564, 566 (9th Cir. 1995) (quoting *Pau v. Yosemite Park & Curry Co.*,

22   928 F.2d 880, 885 (9th Cir. 1991)); *see also Taylor v. Regents of Univ. of Calif.*, 993 F.2d

1   710, 712-13 (9th Cir. 1993) (holding that adverse rulings alone are insufficient to

2   demonstrate bias and to compel recusal).  Furthermore, the undersigned harbors no

3   personal bias against Mr. Freeze or in favor of Defendants or their attorneys.  Therefore,

4   the undersigned declines to recuse voluntarily from this case.

5   **IV.   CONCLUSION**

6       For the foregoing reasons, the undersigned declines to recuse voluntarily from this

7   case.  Therefore, the court DIRECTS the Clerk to refer Mr. Freeze's motion (Dkt. # 24)

8   to Chief Judge David G. Estudillo for further review pursuant to Local Civil Rule 3(f).

9       Dated this 21st day of February, 2024.

10

11

12   JAMES L. ROBART
    United States District Judge

13

14

15

16

17

18

19

20

21

22

ORDER - 5