1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

| | |
|---|---|
| ERIC STEPHEN FREEZE, | CASE NO. C23-1135JLR |
| Plaintiff, | ORDER |
| v. | |
| ELIZABETH E. GALLAGHER, et al., | |
| Defendants. | |

15

16

17

18

19

20

21

22

Before the court is Plaintiff Eric Stephen Freeze's motion to strike (1) the notice of appearance filed by Paul W. Taylor, counsel for Defendants Elizabeth E. Gallagher, Ann G. Freeze Revocable Trust, Ronald L. Freeze Revocable Trust, James Massingale, and Angela Massingale (together, "Defendants") and (2) Defendants' answer to Mr. Freeze's amended complaint. (Mot. (Dkt. # 26); *see also* NOA (Dkt. # 8); Ans. (Dkt. # 9).) As he did in his earlier motion to disqualify (*see* Mot. to Disqualify (Dkt. # 19)), Mr. Freeze argues that the court must disqualify Mr. Taylor from representing Defendants because

ORDER - 1

1 │ Mr. Taylor "has been implicated in a capacity where he is likely to be a necessary

2 │ witness" in this matter (Mot. at 2).  Mr. Freeze further asserts that Mr. Taylor has

3 │ "default[ed] on the matter" by failing to respond to the motion to disqualify and that, as a

4 │ result, Mr. Taylor's notice of appearance and the answer Mr. Taylor filed on behalf of

5 │ Defendants "are invalid" and must be "stricken from the record."  (*Id.* at 2-3.)

6 │       On February 20, 2024, the court denied Mr. Freeze's motion to disqualify Mr.

7 │ Taylor because Mr. Freeze had not "identified any facts that would justify a finding that

8 │ Mr. Taylor is likely to be a necessary witness if this action goes to trial."  (2/20/24 Order

9 │ (Dkt. # 23) at 3-4.)  So too here.  Mr. Taylor's knowledge about the facts underlying this

10 │ case obtained during his representation of some of the Defendants in an earlier case does

11 │ not, without more, make him a necessary witness in this matter.  (*See id.*)  Thus, as it did

12 │ in its February 20, 2024 order, the court finds nothing in the record that would lead to the

13 │ conclusion that Mr. Taylor's representation of Defendants in this matter is unethical.

14 │ Accordingly, the court DENIES Mr. Freeze's motion to strike (Dkt. # 26).  Mr. Freeze is

15 │ warned that the filing of further unfounded motions to disqualify Mr. Taylor may result

16 │ in the imposition of sanctions.  *See* Local Rules W.D. Wash. LCR 11(c) (providing that

17 │ an attorney or party who presents unnecessary motions or otherwise multiplies or

18 │ obstructs the proceedings in a case may be subject to sanctions); Fed. R. Civ. P. 11; *see*

19 │ *Est. of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997) ("Federal Rule of

20 │ Civil Procedure 11 provides for the imposition of sanctions when a filing is frivolous,

21 │ legally unreasonable, or without factual foundation, or is brought for an improper

22 │ purpose.").

ORDER - 2

1    The court acknowledges, however, that Mr. Freeze is correct that Mr. Taylor did

2    not respond to Mr. Freeze's motion to disqualify and motion to strike—both of which

3    directly challenge Mr. Taylor's own participation in this matter.  (*See* Mot. at 2; *see*

4    *generally* Dkt.)  The court reminds Mr. Taylor that, under this District's Local Civil

5    Rules, if a party fails to file papers in opposition to a motion, the court may consider that

6    failure as an admission that the unopposed motion has merit.  *See* Local Rules W.D.

7    Wash. LCR 7(b)(2).  Thus, Mr. Taylor and Defendants are warned that they must respond

8    to any motion that they oppose in order to avoid the inference that they concede the

9    motion's merit.

10    Dated this 8th day of March, 2024.

11

12

13    JAMES L. ROBART
     United States District Judge

14

15

16

17

18

19

20

21

22

ORDER - 3