UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC STEPHEN FREEZE<br><br>Plaintiff,<br><br>V.<br><br>ELIZABETH E. GALLAGHER; JOSE T. ACUNA; ANN G. FREEZE REVOCABLE TRUST AND THE RONALD FREEZE REVOCABLE TRUST; JAMES MASSINGALE, AND ANGELA MASSINGALE<br><br>Defendants. | CASE NO. CR23-1135JLR<br><br>DEFENDANTS ANN G. FREEZE REVOCABLE TRUST, RONALD FREEZE REVOCABLE TRUST, ELIZABETH GALLAGHER, JAMES MASSINGALE, AND ANGELA MASSINGALE'S MOTION FOR SANCTIONS |

## I. INTRODUCTION

Plaintiff never had any legal title or interest in 47972 and 47996 Moen Road, Concrete, Washington ("the Property") This case is baseless, meritless, and was filed in bad faith for only one reason: to inflict economic and emotional damages upon the named Defendants and for no other reason. It is appropriate that significant sanctions be imposed on the



Law Office of Paul W. Taylor, Inc., P.S.
20388 Eric Street
Mount Vernon, WA 98274
Phone: (360) 416-6900
pwtlaw@frontier.com

Plaintiff for the reasons set forth herein and as outlined in the Declaration of Paul W. Taylor filed herewith.

**DEFENDANTS' MOTION FOR FED. R. Civ. P. 11 SANCTIONS**

In addition to filing a frivolous complaint (Motion to Dismiss Plaintiff's Complaint has been filed separately on this date), Plaintiff has continued to file baseless and meritless motions that have wasted both Defendants' counsel's time and effort, but needlessly and callously inflicted emotional harm on the Defendants, who have had to live with this lawsuit hanging over their heads. The only purpose of this lawsuit was to harass the Defendants herein and Defendants' counsel and cost them money and stress.

**LEGAL AUTHORITY FOR FED. R. Civ. P. 11 SANCTIONS**

Federal Rule of Civil Procedure 11 (FED. R. Civ. P. 11) provides as follows:

(b) REPRESENTATION TO THE COURT. "By presenting to the court a pleading, written motion, or other paper verbatim just do it for either by signing, filing, submitting, or later advocating it an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) The claims, defenses and other legal contentions are warranted by existing law or by a non frivolous argument for extending, modifying, or reversing extent existing law or for establishing new law;
(3) The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) The denials and factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

C. SANCTIONS.

(1) In General. If, after notice and a reasonable opportunity to respond, the court determines that rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly liable for a violation committed by its partner, associate, or employee.



Law Office of Paul W. Taylor, Inc., P.S.
20388 Eric Street
Mount Vernon, WA 98274
Phone: (360) 416-6900
pwtlaw@frontier.com

## IV. FACTUAL BASIS

See the Declaration of Paul W Taylor filed herein in support of Defendants' Motion to Dismiss, incorporated herein by this reference.

## V. ARGUMENT

The Plaintiff has violated every sub-paragraph FRCP 11 (b) in that he represented to the Court improper evidence and arguments to wit: (1) his pleadings have been presented for improper purposes to harass, have caused unnecessary delay, and have needlessly increased the cost of litigation; (2) his claims are not warranted by existing law; (3) his factual contentions have no evidentiary support; and (4) his denials of factual contentions are not based on belief or lack of information. Therefore, it is appropriate that sanctions be imposed.

Plaintiff Freeze has claimed in three separate lawsuits that he owns the Property, to wit: Skagit County Superior Court, and two Federal cases in the Western District Court of Washington State. In all three cases he has not submitted one shred of admissible evidence to support his claims. He has not submitted one scintilla of legal authority that supports his claims. There remains only one reason for his continued attempts to subvert justice. That is to exact revenge on the Defendants. There can be no other case so deserving of significant sanctions and restrictions to be imposed on the Plaintiff than in this case. The only remaining dilemma is that those who have assisted the Plaintiff in pursuing the baseless lawsuits get away without any consequence.

## VI. CONCLUSION



Law Office of Paul W. Taylor, Inc., P.S.
20388 Eric Street
Mount Vernon, WA 98274
Phone: (360) 416-6900
pwtlaw@frontier.com

For the reasons set forth herein and supported by the Declaration of Paul W. Taylor and the records and pleadings filed in the case the Plaintiff's case should be dismissed and in the Court's discretion imposition of significant sanctions and restrictions against the Plaintiff.

Respectfully submitted,

Paul W. Taylor, WSBA No. 13945
Attorney for Defendants



Law Office of Paul W. Taylor, Inc., P.S.
20388 Eric Street
Mount Vernon, WA 98274
Phone: (360) 416-6900
pwtlaw@frontier.com