```
_____ FILED        _____ ENTERED
_____ LODGED       _____ RECEIVED

         MAR 20 2024    MG

              AT SEATTLE
         CLERK U.S. DISTRICT COURT
      WESTERN DISTRICT OF WASHINGTON
BY                            DEPUTY
```

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

Eric S. Freeze,

    Plaintiff,

vs.

ELIZABETH E. GALLAGHER, JOSE T. ACUNA, ANN G. FREEZE REVOCABLE TRUST, and the RONALD L. FREEZE REVOCABLE TRUST, JAMES MASSINGALE AND ANGELA MASSINGALE,

    Defendants

Case No. 2 : 23-CV-01135-RSM

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTIONS TO SANCTION**

## PLAINTIFF'S OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS AND MOTIONS TO SANCTION

I, Eric S. Freeze, Plaintiff, Pro per, am writing in response to Defendant's Answer to Motion to Strike Notice of Appearance and Answer to Complaint

**Motion to Dismiss**

Defendants have moved to dismiss the case [include brief summary of the grounds for dismissal, if any, provided by Defendants]. However, the Plaintiff asserts that the claims brought forth in this case are valid and supported by applicable law. The arguments presented in the Defendants' motion fail to establish sufficient grounds for dismissal or dismissal without opportunity to amend. Plaintiff requests Judicial Notice of; PLATSKY V. C.I.A-953 F.2d 26, 28 (2d Cir. 1991), Haines v. Kerner, 404 U.S. at 521, 92 S.Ct. at 595, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). United States Court of Appeals, Ninth Circuit. Submitted Nov. 17, 1993.* However, Alexander's pro se complaint failed to articulate clearly that the defendants' allegedly slanderous remarks could threaten a protected liberty interest in his parole release. Nevertheless, Alexander's pro se action contains an arguable basis in law, and therefore he should have been

given leave to amend his complaint. Thus, the district court erred by dismissing the case under Sec. 1915(d). See Neitzke, 490 U.S. 324; Haines, 404 U.S. at 520; Noll, 809 F.2d at 1446. The order is therefore reversed, and the matter remanded to the district court to give Alexander an opportunity to amend his complaint so that he may firmly address whether

As a pro se litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. Plaintiff requests that the court deny Defendants' Motion to Dismiss.

**Additional Points Raised by Plaintiff**

Defendants have failed to address the Order to show cause in their voluminous rabbit trails, none of which explains to the Court why Defendant's defied the court order for the FCRP 26(f) meeting and why Defendants defaulted in answering the Plaintiff's Motion to Strike Defendants's Counsel's Notice of Appearance and Answer to Complaint. Instead, Defendants' counsel has chosen the Chewbacca Defense, using a mirage of "red herrings" to lead the court away from the matter at hand. This includes sanctions for the Pro per Plaintiff, as if the plaintiff erred in defying court orders, suddenly claiming the suit is frivolous when Defendants have agreed by tacit assent that any suit brought by Plaintiff in any jurisdiction would not be opposed, and agreed by tacit assent that they have harmed the Plaintiff and have already agreed to a settlement amount. Additionally, Defendants have agreed that their consent supersedes any civil or statute law for filing or leaning. Plaintiff Requests Judicial Notice of the Exhibit Affidavits received by Defendants via certified mail with over 33 days to respond and defaulted once again. Defendants have clearly shown a long history of a pattern and practice of default, delinquency, and disregard for lawful procedure. Plaintiff also Requests Judicial Notice of the following case laws:

Data Disc 2 Inc v Systems Tech Assoc Inc., 557 F2d 1260 (9th Cir. 1977) "An unrebutted affidavit stands as truth in law."

1  Bey v. Stumpf, no. 11-5684 (RBK) Dist. Court N.J (2011) An Unrebutted Affidavit Stands as
2  Truth in Commerce.
3  Taylor v. Portland Paramount Corp., 383 F.2d 634, 639 (9th Cir. 1967) "If only one side of the
4  conflict was supported by affidavit, our task would be relatively easy, for we may not assume the
5  truth of allegations in a pleading which are contradicted by affidavit."
6  United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981) "Non Rebutted Affidavits are 'Prima
7  Facie Evidence in the Case,' United States vs. Kis, 658 F.2d, 526, 536-337 (7th Cir. 1981);"
8  In light of the foregoing, the plaintiff respectfully requests that the court hold Defendants'
9  attorney accountable for their actions. The deliberate failure to comply with court orders and
10 procedural rules cannot go unchecked. Therefore, the plaintiff urges the court to deny
11 Defendants' Counsel's MOTION TO DISMISS AND MOTIONS TO SANCTION.
12
13 **Motions to Sanction**
14 Additionally, Defendants have filed motions seeking sanctions against the Plaintiff. Plaintiff
15 contends that these motions lack merit and are an attempt to deter and harass the Plaintiff in the
16 pursuit of his legal rights. The allegations made in Defendants' motions are baseless and
17 unsupported by evidence. Plaintiff requests that the court deny Defendants' Motions to Sanction.
18
19 In support of this opposition, Plaintiff submits the following points:
20 All Judicial Notices of Affidavits and Notices of Case law regarding Affidavits and the ability to
21 amend as a Pro per litigant
22 The plaintiff respectfully requests that the court deny Defendants' Motion to Dismiss and
23 Motions to Sanction. Should the court require further clarification or information on any aspect
24 of this matter, Plaintiff is prepared to provide additional documentation or appear for oral
25 argument as deemed necessary.

Respectfully submitted,

1
2  _Eric S. Freeze_ signature          3/20/2024
   Eric S. Freeze, Plaintiff, Pro per        Date
3  P O Box 12
   Concrete WA 98237
4
...
25

Plaintiff's Opposition
TO DEFENDANTS'
MOTION TO DISMISS