UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC STEPHEN FREEZE,<br><br>    Plaintiff,<br> v.<br><br>ELIZABETH E. GALLAGHER, et al.,<br><br>    Defendants. | CASE NO. C23-1135JLR<br><br>ORDER |

Before the court is a motion for the court to impose sanctions on Plaintiff Eric Stephen Freeze filed by Defendants Elizabeth Gallagher, Ann G. Freeze Revocable Trust, Ronald L. Freeze Revocable Trust, James Massingale, and Angela Massingale (collectively, the "Gallagher Defendants"). (Mot. (Dkt. # 37).[1]) Mr. Freeze opposes the motion. (Resp. (Dkt. # 41) (responding to both the motion for sanctions and the

---

[1] The court exercises its discretion to decide the before the April 5, 2024 noting date. *See* Fed. R. Civ. P. 1 (directing district courts to administer the rules of procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding").

ORDER - 1

1  Gallagher Defendants' pending motion to dismiss).)  The court has considered the
2  motion, the submissions of the parties, the relevant portions of the record, and the
3  governing law.  Being fully advised,[2] the court DENIES the Gallagher Defendants'
4  motion for sanctions.
5      The Gallagher Defendants ask the court to sanction Mr. Freeze pursuant to Federal
6  Rule of Civil Procedure 11(c) because, they assert, this case is "baseless, meritless,
7  and . . . filed in bad faith" in violation of Federal Rule of Civil Procedure 11(b).  (Mot. at
8  1-3 (quoting Fed. R. Civ. P. 11(b), (c)(1)).)  Rule 11(c), however, imposes "stringent
9  notice and filing requirements on parties seeking sanctions."  *Holgate v. Baldwin*, 425
10 F.3d 671, 677 (9th Cir. 2005).  In particular, Rule 11(c)(2) contains a "safe harbor"
11 provision, which requires "that any motion for sanctions . . . be served on the offending
12 party at least 21 days before the motion is filed with the court."  *Islamic Shura Council of*
13 *S. Cal. v. FBI*, 757 F.3d 870, 872 (9th Cir. 2014); Fed. R. Civ. P. 11(c)(2).  The Ninth
14 Circuit mandates "strict compliance with Rule 11's safe harbor provision."  *Id.*  Failure to
15 strictly comply with the safe harbor provision bars an award of sanctions under Rule
16 11(c).  *See Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998).
17      Here, the Gallagher Defendants have not demonstrated that they served a copy of
18 their motion on Mr. Freeze before they filed their motion with the court.  (*See generally*
19 Mot.)  Because the Ninth Circuit does not authorize Rule 11 sanctions absent "strict

---

[2] No party has requested oral argument (*see* Mot. at 1; Resp. at 1) and the court concludes that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

compliance" with the safe harbor provision, *see Islamic Shura Council*, 757 F.3d at 872, the court DENIES the Gallagher Defendants' motion for sanctions (Dkt. # 37) without prejudice to renewing the motion, if appropriate, in accordance with the Federal Rules of Civil Procedure.

Dated this 3rd day of April, 2024.

JAMES L. ROBART
United States District Judge