UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC STEPHEN FREEZE,<br><br>                Plaintiff,<br><br>   v.<br><br>ELIZABETH E. GALLAGHER, et al.,<br><br>                Defendants. | CASE NO. C23-1135JLR<br><br>ORDER |

## I.    INTRODUCTION

Before the court is the motion to dismiss filed by Defendants Elizabeth Gallagher, Ann G. Freeze Revocable Trust, Ronald L. Freeze Revocable Trust (together with Ann G. Freeze Revocable Trust, the "Trusts"), James Massingale, and Angela Massingale (collectively, the "Gallagher Defendants"). (Mot. (Dkt. # 35).[1]) *Pro se* Plaintiff Eric

---

[1] The Gallagher Defendants purport to incorporate into their motion facts set forth in their attorney's declaration. *(See id.* at 1-2; 3/19/24 Taylor Decl. (Dkt. # 36).) And on April 5, 2024, Ms. Gallagher and Ms. Massingale filed declarations "in reply to Plaintiff's response to

Stephen Freeze opposes the Gallagher Defendants' motion. (Resp. (Dkt. # 41).) *Pro se* Defendant Jose T. Acuna did not file any papers in support of or in opposition to the motion. (*See generally* Dkt.) The court has considered the motion, the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised,[2] the court DENIES the Gallagher Defendants' motion for judgment on the pleadings without prejudice to renewing the motion with argument and citations to the record and to authority.

## II.   BACKGROUND

Mr. Freeze's claims in this matter arise from his eviction from a property in Concrete, Washington ("the Property") after Ms. Gallagher, as trustee for the Trusts, prevailed in a quiet title action she filed against him in Skagit County Superior Court. *See Gallagher v. Freeze*, No. 22-2-00163-4 (Skagit Cnty. Super. Ct.) (hereinafter, "*Gallagher*").[3]

Ms. Gallagher, as trustee for the Trusts, filed the quiet title action against Mr. Freeze in early 2022. (*See* MTD, Ex. 1 ("*Gallagher* Am. Complaint") ¶ 1.1.) Ms.

---

Defendants' motion to dismiss and motion for sanctions." (Gallagher Decl. (Dkt. # 46) at 1 (capitalization altered); Massingale Decl. (Dkt. # 47) at 1 (same).) Because the court cannot consider evidence outside the pleadings without converting the motion into one for summary judgment, *see United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003), the court has not considered these declarations in deciding the motion.

[2] No party has requested oral argument (*see* MTD at 1; Resp. at 1) and the court concludes that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[3] The court grants the Gallagher Defendants' request to take judicial notice of documents and orders filed in *Gallagher*. (Mot. at 3; *id.* Exs. 1-4); *see* Fed. R. Evid. 201(b); *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).

Gallagher brought claims against Mr. Freeze for trespass, ejectment, quiet title, nuisance, and slander of title. (*Id*. ¶¶ 4.1-8.4.) Mr. Freeze answered the complaint and asserted counterclaims. (*See* Mot., Ex. 2 ("*Gallagher* Summary Judgment Order") at 1.) On June 2, 2022, the Superior Court granted Ms. Gallagher's motion for summary judgment and denied Mr. Freeze's counter-motion for summary judgment. (*See generally id*.) The Superior Court (1) quieted title in the Property in favor of Ms. Gallagher on behalf of the Trusts; (2) ordered Mr. Freeze to vacate the property by July 18, 2022; (3) awarded Ms. Gallagher damages, attorney's fees, and costs; and (4) authorized the removal of Mr. Freeze and his personal property from the Property. (*Id*. ¶¶ 3.1-3.12.)

Mr. Freeze failed to vacate the property by the deadline. (*See* Mot., Ex. 3 ("*Gallagher* Damages Order") ¶ 1.18.) On October 31, 2022, the Superior Court entered an order granting Ms. Gallagher's motion for damages, for a supersedeas bond pending the resolution of Mr. Freeze's appeal, and for contempt. (*See generally id*.) The Superior Court ordered Mr. Freeze to vacate and remove his personal property from the Property by no later than December 1, 2022, and awarded Ms. Gallagher damages and attorney's fees. (*Id*. ¶¶ 3.1-3.11.)

