UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC STEPHEN FREEZE, | CASE NO. C23-1135JLR |
| Plaintiff, | ORDER |
| v. | |
| ELIZABETH E. GALLAGHER, et al., | |
| Defendants. | |

Before the court is Plaintiff Eric Stephen Freeze's "motion in limine to strike the Defendants'[1] pleadings, motions, and advocacy for pleadings and motions for violation of Federal Rule of Civil Procedure 11," which the court construes as a motion for sanctions under Rule 11. (Mot. (Dkt. # 51).[2]) The court DENIES Mr. Freeze's motion.

---

[1] Defendants are Elizabeth Gallagher, Ann G. Freeze Revocable Trust, Ronald L. Freeze Revocable Trust, James Massingale, Angela Massingale, and Jose T. Acuna.

[2] The court exercises its discretion to decide the motion before the June 10, 2024 noting date. *See* Fed. R. Civ. P. 1 (directing district courts to administer the rules of procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding").

ORDER - 1

1    Rule 11(c) imposes "stringent notice and filing requirements on parties seeking

2    sanctions." *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005). In particular, as Mr.

3    Freeze acknowledges (*see* Memorandum (Dkt. # 52) at 2-3), Rule 11(c)(2) contains a

4    "safe harbor" provision, which requires "that any motion for sanctions . . . be served on

5    the offending party at least 21 days before the motion is filed with the court." *Islamic*

6    *Shura Council of S. Cal. v. FBI*, 757 F.3d 870, 872 (9th Cir. 2014); Fed. R. Civ. P.

7    11(c)(2). The Ninth Circuit mandates "strict compliance with Rule 11's safe harbor

8    provision." *Id.* Failure to strictly comply with the safe harbor provision bars an award of

9    sanctions under Rule 11(c). *See Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998).

10    Here, Mr. Freeze has not demonstrated that he served a copy of his motion on

11    Defendants 21 days before he filed his motion with the court. (*See generally* Mot.;

12    Memorandum; Freeze Decl. (Dkt. # 53).) Because the Ninth Circuit does not authorize

13    Rule 11 sanctions absent "strict compliance" with the safe harbor provision, *see Islamic*

14    *Shura Council*, 757 F.3d at 872, the court DENIES Mr. Freeze's motion for sanctions

15    (Dkt. # 51) without prejudice to renewing the motion, if appropriate, in accordance with

16    the Federal Rules of Civil Procedure.

17    Dated this 21st day of May, 2024.

JAMES L. ROBART
United States District Judge

ORDER - 2