Eric Freeze, Pro per
P O Box 12
Concrete WA 98237
ericfreeze87@gmail.com
360-202 6178
June 21, 2024

FILED
LODGED
RECEIVED
MAIL
JUN 28 2024
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                    DEPUTY

Clerk of the Federal District Court
Western District of Washington
700 Stewart St, Ste. 2310
Seattle WA, 98101

Dear Clerk of the Court,

I am writing regarding the case of Eric Freeze v. Elizabeth E. Gallaghar, et al, currently before the court under case number 23-cv-1135.

Judge Ricardo S. Martinez issued an order on or about 1/8/2024, for an FRCP 26(f) Conference to be conducted among Plaintiff Eric Freeze, Pro per, Defendant pro se Jose Acuna, and the defendants' counsel Paul W. Taylor. This conference was mandated to combine their answers and file them with the clerk of the court by 2/20/2024.

Regrettably, despite the court's orders, the defendants and/or their counsel failed to convene with the Plaintiff telephonically to conduct the required conference. Plaintiff appealed to the Court for remedy and Judge James L. Robart ordered another FRCP 26(f) Conference to be conducted among the same parties. This conference was mandated to combine their answers and file them with the clerk of the court by 6/18/2024.

Unfortunately none of the defendants or their counsel participated in either court ordered conference. In light of the need for cooperation and expediency in this matter, Mr. Freeze has decided to surrender his 26f answers and defer to the court's judgment on how to proceed further.

Please find enclosed Mr. Freeze's FRCP 26(f) Conference answers for your records, which he submits in accordance with this decision.

Should the court require any further information or documentation, please do not hesitate to contact me directly.

Thank you for your attention to this matter.

*Eric Freeze* [signature]

Eric Freeze, Plaintiff, Pro per

## Court Ordered 26 (f) Conference

Parties were to meet, May 28th, court ordered 26 (f) meeting, telephonic

1. A statement of the nature and complexity of the case. **This is a contract dispute that exceeds $75,000.00 and involves parties in Washington and New Hamshire.**

2. A proposed deadline for the joining of additional parties. **July 30, 2024**

3. The parties have the right to consent to assignment of this case to a full time United States Magistrate Judge, **Plaintiff response, "NO" This case to be heard by Jury**

4. A discovery plan that states, by corresponding paragraph letters (A, B, etc.), the parties' views and proposals on all items in Fed. R. Civ. P. 26(f)(3), which includes the following topics: **Plaintiff proposes the following:**

(A) initial disclosures; **affidavits, contract, notices**

(B) subjects, timing, and potential phasing of discovery; **interrogatories, July 30, 2024, depositions (August 20, 2024)**

(C) electronically stored information;

(D) privilege issues; none

(E) proposed limitations on discovery; and

(F) the need for any discovery related orders.

5. The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:

(A) prompt case resolution;

(B) alternative dispute resolution;**no**

(C) related cases; N/A

(D) discovery management;

(E) anticipated discovery sought;

(F) phasing of motions;

(G) preservation of discoverable information;

(H) privilege issues; **none**

(I) Model Protocol for Discovery of ESI; **yes**;

(J) alternatives to Model Protocol. **none**

6. The date by which discovery can be completed. **Plaintiff response, October 31, 2024**

7. Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way. (**No bifurcation**)

8. Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy. **Can be dispensed,**

9. Any other suggestions for shortening or simplifying the case; **Plaintiff open for settlement.**

10. The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan. **Plaintiff response, December 27, 2024**

11. Whether the trial will be jury or non-jury. **Plaintiff response, TRIAL BY JURY DEMANDED**

12. The number of trial days required. **Plaintiff response, 4 days**

13. The names, addresses, and telephone numbers of all trial counsel. **Plaintiff response, Eric Freeze, Pro per P O BOX 12, Concrete WA, 98237, 360 202 6178, Paul Taylor, 20388 Eric St., Mount Vernon WA 98274**

14. The dates on which the trial counsel may have complications to be considered in setting a trial date. **None**

15. If, on the due date of the Report, all defendant(s) or respondents(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures. **ALL served**

16. Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case. No

17. List the date(s) that each and every non-governmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1.

If the parties are unable to agree to any part of the Report, they may answer in separate paragraphs.

Respectfully submitted,

*[signature]* 6/21/2024

Eric S. Freeze, Pro per
P O Box 12
Concrete WA [98237]
ericfreeze87@gmail.com
360-202 6178

Eric Freeze
P O Box 12
Concrete WA [98237]

7022 0410 0000 8232 4821

FILED
LODGED
RECEIVED
JUN 28 2024
CLERK US DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

For Credit to the
JUN 2024686
US Treasury

CERTIFIED MAIL

CLERK US WESTERN WASHINGTON
DISTRICT COURT
700 Stewart St. Ste. 2310
Seattle WA 98101

98101-444285



U.S. POSTAGE PAID
FCM LETTER
CLEARLAKE, WA 98235
JUN 26, 2024
$5.08
R2304M114279-——

RDC 99