UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC STEPHEN FREEZE<br><br>Plaintiff,<br><br>V.<br><br>ELIZABETH E. GALLAGHER; JOSE T. ACUNA; ANN G. FREEZE REVOCABLE TRUST AND THE RONALD FREEZE REVOCABLE TRUST; JAMES MASSINGALE, AND ANGELA MASSINGALE<br><br>Defendants. | CASE NO. CR23-1135JLR<br><br>RENEWED MOTION FOR SANCTIONS BY DEFENDANTS ANN G. FREEZE REVOCABLE TRUST, RONALD FREEZE REVOCABLE TRUST, ELIZABETH GALLAGHER, JAMES MASSINGALE, AND ANGELA MASSINGALE<br><br>NOTE FOR MOTION CALENDAR<br>FRIDAY, JULY 19, 2024 |

## I. INTRODUCTION

In accordance with the Court's order dated April 4, 2024 (Dkt # 45) Defendant renew their previous Motion to Dismiss Plaintiff's Amended Complaint and Motion for FRCP 11 sanctions after certification of service in compliance with FRCP 7.was filed (Dkt # 57) on June 21, 2024.

Plaintiff never had any legal title or interest in 47972 and 47996 Moen Road, Concrete, Washington ("the Property") This case is baseless, meritless, and was filed in bad faith for

1

Law Office of Paul W. Taylor, Inc., P.S.
20388 Eric Street
Mount Vernon, WA 98274
Phone: (360) 416-6900
pwtlaw@frontier.com

only one reason: to inflict economic and emotional damages upon the named Defendants and for no other reason. It is appropriate that significant sanctions be imposed on the Plaintiff, Eric Freeze, herein.

## II. FACTUAL BASIS

Plaintiff Eric Freeze has filed with both the state and federal courts are a series of claims that he has an ownership interest in real property located in Concrete, Washington:

1. Skagit County Superior Court Cause No. 22-2-00163-29 where the Court dismissed his claim for ownership and equitable interest in the property located at 47972 and 47996 Moen Road in Concrete, Washington (the 'Property") granting Summary Judgment to the Freeze Trusts, quieting title to the property and awarding damages and sanctions to the Freeze Trust totaling over $90,000.00. By mandate by Court of Appeals for the State of Washington, under case No. 842544-1 review of the state court matter was terminated on September 8, 2023.

2. Undeterred by these dismissal of claims, Plaintiff Eric Freeze filed an action in United States District Court Case No. C22-1844JLR claiming his Constitutional rights were violated by the Defendants and Skagit County officials. This action was also dismissed on September 28, 2023, (DKT #64) with prejudice and without leave to amend. In October 2023, the Revocable Freeze Trusts sold the property by Statutory Warranty Deed to Defendants Massingale.

3. Then Plaintiff Eric Freeze filed another case against the Revocable Freeze Trusts and their Trustee and included the Massingale's, innocent purchasers for value, as Defendants as well in United States District Court Case No. C23-01135-JLR, alleging other frivolous and unsubstantiated federal claims.

See the Declaration of Paul W. Taylor and Exhibits filed herewith and the Declarations of Defendants Elizabeth Gallagher and Angela Massingale dated April 12, 2024 (Dkt #37) and incorporated herein.

2

Law Office of Paul W. Taylor, Inc., P.S.
20388 Eric Street
Mount Vernon, WA 98274
Phone: (360) 416-6900
pwtlaw@frontier.com

## III. DEFENDANTS' MOTION FOR FED. R. Civ. P. 11 SANCTIONS

In addition to filing a frivolous complaint (see Defendants' Motion to Dismiss Plaintiff's Complaint filed separately on this date), Plaintiff has continued to file baseless and meritless motions that have wasted both Defendants' counsel's time and effort, but needlessly and callously inflicted emotional harm on the Defendants, who have had to live with this lawsuit hanging over their heads. The only purpose of this lawsuit was to harass the Defendants herein and Defendants' counsel and cost them money and stress.

## IV. LEGAL AUTHORITY

**Federal Civil Rule 11** states in relevant part as follows:

> (a) SIGNATURE. Every pleading, written motion, and other paper must be signed ............ by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number.
>
> *********
>
> (b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an ..........unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
>
> (c) SANCTIONS.
>
> > (1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any ........ party that violated the rule or is responsible for the violation.
>
> ********

(2) *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

(3) *On the Court's Initiative.* On its own, the court may order a ……. party to show cause why conduct specifically described in the order has not violated Rule 11(b).