Mr. Freeze filed his first federal lawsuit arising from his eviction on December 29, 2022. (*See Freeze v. McDermott*, No. C22-1844JLR (W.D. Wash.) (hereinafter, "*McDermott*").) He amended his complaint on March 29, 2023. (*See generally* Am. Compl. (*McDermott*, Dkt. # 3).) Mr. Freeze asserted a litany of federal and state-law claims against Ms. Gallagher, the Trusts, and the Trust Defendants' attorney (together, the "Trust Defendants"); certain Skagit County officials ("the Skagit County

1  Defendants"); and Mr. Acuna.  (*See generally id.*)  On May 23, 2023, the court dismissed
2  Mr. Freeze's claims against all of the *McDermott* defendants except Mr. Acuna because
3  those claims were precluded by the rulings in *Gallagher* and because Mr. Freeze
4  effectively abandoned his claims by failing to respond substantively to the Trust
5  Defendants' and Skagit County Defendants' motion to dismiss.  (5/23/23 Order
6  (*McDermott*, Dkt. # 27).)  On July 28, 2023, the court dismissed the matter with prejudice
7  and without leave to amend after Mr. Freeze failed to respond substantively to an order to
8  show cause why the court should not dismiss his remaining claim against Mr. Acuna for
9  failure to state a claim.  (7/13/23 Order (*McDermott*, Dkt. # 53); OSC Resp. (*McDermott*,
10  Dkt. # 63); 7/28/23 Order (*McDermott*, Dkt. # 64).)  Mr. Freeze did not appeal any of the
11  court's orders in *McDermott*.  (*See generally McDermott* Dkt.)

12  Mr. Freeze filed his original complaint in this matter on July 31, 2023—just three
13  days after the court entered judgment in *McDermott*.  (*See* Compl. (Dkt. # 1).)  He
14  originally named only Ms. Gallagher, the Trusts, and Mr. Acuna in his complaint, but
15  later added Mr. Massingale and Ms. Massingale after Ms. Gallagher conveyed the
16  Property to them.  (*See generally id.*; Am. Compl. (Dkt. # 5); Mot., Ex. 6 ("Statutory
17  Warranty Deed").)  He alleges claims against Ms. Gallagher and Mr. Acuna for "Frauds
18  and Swindles" under common law and 18 U.S.C. § 1341; for violation of the federal
19  Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961,
20  1962; and for intentional infliction of emotional distress in violation of 15 U.S.C.
21  § 6602(5)(B).  (*Id.* ¶¶ 5.1-5.10.)
22

1    The Gallagher Defendants filed the instant motion to dismiss on March 19, 2024.

2 (Mot.)  Mr. Freeze responded to the motion on March 20, 2024.  (Resp. at 1-3.)

### III.    ANALYSIS

The Gallagher Defendants assert that Mr. Freeze's amended complaint must be dismissed with prejudice and without leave to amend because the

> claims are barred by the doctrines of res judicata and collateral estoppel having been fully litigated and adjudicated in Skagit County Superior Court and in federal court which held unequivocally that Mr. Freeze had "no legal or equitable interest in the Property."

(Mot. at 3.)  They do not, however, set forth the rules the court should apply or explain why each of Mr. Freeze's claims in this case is precluded by the cases that preceded it. (*See generally id.*)  Indeed, the Gallagher Defendants cite neither case law nor the orders in *Gallagher* in their three-page motion, except to seek judicial notice.  (*See generally id.*)  The court declines to make the Gallagher Defendants' arguments for them. Therefore, the court DENIES the Gallagher Defendants' motion without prejudice to renewing it with argument and citations to the record and to authority.

### V.    CONCLUSION

For the foregoing reasons, the court DENIES the Gallagher Defendants' motion to dismiss (Dkt. # 35) without prejudice.  The Gallagher Defendants may renew their

//

//

//

//

motion provided they explain the reasons why the court should grant their motion and include relevant citations to the record and to authority.

Dated this 19th day of April, 2024.

JAMES L. ROBART
United States District Judge