(4) *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

(5) *Limitations on Monetary Sanctions.* The court must not impose a monetary sanction:
    (A) against a represented party for violating Rule 11(b)(2); or
    (B) on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

(6) *Requirements for an Order.* An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

## V. ARGUMENT

Other than making claims of ownership of the Property, the Plaintiff, Eric Freeze, has not offered one scintilla of admissible evidence to support any of his claims. The reason is obvious, he has no evidence. Therefore, the only reason he is filing these lawsuits is for an improper purpose, to intentionally harass and cause undue stress and emotional harm to the Defendants, and needlessly increase the cost of litigation. Until and unless severe sanctions are imposed, Eric Freeze will continue to be successful in fulfilling his improper intentions. The award of significant attorney's fees and sanctions is appropriate.

Law Office of Paul W. Taylor, Inc., P.S.
20388 Eric Street
Mount Vernon, WA 98274
Phone: (360) 416-6900
pwtlaw@frontier.com

**LCR 7(e) Certification**

I certify that this Memorandum and Supporting Declaration of Paul W. Taylor contain 3828 words in compliance with local rules.

Respectfully submitted this 28th day of June, 2024.

Paul W. Taylor, WSBA No. 13945
Attorney for Defendants Gallagher et al except Defendant Acuna

Law Office of Paul W. Taylor, Inc., P.S.
20388 Eric Street
Mount Vernon, WA 98274
Phone: (360) 416-6900
pwtlaw@frontier.com

## DECLARATION OF SERVICE

I, Paul W. Taylor, declare as follows:

That I am over the age of 18 years and competent to be a witness herein.

On the 28th day of June 2024, as attorney in the Law Office of Paul W. Taylor, Inc., P.S.,

I caused to be mailed and/or served a true copy of the

**DEFENDANTS, EXCEPT ACUNA, MOTION FOR FRCP 11 SANCTIONS AND PROPOSED ORDER**

**And**

**DECLARATION OF PAUL W. TAYLOR IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS WITH EXHIBITS**

| | |
|---|---|
| **Via U.S. Mail to:** | **At:** |
| Eric S. Freeze | P.O. Box 12 |
| | Concrete, WA 98227 |
| **Via Email to:** | **At:** |
| Eric S. Freeze | ericfreeze87@gmail.com |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED at Mount Vernon, Washington this 28th day of June, 2024.

Paul W. Taylor, WSBA No. 13945
Attorney for All Defendants except Acuna

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC STEPHEN FREEZE<br><br>Plaintiff,<br><br>DEFENDANTS'<br><br><br><br>ELIZABETH E. GALLAGHER;<br>JOSE T. ACUNA; ANN G. FREEZE<br>REVOCABLE TRUST AND THE<br>RONALD FREEZE REVOCABLE TRUST;<br>JAMES MASSINGALE AND<br>ANGELA MASSINGALE,<br><br>Defendants. | Case No. CR 23-1135JLR<br><br>(PROPOSED) ORDER GRANTING REQUEST FOR JUDICIAL NOTICE AND GRANTING MOTION FOR FRCP 11 SANCTIONS |

The above-entitled Court, having received and reviewed:

1. Defendants the Ann G. Freeze Revocable Trust, the Ronald L. Freeze Revocable Trust, the Trustee of both Revocable Trusts, Elizabeth E. Gallagher, James Massingale, and Angela Massingale Motion to Dismiss and Exhibits 1 - 7 attached thereto, (Dkt. No. ___);

2. Declaration of Paul W. Taylor in Support of Defendants' Motion to Dismiss, (Dkt. No. ___);

1

3. Defendants the Ann G. Freeze Revocable Trust, the Ronald L. Freeze Revocable Trust, the Trustee of both Revocable Trusts, Elizabeth E. Gallagher, James Massingale, and Angela Massingale DeclarationS filed on 3/29/2024B under (Dkt. No.37); with their Motions for Sanctions and Motion for Dismissal;

4. Mr. Freeze's Response (Dkt. No. 41) filed on 3/21/24 and any subsequent response, if any (Dkt. No.____);

And all attached exhibits, and all relevant portions of records, rules as follows:

**Request for Judicial Notice**

While the Court may not generally consider any material outside of pleadings in an FRCP 12(b)(6) proceeding, pursuant to Fed. R. Evid. 201, judicial notice may be taken of matters of public record. *Harris v, City of Orange*, 682 F. 3rd 1126, 1131 -32 (9th Cir 2012); *United States Small Bus. Admin. V. Bensal*, 853 F. 3d 992, 1003 fn. 3 (9th Cir. 2017). Defendants request the Court take Judicial Notice of Exhibits 1 – 7 referred to in their Motion for Sanctions.

**Background**

Mr. Freeze complaint alleges he was improperly ejected from the 47972 and 47996 Moen Road, Concrete, WA property ("Property'). Defendants, the Ann G. Freeze Revocable Trust, the Ronald L. Freeze Revocable Trust, through the Trustee of both Revocable Trusts ("Trusts"), Elizabeth E. Gallagher, Trustee of both Revocable Trusts filed a lawsuit to quiet title in Skagit County Superior Court represented by their attorney, Paul W. Taylor, that specifically held that Mr. Freeze never owned any interest, legal or equitable, in the Property. The Superior Court reaffirmed the Trusts' title interest and the right to eject Mr. Freeze from the Property. Mr. Freeze appeal to Division One, Court of

Appeals, State of Washington terminating review of Eric Freeze appeal in a decision dated September 8, 2023

The Mr. Freeze filed a lawsuit, United States District Court Case No. C22-1844JLR claiming his Constitutional rights to the Property were violated by public officials and the Defendants herein. Mr. Freeze's case was dismissed on 7/28/23 (DKT no. 64, Case No. C22-1844-JLR ) with prejudice and without leave to amend. Subsequently, Mr. Freeze filed the present case against the same Defendants in the previous case with the addition of the Massingale's after they purchased the Property from the Freeze Trusts.

**Discussion:**

**Applicable Legal Standard**

A motion to dismiss under FRCP 11 states: (1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any …….. party that violated the rule or is responsible for the violation.

**Findings:**

The Plaintiff has filed numerous claims of Ownership, to wit:

1. Skagit County Superior Court Cause No. 22-2-00163-29 where the Court dismissed his counterclaim for ownership and equitable interest in the property located at Moen Road in Concrete, Washington and granted Summary Judgment to the plaintiffs in that case, the Revocable Freeze Trusts and their Trustee, quieting title to the property and awarding damages and sanctions to the Freeze Trust totaling over $90,000.00. Additionally, by mandate by Court of Appeals for the State of Washington, under case No. 842544-1 upon review of the state court matter, terminated the appeal on September 8, 2023.

2. Plaintiff Eric Freeze later filed an action in United States District Court Case No. C22-1844JLR claiming his Constitutional rights were violated by the Defendants and Skagit County officials. This action was dismissed on September 28, 2023, (DKT #64) with prejudice and without leave to amend.

3. In October 2023, the Revocable Freeze Trusts sold the property by Statutory Warranty Deed to Defendants Massingale.

4. Then Plaintiff Eric Freeze filed another case against the Revocable Freeze Trusts and their Trustee and included the Massingale's, innocent purchasers for value, as Defendants in the present case, United States District Court Case No. C23-01135-JLR, alleging other frivolous and unsubstantiated federal claims.

5. Mr. Freeze has filed numerous meritless and baseless motions against the Court and Defendants' attorney all of which have been summarily denied.

5. Pending a decision in that case, United States District Court Case No. C23-01135-JLR, is Defendants' Motion to Dismiss.

**Conclusions:**

**1.** Plaintiff's claims are frivolous having no factual or legal basis, and (1) are intentionally set forth to harass and inflict emotional harm and stress on Defendants and increase the cost of litigation; (2) are unwarranted under existing law, and (3) have no factual or evidentiary support, _____

The Court agrees and determines that the imposition of attorney's fees and sanctions under FRCP 11 is appropriate and orders the following;

THEREFORE, IT IS ORDERED that the Court GRANTS Defendants request for judicial notice of Defendants' Exhibits 1 – 7.

IT IS FURTHER ORDERED that Defendants' Motion for Sanctions is GRANTED and attorney's fees in the amount of $______________ are awarded and sanctions in the amount of $_________________ shall be imposed against the Plaintiff; and said total of attorney's fees and sanctions shall constitute a JUDGMENT in favor of the Defendants against the Plaintiff which shall be paid within thirty (30) days of this Order.

The Clerk of the Court shall enter judgment accordingly.

Dated this _______ day of _____________, 2024.

______________________________
**JAMES L. ROBART**
United States District Judge