1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 7  ERIC STEPPHEN FREEZE, | Case No. 2:23-cv-01135-JLR |
| 8  Plaintiff, | |
| 9 | DECLARATION OF PAUL W. TAYLOR IN SUPPORT OF DEFENDANTS |
| 10 | MOTION FOR FRCP 11 SANCTIONS |
| 11  ELIZABETH E. GALLAGHER, JOSE T. ACUNA, ANN G. FREEZE | REQUEST FOR JUDICIAL NOTICE OF EXHIBITS 1 – 7 (ATTACHED) |
| 12  REVOCABLE TRUST, RONALD L. FREEZE REVOCABLE TRUST, JAMES | |
| 13  MASSINGALE and ANGELA | |
| 14  MASSINGALE | |
| 15 | |
| 16  Defendants. | |

17  I, Paul W. Taylor, declare under penalty of perjury under the laws of the State of

18  Washington that the following is true and correct:

19  1.      That I am a resident of the State of Washington, over the age of 18 years, and not

20  a party to this action; and attorney for the Defendants in this action, except Jose Acuna.

21  2.      That I have personal knowledge of the facts set forth in this declaration and am

22  competent to testify as to the matters stated herein.

23  3.      I was first admitted to the practice of law in Arizona in 1980 after graduating

24
25  from Arizona State University College of Law. At the time of my admission, I was an

Law Office of Paul W. Taylor, Inc., P.S.
20388 Eric Street
Mount Vernon, WA 98274
Phone: (360) 416-6900
pwtlaw@frontier.com

active-duty captain in the United States Air Force, assigned to the Office of the U.S. Air Force Judge Advocate General, where I served for seventeen years both on active duty and as a reservist, until I retired as a full Colonel (O-6) in 2001.

4.      I was admitted to practice of law in the State of Washington in 1984 and have practiced continuously in the State of Washington since 1986. (WSBA No. 13945). I have been admitted to the bars of the United States District Courts for the Eastern and Western Districts of Washington (1985), the United States District Courts of Arizona (1980) and Hawaii (1985), and the United States Court of Military Appeals (1981).  For business purposes, I resigned from the Arizona (admitted 1980) and Hawaii Bar Associations (admitted 1985) in 2003 when it became apparent that I was not going to practice in those jurisdictions.

5.      My solo general practice emphasizes real estate, land use, business formation, and general civil litigation. I served as an active-duty judge advocate for the United States Air Force from 1980 through August of 1986 and served as a reserve Staff Judge Advocate from 1986 through April of 1997. From 1982 through 1986, I served as Circuit Trial Counsel for the USAF Judiciary, Fifth Circuit, and lead prosecutor involving major felonies which occurred at 20 Air Force Bases in the western United States.  I personally tried over two hundred cases tried to a military jury, including such crimes as murder, child molestation, theft and rape. Since entering civilian practice in 1986, I have tried nearly 100 cases in both the federal and states courts. Over the past twenty-some years, I have significantly limited my involvement in the federal courts due to an increase of state cases in my practice and family obligations.

Law Office of Paul W. Taylor, Inc., P.S.
20388 Eric Street
Mount Vernon, WA 98274
Phone: (360) 416-6900
pwtlaw@frontier.com

6.      I became involved representing the Freeze Revocable Trusts in the fall of 2022 having been referred by a Seattle attorney to file the case, if necessary, in Skagit County Superior Court if the Plaintiff refused to vacate the property located at 47972 and 47996 Moen Road, Concrete, Washington ("the Property"). The Trusts needed to sell the Property to meet increasing health care expenses of the beneficiaries, grandparents of the Plaintiff. Despite numerous written and oral demands the Plaintiff refused to vacate the Property forcing the Revocable Trusts, through their Trustee daughter, Elizabeth Gallagher, to file a lawsuit.

7.      A lawsuit was filed in Skagit County Superior Court under Cause No. 22-2-00163-29. Despite Eric Freeze's unsupported claims of ownership and frivolous claims of having an equitable interest in the Property, the Superior Court Judge quieted title to the Property in favor of Defendants Ann G. Freeze Revocable Trust and Ronald Freeze Revocable Trust, which were represented in that action by their Trustee, Elizabeth E. Gallagher. In addition, the Plaintiffs in that were awarded sanctions against Eric Freeze for filing frivolous motions and awarded nearly $100,000.00 in damages. Mr. Freeze has not paid a dime to the Trusts or Trustee.

8.      After the thirty-day period to appeal the Court's decision and Judgment, Plaintiff then filed a complaint against Defendants herein the Ann G. Freeze Revocable Trust, the Ronald Freeze Revocable Trust, Elizabeth Gallagher, the Trustee of both her parents' Revocable Trusts, and Mr. Acuna. In addition, he named me, the attorney representing the Trustee and the Freeze Revocable Trusts, who represented these same defendants in the state count action. Additionally, he named the Skagit County Sheriff Don McDermott, Skagit County Commissioner Lisa Janicki, and Skagit County as Defendants. Upon a

Law Office of Paul W. Taylor, Inc., P.S.
20388 Eric Street
Mount Vernon, WA 98274
Phone: (360) 416-6900
pwtlaw@frontier.com

Motion to Dismiss by all Defendants, the case filed under Case No. 2:22-cv-01844-JLR

was dismissed with prejudice, without leave to amend pursuant to 5/23/23 Order (Dkt

#27); 7/13/23 Order (Dkt #53); 7/28/23 Order (Dkt #64).

9.        The current complaint essentially duplicates the same claims made in the previous

federal case with the exception of adding Defendants James and Angela Massingale, who

purchased the Property from the Freeze Revocable Trusts in October, 2023. Plaintiff

falsely claims he owns the Property based upon a fantastic, and totally unsupported theory,

that he was born there. Despite many unsupported theories of ownership to the Property,

Eric Freeze's claims of ownership were rejected by the Skagit County Superior Court

Judge and the Court definitively and unequivocally quieted title in the Freeze Revocable

Trusts as administered by the Trustee, Elizabeth Gallagher. Eric Freeze's appeal to

Division One of the Washington Appellate Court was dismissed on September 8, 2023.

10. On 10/19/2023, the sale of the Property was closed.  The Property was sold to an adjacent

landowner, Defendants' Massingale, for $302,000.00 well over one hundred thousand

dollars less than the original listing price before the Skagit County Superior Court lawsuit

was filed against Plaintiff Eric Freeze.

11. Although I charge my regular rate $400.00 per hour for the Superior Court action, I did

not charge the Revocable Trusts nor Ms. Gallagher for my time in defending the first

federal case, Case No. C22-1844JLR, filed by Eric Freeze. The reason I represented them

pro bono was because I was also named a Defendant and did not believe it was fair or just

to charge innocent elderly persons with limited funds to defend a frivolous lawsuit. I only

charged for out-of-pocket costs, which were minimal.

Law Office of Paul W. Taylor, Inc., P.S.
20388 Eric Street
Mount Vernon, WA 98274
Phone: (360) 416-6900
pwtlaw@frontier.com

12. After the Massingale's purchased the Property, and the Plaintiff began harassing them and filed the current lawsuit. I am representing all the Defendants, except Mr. Acuna, *pro bono* because, once again, as I do not believe it is fair for them to pay to get a frivolous lawsuit dismissed.

13. I met with Eric Freeze person-to-person outside of courtroom over a half-dozen times. Additionally, I had a number of phone calls about each the state and federal cases with him. In those phone calls and in my person-to-person meetings with him on the Property, while he was removing his numerous abandoned and unlicensed vehicles from the Property, he advised me that he was not computer literate and desired to be mailed all pleadings and correspondence. However, he does have an email address and I have emailed correspondence and correspondence to him which he apparently received. I requested reciprocal electronic service in the state court proceeding and he said first class mail was the only thing he would agree with. I realize this has nothing to do with Eric Freeze's current federal claims, but relevant to the issue of sanctions.

14. In my interactions with him, I have observed that he clearly does not have the acumen to research, prepare, and author the pleadings he has filed in state and federal courts. Even though he claims he is *pro se* Plaintiff, he is obviously receiving assistance from third parties, who are not attorneys. The Plaintiff herein was accompanied to the state court hearings by other individuals, one of which was an individual named, Kevin Ewing, who aspires to be the Constitutional Sheriff of Skagit County. His website: https://sheriffconstitutional.com/contact-us/ contains a link to a Florida Attorney, Frederick Graves, who advertises "How to Win in Court Without a lawyer". His website is; https://www.howtowinincourt.com . He is not licensed to practice law in the state of

Law Office of Paul W. Taylor, Inc., P.S.
20388 Eric Street
Mount Vernon, WA 98274
Phone: (360) 416-6900
pwtlaw@frontier.com

Washington. Mr. Ewings website is also paired with a website

https:///sheriffconstitutional.com/skagit-peers-who-are-they/ .

15. Based upon my review of the above websites and the number and types of cases filed in

the state and federal courts by members of this group of people, it is clear that the

members have an agenda to cause the Defendants named in these lawsuits time and

money without any legal basis.

16. As a solo practitioner in a small community, I have very few options by which I can

prevent an individual, who has assistance, from continuing to file frivolous lawsuits.

Therefore, I am requesting the Court, in its discretion, impose significant sanctions and/or

restrictions to prevent further meritless filings by Eric Freeze.

17. In February 2023, prior to leaving on a vacation, I injured myself lifting a suitcase and

experienced pain in my right groin. Over a period of several months, the pain became

progressively worse and prevented me from taking part in any physical activities and

interrupted my sleep pattern. I consulted my primary physician and an orthopedic surgeon.

An MRI in June 2023 indicated that I had moderate to severe osteoarthritis in both my

hips which necessitated hip replacement surgery. In July, 2023, my right hip replacement

surgery was scheduled for November 29, 2023. Because of surgeon's and my schedules, it

was the first date available.

18. My hip pain progressively increased that by September, 2023, my sleep pattern was so

disrupted that it significantly impacted my ability to work.

19. My primary physician, Dr. Ryan Guanzon, placed me on medical leave beginning

September 20, 2023, and finally extended through March 28, 2024. Dr. Guanzon stated,

"In my medical opinion his (Mr. Taylor's) medical conditions and their effect on his

Law Office of Paul W. Taylor, Inc., P.S.
20388 Eric Street
Mount Vernon, WA 98274
Phone: (360) 416-6900
pwtlaw@frontier.com

overall function would constitute a disability under the A.D.A". My November 29, 2023,

right hip replacement surgery was successful and I was able to fully recover from my right

hip replacement surgery and finished rehabilitation in the first week of January 2024. By

now I was experiencing increasing left groin pain which necessitated replacement surgery

for my left hip on Valentines' Day, February 14th, 2024. I have currently completed

rehabilitation and expect to be released for all activity by the end of May, 2024.

20. I am also being currently treated for sleep apnea which is helping considerably.

21. On February 5, 2024 I had a phone conversation with Plaintiff Eric Freeze about the

Status Report required by the Court. I informed him of my condition and that I was

scheduled for surgery the following week. I requested we agree to delay the filing of the

required Status Report until the end of March 2024. He agreed orally and we agreed to

inform the Court of that. After my operation on March 14th, I was on pain meds much

longer that I had experienced from my first hip replacement surgery and did not come off

the pain meds until Sunday, February 25th. In the interim, Plaintiff Freeze filed a Motion

to Disqualify me and a Motion for Default. Then I discovered that he was disingenuous

and that he was attempting to take advantage of my temporary disability. Because of his

lack of knowledge of the federal rules, and that of whomever is helping him, the Plaintiff

did nor supply any admissible evidence to support his baseless allegations and the Court

properly dismissed his Motions.

22. I have practiced law (mostly litigation) for nearly 44 years, and have never missed, a

deadline in my entire career. I do not have a staff and I work out of my home. I have not

taken any new cases since last June. I have been able to find other attorneys for most of

7

Law Office of Paul W. Taylor, Inc., P.S.
20388 Eric Street
Mount Vernon, WA 98274
Phone: (360) 416-6900
pwtlaw@frontier.com

my litigation cases, but because I am representing these Defendants *pro bono* in federal court, it is extremely difficulty finding an attorney to associate with impossible.

23. Therefore, I am now responding to the Court's Order to Show Cause on March 21, 2024. I appreciated the time as it has taken days for me to prepare responsive pleadings.

24. Mr. Acuna cannot afford an attorney, and I can't represent him because of a conflict of interest (Mr. Acuna was tenant of the Freeze Revocable Trusts on the property and I was involved with a dispute over rent and termination of the lease), but he will likely to join my clients in their Motion to Dismiss which was filed on March 19, 2024 (Dkt #35).

25. Based upon information and belief, Mr. Acuna and the Massingale's have obtained Protection Orders against the Plaintiff to prevent his continuing harassment which mostly consists of threats not to trespass on what he continues to claim as his property.

26. I realize that I failed to properly comply with FRCP Rule 11(d) with regard to service of this motion on Plaintiff Eric Freeze. It was an oversight for which a profusely apologize. I also combined this Motion with the Motion to Dismiss and Defendants' Motion for Sanctions as was properly dismissed without prejudice by the Court. Hence, I am filing a new Motion for Sanctions in compliance with the Rule and will serve them on the Plaintiff twenty-one (21) days prior to filing it with the Court.

27. I request the Court take Judicial Notice of the following attached Exhibits which are true and correct copies of the originals:

**Exhibit 1: Complaint for Quiet Title: Skagit County Superior Court Cause No. 22-2-00163-29**

**Exhibit 2: Order: Granting Summary Judgment to Plaintiffs, Skagit County Superior Court Cause No. 22-2-00163-29**

Law Office of Paul W. Taylor, Inc., P.S.
20388 Eric Street
Mount Vernon, WA 98274
Phone: (360) 416-6900
pwtlaw@frontier.com

**Exhibit 3: Order: Plaintiffs' Motion for Determination of Damages and Amount of Supersedeas Bond, Skagit County Superior Court Cause no. 22-2-00163-29**

**Exhibit 4: Mandate: Court of Appeals for the State of Washington, No. 842544-1 terminating review of Eric Freeze appeal of decision dated September 8, 2023**

**Exhibit 5: Order: United States District Court Case No. C22-1844JLR Dkt #64 filed 7/28/23 dismissing Eric Freeze's Complaint with prejudice and without leave to amend**

**Exhibit 6: Statutory Warranty Deed:  Freeze Revocable Trusts to Massingale dated 8/23/23**

**Exhibit 7: Death Certificate of Ronald Freeze date of death: September 19, 2023.**

29. In summary, I am requesting that I be awarded attorney's fees in the minimum amount of Ten Thousand dollars ($10,000.00) as I have spent well over 35 hours reviewing Plaintiff's frivolous pleadings, communicating with my clients, researching the law, and responding to his meritless allegations and motions and preparing the Motion to Dismiss and this Motion for Sanctions.

29. Additionally, I request the imposition of sanctions in an amount that will clearly prevent the further abuse of the Court's time and resources in pursuing his totally unsupported effort to obtain ownership of property that he has no legal or equitable right to own or occupy making totally innocent victims of the lawful owners.

I certify under penalty of perjury as defined under the laws of the State of Washington that the foregoing is true and correct.

Executed in Mount Vernon, Washington the 28th day of June 2024.

Paul W. Taylor, WSBA No. 13943
Attorney for all Defendants except Acuna

9

Law Office of Paul W. Taylor, Inc., P.S.
20388 Eric Street
Mount Vernon, WA 98274
Phone: (360) 416-6900
pwtlaw@frontier.com

REQUEST FOR
JUDICIAL NOTICE

EXHIBIT 1

SKAGIT COUNTY C. OP
SKAGIT COUNTY WA

2022 MAR -1  PM 3: 05

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR SKAGIT COUNTY**

| | |
|---|---|
| ELIZABETH E. GALLAGHER, as TRUSTEE of the ANN G. FREEZE REVOCABLE TRUST, and of the RONALD L. FREEZE REVOCABLE TRUST, <br><br> Plaintiff, <br><br> v. <br><br> ERIC FREEZE, a single man, <br><br> Defendant. | No. 22-2-00163-29 <br><br> **FIRST AMENDED COMPLAINT FOR TRESPASS, EJECTMENT, QUIET TITLE, NUISANCE and INJUNCTIVE RELIEF, and SLANDER OF TITLE** |

COMES NOW, the Plaintiff, Elizabeth Gallagher, Trustee of the Ann G. Freeze Revocable Trust and the Ronald L. Freeze Revocable Trust, by and through her attorney, Paul W. Taylor, of The Law Office of Paul W. Taylor Inc., P.S. and alleges as follows:

**I.    IDENTIFICATION OF PARTIES**

1.1    Plaintiff ELIZABETH E. GALLAGHER ("Gallagher") is the Trustee of the Ann G. Freeze Revocable Trust and the Ronald L. Freeze Revocable Trust (collectively "Freeze Trusts") and a resident of Stratham, New Hampshire, Washington. The Freeze Trusts own real property located in Skagit County, Washington and located at 47796 and 47972 Moen Road,

Law Office of Paul W. Taylor Inc., P.S.
20188 Eric Street
Mount Vernon, WA 98274
Phone: (360) 416-6309



Concrete, Washington 98237 (the "Property") legally described in Exhibit "A" attached hereto. Gallagher is the daughter of Ann G. Freeze and the Ronald L. Freeze, the beneficiaries of the Freeze Trusts.

1.2    Defendant ERIC FREEZE ("Eric" or "Defendant"), a single man, is resident of Skagit County and resides in Concrete, WA 98237. He is the grandson on Ronald and Ann Freeze, the beneficiaries of the Freeze Trusts.

## II.    JURISDICTION AND VENUE

2.1    Jurisdiction and venue properly lies in Skagit County Superior Court as the plaintiffs seek monetary damages and other relief relating to real property situated within Skagit County and based upon conduct of the Defendant that occurred in Skagit County, Washington.

## III.    FACTUAL BACKGROUND

3.1    On December 1, 1986 Ronald Freeze and Ann Freeze purchased the Property which consists of two parcels, a larger commercial parcel (7.5 acres) where a light commercial building ("sawmill") is located and a smaller parcel (.39 acres) which contains a small residence.

3.2    On the 16th of September 1994, the Ann G. Freeze Revocable Trust and the Ronald L. Freeze Revocable Trust were created in the County of Rockingham in the State of New Hampshire. On the same day Ann G. Freeze and the Ronald L. Freeze executed a Quit Claim Deed transferring all their interest in the Property to the Freeze Trusts which document was recorded under Skagit County Auditor's File No. 9503140001.

3.3    Since the 1986 purchase of the Property, Ronald Freeze and the Freeze Trusts have paid all real estate taxes on the Property.

Law Office of Paul W. Taylor Inc. PS
20188 Fir St. #4
Mount Vernon WA 98274
Phone (360) 416-6400

2

3 4    Peter G. Freeze was the son of Ronald and Ann Freeze. Peter Freeze lived on the Property with the permission of his parents since 1986. He never paid rent and lived in the residence on the Property. The Defendant has lived on the Property with his father during various periods throughout his life. For nine years prior to 2021, the Defendant has lived on the Property with permission of Peter Freeze and the Freeze Trusts. He resided in a small broken-down trailer located on the commercial portion of the property next to the sawmill. During that period, he has deposited up to over 100 junk vehicles on the larger commercial parcel.

3.5  Peter G. Freeze passed away on November 13, 2021.

3.6  In late November 2021, the Lessee of the commercial parcel, Acuna Cedar Products, engaged in negotiations to purchase the Property from the Freeze Trust. The beneficiaries of the Freeze Trust, Ronald and Ann Freeze, require the sale of the Property for health care and maintenance due to declining health

3.7  Despite being advised in writing by the Plaintiff's attorney that he must vacate the property and remove all the unlicensed and inoperable motor vehicles by October 31, 2021, the Defendant has remained on the Property along with many of the junk vehicles

3.8  On December 13, 2021, Defendant recorded what he alleges is a *lis pendens* on the Property under Skagit County Auditor's File No. 202112130090 claiming he owns the Property based upon some bizarre rationale that has no basis in law or fact

## IV.   FIRST CAUSE OF ACTION

### Trespass

4.1    Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1.1 through 3.8 as though fully and specifically set forth herein

Law Office of Paul W. Taylor Inc. P.S.
20688 Erie Street
Mount Vernon, WA 98274
Phone (360) 424-6909

3

4.2     Defendant has no legal or equitable right to reside or even continue to be on the Property.

4.3     Defendant, without any lawful authority, has caused approximately seventy-five junked motor vehicles to be placed on the Property

4.4     Defendant's continuing acts have interfered with Plaintiff's interest in the exclusive possession of the Property and the sale of the Property.

4.5     As a direct and proximate result of the Defendant's actions, Plaintiff is entitled to an award of damages in an amount to be proven at trial.

## V. SECOND CAUSE OF ACTION

### Ejectment

5.1     Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1.1 through 4.5 as though fully and specifically set forth herein.

5.2     Despite having has no legal or equitable basis to possess or remain on the Property, the Defendant continues to remain on and possess the Property and refuses to vacate the Property.

5.3     Plaintiff has the right to possess and transfer ownership of the Property.

5.4     Plaintiff requests that the Court order that the Defendant immediately vacate the Property and remove his personal property from the Property; and that any of the Defendant's personal property remaining on the Property be sold or disposed by the Plaintiff in accordance with Washington law.

## VI. THIRD CAUSE OF ACTION

### Quiet Title

6.1   The Plaintiff hereby incorporates paragraphs 1.1 through 5.4 by reference as though fully set forth herein.

6.2   The Freeze Trusts acquired title to their Property pursuant to a Quit Claim Deed dated the 16th day of September, 1994, recorded under Skagit County Auditor's File No. 9503140001.

6.3   The Defendant claims to have an ownership interest in the Property based upon a common law theory and no other legal or equitable basis.

6.4   The Plaintiff has and has always had superior title to the Property.

6.5   Plaintiff requests that the Court quiet title to the Property in favor of the Plaintiff on behalf of Ann G. Freeze Revocable Trust and the Ronald L. Freeze Revocable Trust

## VII.   FOURTH CAUSE OF ACTION

### Nuisance and Injunctive Relief

7.1      Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1.1 through 6.5 as though fully and specifically set forth herein.

7.2      At all times relevant to Plaintiff's Complaint, the Defendant created a nuisance by stockpiling large numbers of various types of unlicensed and inoperable motor vehicles that have caused and is continuing to cause unreasonable interference with the Tenant's use and enjoyment of the Property.

7.3 The Defendant has created a continuing nuisance pursuant to RCW 7.48.010 by impairing the Lessee's enjoyment of the Property, diminished the value of the Property, and negatively impacted the sale of the Property. Plaintiff is entitled to damages and injunctive relief under RCW 7.48.020.

7.4     Additionally, the storage of unlicensed and inoperable vehicles constitutes a violation of Skagit County Code ("SCC")14.16.945 (20 and SCC 14.16.320 and enforcement action against the Property owner is pending.

7.5     The continued storage of these unlicensed and inoperable motor vehicles will continue to impair the use, enjoyment and value of Plaintiffs' property and business, and the Plaintiffs will be irreparably damaged.

7.6     Defendant's actions have interfered with Plaintiff's right to the use, sell, and possess the Property.

7.7     As a direct and proximate result of Defendant's actions, Plaintiff has been damaged in an amount to be proven at trial.

7.8     Plaintiff requests that the Court order removal of the inoperable and unlicensed vehicles and that the Defendant be ordered to vacate the Property by a date certain.

## VIII.   FIFTH CAUSE OF ACTION

### Slander of Title

8.1     Plaintiff incorporate by reference paragraphs 1.1 through 7.8 as though set forth specifically herein.

8.2     Defendant's recording of a *lis pendens* on the Property constitutes an unlawful and willful act that has caused a cloud over the lawful title to the Property legally described in Exhibit "A" attached hereto

8.3     The Plaintiff has deemed it necessary to sell the Property to pay for the increased health care costs of Ronald Freeze and Ann Freeze, who are both of failing health. A proposed a sale of the Property was lost due to the *lis pendens*.

8.4    As a direct and proximate cause of the Defendant's actions, Plaintiff are entitled to an award of damages in an amount to be proven at trial.

## IX. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court enter judgment and relief against Defendant as follows:

1.    That the Court quiet title of the Property in favor in the name of the Ann G. Freeze Revocable Trust and the Ronald L. Freeze Revocable Trust and Order the *lis pendens* removed at Defendant's expense and award Plaintiff damages, attorney's fees and costs as authorized by Washington law;

2.    That the Court order the Defendant vacate the Property and remove all personal property from the Property by a specified date and time and order that any of the Defendant's personal property remaining on the Property be sold or disposed by the Plaintiff in accordance with Washington law.

3.    That the Court grant judgment against other persons or parties unknown claiming all right, title, estate lien, or interest in the real estate described in the Complaint;

4.    That the Court award damages to Plaintiff arising from and related to the trespass and slander of title by the Defendant, including special and general damages related thereto;

5.    That the Court award treble damages under RCW 64.12.030;

6.    That the Court award emotional damages, including but not limited to pain and suffering, arising from Defendants' trespass;

7    That the Court grant injunctive relief as requested by Plaintiff;

8.    That the Court award statutory attorney's fees and costs; and

Law Office of Paul W. Freeze, PLLC
20388 Fir Street
Mount Vernon WA 98274
Phone - 841-416-1341

9.   For such other and further relief as the court deems just and equitable under the circumstances

Law Office of Paul W. Easton, Inc. P.s
2033 Fir Street
Mount Vernon WA 98274
Phone 360-336-6200

8

REQUEST FOR
JUDICIAL NOTICE

EXHIBIT 2

SKAGIT ...........
SKAGI ...........

2022 J... -2  ... 10: 5...

1
2
3
4
5
6
7
8

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR SKAGIT COUNTY**

| | |
|---|---|
| ELIZABETH E. GALLAGHER, as **TRUSTEE** of the **ANN G. FREEZE REVOCABLE TRUST**, and of the **RONALD L. FREEZE REVOCABLE TRUST**, | No. 22-2-00163-29 |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S COUNTER MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| **ERIC FREEZE**, a single man, | |
| Defendant. | |

9
10
11
12
13
14
15
16
17

18   This matter came before the Court on Plaintiff's Motion for Summary Judgment and

19   Defendant's Counter Motion for Summary Judgment. The Plaintiff's motion was made

20   pursuant to CR 56 and supported by Declarations and exhibits referred to herein. Defendant's

21   motion was made pursuant to CR 56 and supported by Defendant's Affidavits /Declarations

22   of Truth.

23   The Court considered the pleadings filed in this action, including the Amended Complaint and

24   Answer/Counterclaims and Answer to the Counterclaims submitted herein.

25

      I.    FINDINGS OF FACT - *The court finds no genuine question of material fact. Additional findings are reserved.*

ORIGINAL

Law Office of Paul W. Taylor, Inc., P.S.
20388 Eric Street
Mount Vernon, WA 98274
Phone: (360) 416-6900

Based on the argument of counsel, the pleadings and evidence presented, the Court submits the following Finding of Fact are undisputed:

1.1   On December 1, 1986 Ronald Freeze and Ann Freeze purchased the Property which consists of two parcels, a larger commercial parcel (7.5 acres) where a light commercial building ("sawmill") is located and a smaller parcel (.39 acres) which contains a small residence, legally described in Exhibit "A" attached hereto (the "Property").

1.2   On the 16th of September 1994, the Ann G. Freeze Revocable Trust and the Ronald L. Freeze Revocable Trust were created in the County of Rockingham in the State of New Hampshire. On the same day Ann G. Freeze and the Ronald L. Freeze executed a Quit Claim Deed transferring all their interest in the Property to the Freeze Trusts which document was recorded under Skagit County Auditor's File No. 9503140001.

1.3   Since the 1986 purchase of the Property, Ronald Freeze and the Freeze Trusts have paid all real estate taxes on the Property.

1.4   Peter G. Freeze was the son of Ronald and Ann Freeze. Peter Freeze lived on the Property with the permission of his parents since 1986. He lived in the residence on the Property. The Defendant has lived on the Property with his father during various periods throughout his life.

1.5   For nine years prior to 2021, the Defendant has lived on the Property with permission of Peter Freeze and the Freeze Trusts. He resided in a small broken-down trailer located on the commercial portion of the property next to the sawmill. During that period, he has deposited up to over 100 junk vehicles on the larger commercial parcel.

1.6   Peter G. Freeze passed away on November 13, 2021.

2

Law Office of Paul W. Taylor, Inc., P.S.
20388 Eric Street
Mount Vernon, WA  98274
Phone: (360) 416-6900

1.7   In late November 2021, the Lessee of the commercial parcel, Acuna Cedar Products, engaged in negotiations to purchase the Property from the Freeze Trust. The *reserved* beneficiaries of the Freeze Trust, Ronald and Ann Freeze, require the sale of the Property for health care and maintenance due to declining health.

1.8   Despite being advised in writing by a Plaintiff's attorney that he must vacate the property and remove all the unlicensed and inoperable motor vehicles by October 31, 2021, the Defendant has remained on the Property along with many of the junk vehicles.

1.9   On December 13, 2021, Defendant recorded what he alleges is a *lis pendens* on the Property under Skagit County Auditor's File No. 202112130090. Defendant had no legal basis to file the *lis pendens*.

1.10  The Defendant claims to have an ownership interest in the Property based upon a common law theory with no other legal or equitable basis.

1.11  Defendant, without any lawful authority, has caused a large number of approximately one hundred (100) unlicensed and/ or inoperable vehicles motor vehicles to be placed on the Property.

1.12  In storing the unlicensed and inoperable vehicles on the Property, the Defendant has created a continuing nuisance pursuant to RCW 7.48.010 by impairing the Lessee's enjoyment of the Property, diminished the value of the Property, and negatively impacted the proposed sale of the Property.

1.13  The storage of unlicensed and inoperable vehicles constitutes a violation of Skagit County Code ("SCC")14.16.945 (20 and SCC 14.16.320 and enforcement action against the Property owner (Plaintiff) is pending.

3

Law Office of Paul W. Taylor. Inc. P.S.
20188 Eric Street
Mount Vernon, WA 98274
Phone: (360) 416-6900

1.14 The continued storage of these unlicensed and inoperable motor vehicles will continue to impair the use, enjoyment and value of Plaintiffs' property and business, and the Plaintiffs will be irreparably damaged.

*reserved*

1.15 Defendant's actions have interfered with Plaintiff's right to the use, sell, and possess the Property.

1.16 Defendant has no legal or equitable right to reside or even continue to be present on the Property.

1.17 Defendant's continuing acts have interfered with Plaintiff's interest in the exclusive possession of the Property.

1.18 Despite having has no legal or equitable basis to possess or remain on the Property, the Defendant continues to remain on and possess the Property and refuses to vacate the Property.

1.19 The Plaintiff has and has always had superior title to the Property.

1.20 The Plaintiff has deemed it necessary to sell the Property to pay for the increased health care costs of Ronald Freeze and Ann Freeze, who are both of failing health. A proposed a sale of the Property was lost due to the *lis pendens*.

## II.   CONCLUSIONS OF LAW

Based upon the above Findings of Facts, the Court makes the following Conclusions of Law:

2.1   That the Plaintiff has superior title and the right to possess and transfer ownership of the Property.

2.2   That the Court has authority to quiet title of the Property in favor in the name of the Ann G. Freeze Revocable Trust and the Ronald L. Freeze Revocable Trust.

4

Law Office of Paul W. Taylor Inc. P.S.
20388 Eric Street
Mount Vernon, WA  98274
Phone: (360) 416 6900

2.3     That the Defendant has no legal or equitable ownership of the Property under Washington law;

2.4     That the lien filed and claimed by the Defendant has no legal basis in law or equity and has no legal effect;

2.5     That the Plaintiff is entitled to damages and injunctive relief under RCW 7.48.020.

2.6     That Defendant's recording of a *lis pendens* on the Property constitutes an unlawful and willful act that has caused a cloud over the lawful title to the Property legally described in Exhibit "A" attached hereto.

2.7     That Defendant's actions have interfered with Plaintiff's right to ~~the~~ use, sell, and possess the Property.

2.8     That Defendant's refusal to vacate the property constitutes a continuing trespass on the Property;

2.9     That the Plaintiff is entitled to damages as a result of the Defendant's continuing trespass; and

2.10    That if the Defendant does not vacate the Property and remove his personal property from the property, the Plaintiff may submit a Writ of Ejectment to the Court for the forcible removal of the Defendant from the Property.

## III.     ORDER

**BASED UPON THE ABOVE FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS ORDERED, ADJUDGED AND DECREED:**

3.1     That the Plaintiff's Motion for Summary Judgment is hereby Granted.

Law Office of Paul W Taylor Inc. PS
20388 Eric Street
Mount Vernon, WA 98274
Phone: (360) 416-6900

3.2    That Title to the Property legally described in Exhibit "A". is quieted in the Plaintiff on behalf of Ann G. Freeze Revocable Trust and the Ronald L. Freeze Revocable Trust.

3.3   That the Defendant shall vacate the Property ~~within~~ *by July 18, 2022 at 12:00 p.m.* ~~weeks~~ and remove his personal property, including all the inoperable and unlicensed vehicles on ~~the~~ *from the* Property; and that any of the Defendant's personal property remaining on the Property be sold or disposed by the Plaintiff in accordance with Washington law.

3.4    That the Plaintiff is awarding damages and attorney's fees and costs arising from and related to the Defendant's trespass and slander of title, including special and general damages related thereto which shall be determined in a subsequent hearing which will be held no later the three weeks from the date of this Order;;

3.9    That the Plaintiff shall ~~award~~ *is awarded* emotional damages, including but not limited to pain and suffering, arising from Defendants' trespass; *pending a hearing/trial, to be schedule at Plaintiff's request*

3.10    That the injunctive relief requested and authorized by this Order, to wit: the removal of the Defendant and his personal property from the Property may be enforced either by a Writ of Ejectment procedure or through the contempt powers of the Court if the Defendant fails to vacate the Property;

3.11    That the Defendant's Counter Motion for Summary Judgment is Denied.

3.12    *The 6/3/22 hearing in this case is stricken.*

Dated this _2nd_ day of June, 2022

JUDGE LAURA RIQUELME

6

Law Office of Paul W. Taylor, Inc., P.S.
20388 Eric Street
Mount Vernon, WA  98274
Phone: (360) 416-6900

PRESENTED BY:

1

2

3        LAW OFFICE OF PAUL W. TAYLOR, INC., P.S.

4

5        Paul W. Taylor, WSBA No. 13945

6        Attorney for Plaintiff

7

         Approved as to form:
8

9        _____

10       Eric Freeze
         Defendant
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                              7

## EXHIBIT "A"

### LEGAL DESCRIPTION

P44180/350824-1-001-0000 (47972 Moen Road, Concrete, WA)

The Northeast 1/4 of the Northeast ¼ of the East 1/4, Section 24, Township 35 North, Range 8 East, W.M., North of RLY & East of County Road, except the East 130 feet of the North 130 feet (consisting of 7.5000 acres)

P44181/350824-1-002-0009 (47996 Moen Road, Concrete, WA)

The East 130 feet of the North 130 feet of the Northeast1/4 of the Northeast 1/4, of Section 24, Township 35 North, Range 8 East, W.M., South of Road (0.3900 ac)

REQUEST FOR
JUDICIAL NOTICE

EXHIBIT 3

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR SKAGIT COUNTY

**ELIZABETH E. GALLAGHER, as TRUSTEE of the ANN G. FREEZE REVOCABLE TRUST, and of the RONALD L. FREEZE REVOCABLE TRUST,**

Plaintiff,

v.

**ERIC FREEZE, a single man,**

Defendant.

No.  22-2-00163-29

**ORDER ON PLAINTIFF'S MOTION FOR DETERMINATION OF DAMAGES AND FOR DETERMINATION OF THE AMOUNT OF SUPERSEDEAS BOND ON APPEAL; MOTION FOR CONTEMPT**

THIS MATTER comes before the Court on the Plaintiff's Motion for Orders on Contempt for failure to pay sanctions, to determine the award of damages, and to determine the amount of supersedeas bond required for Defendant's appeal which was prematurely filed.

The Court having reviewed the Court file and all the records and pleadings submitted by the parties including but not limited to the following:

1. The Defendant's Notice of a Preliminary Injunction;

2. The Plaintiff's Response to Defendant's Motion for Preliminary Injunction and Supporting Declarations;

1

3. The Court's Order on Defendant's Motion for Preliminary Injunction and Imposition of Sanctions;

4. Plaintiff's Motion for Summary Judgment with Supporting Declarations and exhibits;

5. Defendant's Motion for Summary Judgment in Opposition the Plaintiff's Motion for Summary Judgment;

6. The Court's Order Granting Plaintiff's Motion for Summary Judgment but reserving the issue of damages for later hearing;

7. Plaintiff's Motion for Contempt and for Determination of Damages and Amount of Supersedeas Bond on Appeal and the Supporting Declaration of the Plaintiff Trustee and attorney Paul W. Taylor and the Exhibits attached thereto;

8. Defendant's Response to Plaintiff's Motion for Contempt and for Determination of Damages and Amount of Supersedeas Bond on Appeal;

9. The Declaration of Paul W. Taylor in Reply to Defendant's Response and exhibits attached thereto;

10. Defendant's reply and accompanying declarations;

11. Plaintiff's notice of readiness for decision; and

12. Defendant's reply and objection to the notice of readiness.

## I. FINDINGS

**Based on the argument of counsel, the pleadings and evidence presented, the Court makes the following Finding of Fact:**

**Note: Paragraphs 1.1 through 1.9 are undisputed.**

1.1 On December 1, 1986 Ronald Freeze and Ann Freeze purchased the Property which consists of two parcels, a larger commercial parcel (7.5 acres) where a light

commercial building ("sawmill") is located and a smaller parcel (.39 acres) which contains a small residence, legally described in Exhibit "A" attached hereto (the "Property").

1.2 On the 16th of September 1994, the Ann G. Freeze Revocable Trust and the Ronald L. Freeze Revocable Trust were created in the County of Rockingham in the State of New Hampshire. On the same day Ann G. Freeze and the Ronald L. Freeze executed a Quit Claim Deed transferring all their interest in the Property to the Freeze Trusts which document was recorded under Skagit County Auditor's File No. 9503140001.

1.3 Since the 1986 purchase of the Property, Ronald Freeze and the Freeze Trusts have paid all real estate taxes on the Property.

1.4 Peter G. Freeze was the son of Ronald and Ann Freeze. Peter Freeze lived on the Property with the permission of his parents since 1986. He lived in the residence on the Property. The Defendant lived on the Property with his father during various periods throughout his life.

1.5 For nine years prior to 2021, the Defendant lived on the Property with permission of Peter Freeze and the Freeze Trusts. He resided in a small broken-down trailer located on the commercial portion of the property next to the sawmill. During that period, he deposited up to over 100 junk vehicles on the larger commercial parcel.

1.6 Peter G. Freeze passed away on November 13, 2021.

1.7 In late November 2021, the Lessee of the commercial parcel, Acuna Cedar Products, engaged in negotiations to purchase the Property from the Freeze Trust. The beneficiaries of the Freeze Trust, Ronald and Ann Freeze, require the sale of the Property for health care and maintenance due to declining health.

3

1.8   Despite being advised in writing by a Plaintiff's attorney that he must vacate the property and remove all the unlicensed and inoperable motor vehicles by October 31, 2021, the Defendant has remained on the Property along with many of the junk vehicles.

1.9   On December 13, 2021, Defendant recorded what he alleges is a *lis pendens* on the Property under Skagit County Auditor's File No. 202112130090. Defendant had no legal basis to file the *lis pendens*.

1.10 The Defendant claimed to have an ownership interest in the Property based upon a common law theory that has no other legal or equitable basis.

1.11 Defendant, without any lawful authority, has caused a large number of approximately one hundred (100) unlicensed and/ or inoperable vehicles motor vehicles to be placed on the Property.

1.12 In storing the unlicensed and inoperable vehicles on the Property, the Defendant created a continuing nuisance pursuant to RCW 7.48.010 by impairing the Lessee's enjoyment of the Property, diminished the value of the Property, and negatively impacted the proposed sale of the Property.

1.13 The storage of unlicensed and inoperable vehicles constitutes a violation of Skagit County Code ("SCC")14.16.945 (20 and SCC 14.16.320 and enforcement action against the Property owner (Plaintiff) is pending.

1.14 The continued storage of these unlicensed and inoperable motor vehicles has and will continue to impair the use, enjoyment and value of Plaintiffs' property and business, and the Plaintiffs have been damaged.

1.15 Defendant's actions interfered with Plaintiff's right to the use, sell, and possess the Property and has caused the Plaintiff additional damages.

4

1.16 Defendant has no legal or equitable right to reside or even continue to be present on the Property.

1.17 Defendant's continuing acts have interfered with Plaintiff's interest in the exclusive possession of the Property.

1.18 Despite having has no legal or equitable basis to possess or remain on the Property, the Defendant continued to remain on and possess the Property and refuses to vacate the Property despite a Court Order to vacate the Property by July 18, 2022.

1.19 The Plaintiff has and has always had superior title to the Property.

1.20 In January 2022, the Plaintiff deemed it necessary to sell the Property to pay for the increased health care costs of Ronald Freeze and Ann Freeze, who are both of failing health. A proposed a sale of the Property for $455,000 was lost due to the Defendant's wrongful filing of the *lis pendens* which constituted a slander of the Plaintiff's title. Additionally, Defendant's conduct and interference with the Tenants made them fear the Defendant and caused them not to purchase the Property.

1.21 Plaintiff has suffered non-economic damages arising from Defendant's continuing trespass;

1.22 The Defendant has not complied with the civil rules in requesting the Motion to Vacate, which the Court interprets as a Motion for Reconsideration.

1.23 The Court finds the Defendant' Motion to Vacate the Order on Sanctions was not timely filed.

1.24 The Defendant has not paid the previously ordered sanction of $750.00 despite having more than four months to do so.

5

1.25  The Plaintiff has incurred attorney's fees and costs responding to Defendant's

Motions and other actions that were not based in law and were entirely frivolous, yet were

vigorously pursued despite multiple hearings before the Court where the lack of legal basis

was explained to Defendant.

1.26  The Court finds the Defendant's Motion to Vacate as frivolous as the previous

Order wherein sanctions were awarded and therefore additional sanctions are appropriate

under CR 11.

1.27  Plaintiff's attorney's rates of $300/hour for office work and $350/hour for

courtroom work are reasonable given his experience, reputation and ability, as well as the

level of expertise he brings to this case given the complicated nature of this dispute and

local rates for attorney services.

1.28  Counsel for Plaintiff reasonably spent five hours in the courtroom and thirty hours

of office work on this case responding to frivolous motions and requests of the Defendant,

totally $13,325 of unnecessarily incurred legal expenses due to Defendant's actions in this

case that lacked any legal justification.

1.29  The Defendant filed a premature appeal of the Court's Order on Summary

Judgment as the determination of damages was reserved for further hearing and the Court

has been requested by Plaintiff to determine the amount of the supersedeas bond on appeal;

1.30  Over the course of his lifetime, the Defendant did perform some work on the

subject property to the benefit of the property, however any amount of value added to the

property by the Defendant has not been shown, particularly in light of the damage he has

done to the property and Plaintiff's ability to resell the property.

6

1.31 Defendant filed an opposition of readiness to this ruling on October 3, 2022, however all briefing and declarations were provided pursuant to the agreed briefing schedule set by this Court with input from the parties at hearing in August.

## II. CONCLUSIONS OF LAW

**Based upon the above Findings of Facts, the Court makes the following Conclusions of Law:**

2.1     That the Plaintiff has superior title and the right to possess and transfer ownership of the Property.

2.2     That the Court has authority to quiet title of the Property in favor in the name of the Ann G. Freeze Revocable Trust and the Ronald L. Freeze Revocable Trust.

2.3     That the Defendant has no legal or equitable ownership of the Property under Washington law;

2.4     That the lien filed and claimed by the Defendant has no legal basis in law or equity and has no legal effect;

2.5     That the Plaintiff is entitled to damages and injunctive relief under RCW 7.48.020.

2.6     That Defendant's recording of a *lis pendens* on the Property constitutes an unlawful and willful act that has caused a cloud over the lawful title to the Property.

2.7     That Defendant's actions have interfered with Plaintiff's right to the use, sell, and possess the Property.

2.8     That Defendant's refusal to vacate the property constitute a continuing trespass on the Property;

7

2.9   That the Plaintiff is entitled to damages and injunctive relief as a result of the Defendant's continuing trespass; and

2.10   That if the Defendant does not vacate the Property and remove his personal property from the property, the Plaintiff may submit a Writ of Ejectment to the Court for the forcible removal of the Defendant from the Property and all personal property remaining on the Property shall become the Property of the Plaintiff to dispose of as the Plaintiff deems appropriate under Washington law.

2.11   The Defendant has not shown that work he has performed on the property justifies offsetting the bond amount by the value added by labor and materials that he provided.

2.12   Despite Defendant's objection to these matters being decided, all evidence has been properly submitted and this case is ready for ruling.

### III.   ORDER

**BASED UPON THE ABOVE FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS ORDERED, ADJUDGED AND DECREED:**

3.1   That the Plaintiff's Motion for a determination of damages and amount required for a supersedeas bond is hereby **Granted**.

3.2   That Title to the Property legally described in Exhibit "A". is quieted in the Plaintiff on behalf of Ann G. Freeze Revocable Trust and the Ronald L. Freeze Revocable Trust.

3.3   That the Defendant shall vacate the Property **by December 1, 2022** and remove his personal property, including all the inoperable and unlicensed vehicles on the from the Property; and that any of the Defendant's personal property remaining on the Property be sold or disposed by the Plaintiff in accordance with Washington law.

8

3.4   That the Plaintiff is awarded economic and non-economic damages and attorney's fees and costs arising from and related to the Defendant's trespass and slander of title, filing a frivolous lien, including special and general damages related thereto which are determined as follows:

| | |
|---|---|
| Loss of Interest from the proposed sale of the Property: | $15,100 |
| Loss of Use: | $     0 |
| Increased Medical Costs to Grandparents: | $10,000 |
| Trustee's Lost Wages: | $ 4,000 |
| Filing and Recording Costs: | $   500 |
| Attorney's Fees to Date: | $13,250 |
| Non-Economic damages (emotional, pain and suffering) | $50,000 |

3.10   That the injunctive relief requested is authorized by this Order, to wit: the removal of the Defendant and his personal property from the Property may be enforced either by a Writ of Ejectment procedure or through the contempt powers of the Court if the Defendant fails to vacate the Property;

3.11   That the Defendant's Motion to Vacate the sanction imposed by the Court's Order of May 6, 2022 is Denied.

3.12   That the Court Orders that the Defendant is in Contempt for his failure to pay the sanction of $750.00 ordered on May 6, 2022 and the Court orders an additional sanction of $1,000 for CR 11 violations in continuing to maintain a clearly frivolous action despite prior warnings from the Court. Both sanctions, totaling $1,750 shall be paid to Plaintiff's attorney within two weeks of this order to remove the contempt order and to avoid further sanctions.

9

**NOW THEREFORE** the Court hereby **ORDERS ADJUDGES AND DECREES** that:

1. Defendants' Motion to Vacate is hereby **DENIED**.

2. The Plaintiff's request for CR 11 sanctions with respect to the Plaintiff's Motion to Vacate is **GRANTED.**

3. Plaintiff's Motions for Contempt and CR 11 sanctions are hereby Granted with **$1,000** awarded as a CR 11 sanction. All sanctions, including the previously ordered $750 contempt sanction, shall be paid to Plaintiff's attorney within two weeks of this order to avoid further Contempt Orders.

3. Plaintiff is awarded **$13,250** in attorney's fees pursuant to CR 11 which shall be paid by Defendant to Plaintiff's attorney by December 30, 2022.

4. Plaintiff is awarded damages economic and non-economic damages and attorney's fees and costs arising from and related to the Defendant's trespass and slander of title, filing a frivolous lien, including special and general damages in the total amount of **$79,600.00** arising from Defendant's actions and conduct.

5. If the Defendant continues with his appeal of the Motion for Summary Judgment, the court determines that **the amount of the supersedeas bond shall be $250,000.**

6. Defendant's motion to reconsider **DENIED.**

7. Defendant's motion objection to readiness on the issue of damages is **OVERRULED.**

ENTERED this 31'st day of October, 2022.

JUDGE LAURA RIQUELME

10

Presented electronically, with some modifications and additions from the Court, by:
LAW OFFICE OF PAUL W. TAYLOR, INC., P.S.

By: _____

Paul W. Taylor, WSBA No. 13945
Attorney for Plaintiff

# REQUEST FOR JUDICIAL NOTICE

# EXHIBIT 4

FILED
9/8/2023
Court of Appeals
Division I
State of Washington

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
### DIVISION I

| | |
|---|---|
| ELIZABETH E. GALLAGHER, as TRUSTEE of the ANN G. FREEZE REVOCABLE TRUST, and of the RONALD L. FREEZE REVOCABLE TRUST | No. 842544-I |
| | MANDATE |
| | Skagit County |
| Respondent, | Superior Court No. 22-2-00163-4 |
| v. | |
| ERIC FREEZE | |
| Appellant. | |

**THE STATE OF WASHINGTON TO:** The Superior Court of the State of Washington in and

for Skagit County.

This is to certify that the ruling filed on July 25, 2023 became the decision

terminating review in the above case on September 8, 2023. This case is mandated to

the Superior Court from which the appeal was taken for further proceedings in

accordance with the attached true copy of the decisions.

c:     Paul William Taylor
       Eric Freeze
       Hon. Laura Riquelme

Page **2** of **2**
No. 842544



**IN TESTIMONY WHEREOF,** I have hereunto set my
hand and affixed the seal of said Court at Seattle, this
8th day of September, 2023.

**LEA ENNIS**
Court Administrator/Clerk of the Court of Appeals,
State of Washington, Division I.

REQUEST FOR
JUDICIAL NOTICE

EXHIBIT 5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC STEPHEN FREEZE, | CASE NO. C22-1844JLR |
| Plaintiff, | ORDER |
| v. | |
| DON MCDERMOTT, et al., | |
| Defendants. | |

## I.   INTRODUCTION

On July 13, 2023, the court ordered *pro se* Plaintiff Eric Stephen Freeze to show cause, by July 27, 2023, why the court should not conclude that Mr. Freeze fails to state a plausible claim against Mr. Acuna and dismiss this action. (7/13/23 Order (Dkt. # 53) at 10.) Mr. Freeze timely responded to the court's order to show cause. (*See generally* Resp. (Dkt. # 63).) In his response, Mr. Freeze also asks the court to grant him leave to amend his complaint. (*See id.*) The court has considered Mr. Freeze's response, the relevant portions of the record, and the governing law. Being fully advised, the court

ORDER - 1

1    DISMISSES Mr. Freeze's amended complaint (Am. Compl. (Dkt. # 3)), DENIES Mr.

2    Freeze's motion for leave to amend (Resp.), and DENIES as moot Defendant Jose T.

3    Acuna's pending motion to dismiss (Acuna MTD (Dkt. # 51)).

4                  **II.   BACKGROUND[1]**

5       Mr. Freeze's claims in this matter arise from his eviction from a property in

6    Concrete, Washington (the "Property") and the Skagit County Superior Court quiet title

7    action that preceded it. (*See generally* Am. Compl.) On December 29, 2022, Mr. Freeze

8    filed this lawsuit against various Defendants, alleging a litany of violations of state and

9    federal statutes and provisions of the Washington State and United States Constitutions.

10    (*See* Am. Compl. at 12-19; *see generally* Compl. (Dkt. # 1); 5/23/23 Order at 2-8

11    (discussing the parties and their connections to the case).) On May 23, 2023, the court

12    dismissed Mr. Freeze's claims against all Defendants except Mr. Acuna, who had not yet

13    appeared in the action. (*See* 5/23/23 Order; Dkt.) Mr. Freeze alleges that Mr. Acuna, a

14    tenant of the Property who had negotiated to buy it, violated his First and Fourth

15    Amendment rights. (*See* Am. Compl. at 5-6, 13-14.)

16       In its July 13, 2023 show cause order, the court construed Mr. Freeze's claim

17    against Mr. Acuna for alleged violations of his First and Fourth Amendment rights (*id.* at

18    13-14) as a constitutional claim brought under 42 U.S.C. § 1983. (*See* 7/13/23 Order at

19    4-5.) The court went on to preliminarily conclude that Mr. Freeze failed to establish that

20    Mr. Acuna, a private individual, acted under color of state law when he allegedly violated

21

22       [1] The court detailed the factual and procedural background of this case in its May 23, 2023 order (5/23/23 Order (Dkt. # 27) at 4-8) and does not repeat that background here.

ORDER - 2

1    Mr. Freeze's constitutional rights, and thus, failed to state a plausible Section 1983 claim

2    against Mr. Acuna. (*See id.* at 5-10 & n.3 (concluding that Mr. Freeze also failed to

3    identify a plausible violation of his First and Fourth Amendment rights).) The court also

4    preliminarily concluded that, to the extent the allegations in Mr. Freeze's amended

5    complaint could be construed as alleging a conspiracy claim against Mr. Acuna under 42

6    U.S.C. § 1985(3) (Am. Compl. at 13-14), such a claim would fail because: (1) "the court

7    cannot reasonably infer the existence of an agreement to violate Mr. Freeze's

8    constitutional rights"; (2) "the absence of a [S]ection 1983 deprivation of rights precludes

9    a [S]ection 1985 conspiracy claim predicated on the same allegations"; and (3) "Mr.

10    Freeze does not allege any class-based discrimination." (7/13/23 Order at 9-10 (quoting

11    *Caldeira v Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989)); *id.* at 10 n.4 (citing

12    cases that discuss the class-based animus requirement).)

13       A trial court may dismiss a claim *sua sponte* under Federal Rule of Civil

14    Procedure 12(b)(6). *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987)

15    (citing *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981)). Unless it is apparent that the

16    plaintiff "cannot possibly win relief," *sua sponte* dismissal is appropriate only after

17    providing the parties an opportunity to be heard. *Wong*, 642 F.2d at 361-62; *Sparling v.*

18    *Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). The court, exercising this

19    authority, ordered Mr. Freeze to show cause why the court should not conclude that Mr.

20    Freeze fails to state a plausible claim against Mr. Acuna and dismiss this action. (7/13/23

21    Order at 10.) Mr. Freeze timely responded. (Resp.)

22    //

ORDER - 3

1

## III.  ANALYSIS

2      Mr. Freeze's response to the court's show cause order does not substantively

3  respond to the issues identified in that order. (*See generally* Resp.) Rather, his response

4  focuses almost entirely on the alleged misconduct of parties and individuals who are no

5  longer before the court. (*See generally id.*; *see also* 5/23/23 Order (dismissing the Skagit

6  County Defendants and the Trust Defendants); 7/18/23 Order (Dkt. # 60) at 2 (reiterating

7  that "[Erik] Pedersen is no longer involved in this action because his clients, the Skagit

8  [County] Defendants, have been dismissed from this case").)  With respect to Mr. Acuna,

9  Mr. Freeze's response merely repeats the allegations in his amended complaint regarding

10  Mr. Acuna's alleged involvement in a scheme to take away Mr. Freeze's Property in

11  violation of his Fourth Amendment rights. (*Compare* Resp. at 13, *with* Am. Compl. at

12  5-6, 13-14.)

13      In light of the analysis and preliminary conclusions set forth in the court's show

14  cause order (*see* 7/13/23 Order at 4-10), and Mr. Freeze's failure to meaningfully respond

15  to the same (*see generally* Resp.), the court concludes that Mr. Freeze's amended

16  complaint fails to state plausible claims for relief against Mr. Acuna under Sections 1983

17  and 1985(3).  The court therefore DISMISSES Mr. Freeze's claims against Mr. Acuna

18  under Sections 1983 and 1985(3).

19      To the extent Mr. Freeze's amended complaint asserts other claims against Mr.

20  Acuna, the court also dismisses these for failure to allege any plausible claim for relief.

21  In addition to the claims identified above, Mr. Freeze's amended complaint also asserts

22  claims for equitable estoppel and for violations of numerous federal and state criminal

ORDER - 4

1 │ statutes against "Defendants" generally. (*See* Am. Compl. at 12-13, 18; *compare id.*,

2 │ *with id.* at 13-19 (alleging certain claims against only the elected, state actor Skagit

3 │ County Defendants).)  To the extent Mr. Freeze intended to assert these claims against

4 │ Mr. Acuna, he cannot possibly recover against Mr. Acuna under any of these claims.

5 │ First, no private right of action exists to enforce the criminal statutes Mr. Freeze cites.

6 │ (*See* Am. Compl. at 13-18); *see, e.g.*, *Keyter v. 230 Gov't Officers*, 372 F. Supp. 2d 604,

7 │ 610 (W.D. Wash. 2005) ("Private citizens are not permitted to enforce criminal statutes

8 │ or prosecute crime."), *aff'd sub nom. Keyter v. Locke*, 182 F. App'x. 684 (9th Cir. 2006);

9 │ *Silviera v. Bank of Am., N.A.*, No. CV 17-00185 DKW-KJM, 2017 WL 1532264, at *2-3

10 │ & n.5 (D. Haw. Apr. 27, 2017) (reaching the same conclusion regarding 18 U.S.C.

11 │ §§ 241 and 242, two of the criminal statutes at issue here); *Kerner v. Seattle Police Dep't*,

12 │ C18-1737JCC, 2019 WL 1922925, at *3 (W.D. Wash. Apr. 30, 2019) ("Plaintiff cannot

13 │ maintain private causes of action under Revised Code of Washington §§ 9A.80.010,

14 │ 42.20.040, 42.20.100, 9A.36.080, 9A.36.011."). Second, Mr. Freeze cannot state a

15 │ cognizable claim for equitable estoppel against Mr. Acuna (*see* Am. Compl. at 12)

16 │ because "[e]quitable estoppel is available only as a defense to claims against enforcement

17 │ of a contract," *McCormick v. Lake Wash. Sch Dist.*, 992 P.2d 511, 516 (Wash. Ct. App.

18 │ 1999), and Mr. Freeze does not allege the existence of a contract between himself and

19 │ Mr. Acuna (*see* Am. Compl.).[2]  Accordingly, the court DISMISSES each of Mr. Freeze's

20 │

21 │ ───────────────
    │ [2] To the extent Mr. Freeze attempts to base an equitable estoppel claim on Mr. Acuna's
22 │ alleged failure to respond to Mr. Freeze's "affidavits" (Am. Compl. at 12-13), the court has
    │ already concluded that "[a]bsent some duty or contractual obligation to respond, Defendants'

ORDER - 5

1 | remaining claims against Mr. Acuna, if any. The court need not give Mr. Freeze notice

2 | and an opportunity to be heard before dismissing such claims because he "cannot

3 | possibly win relief." *Wong*, 642 F.2d at 361-62; *see also Shoop v. Deutsche Bank Nat.*

4 | *Tr. Co.*, 465 F. App'x 646, 647 (9th Cir. 2012) (affirming district court's Rule 12(b)(6)

5 | *sua sponte* dismissal of plaintiffs' Truth in Lending Act claims as time-barred, "despite

6 | not providing [plaintiffs'] notice and an opportunity to oppose dismissal").

7 |     In general, a district court must provide a *pro se* litigant with notice of the

8 | deficiencies of the complaint and an opportunity to amend if those deficiencies can be

9 | cured. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992); *Akhtar v. Mesa*, 698 F.3d

10 | 1202, 1212 (9th Cir. 2012). The court may, however, deny leave to amend where

11 | amendment would be futile. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th

12 | Cir. 2002) (citing *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d

13 | 242, 247 (9th Cir. 1990)). Here, Mr. Freeze's constitutional claims against Mr. Acuna

14 | are premised on Mr. Acuna's alleged interference with Mr. Freeze's interest in the

15 | Property. (*See* 7/13/23 Order at 7-10; Am. Compl. at 5-6, 13-14.) The court concludes

16 | that amendment would be futile because: (1) the Skagit County Superior Court

17 | conclusively ruled that Mr. Freeze had no legal or equitable right to the Property that is

18 | the subject of this action (*see* 5/23/23 Order at 7, 14 (citing SCD MTD (Dkt. # 10), Ex.

19 | 6)); (2) Mr. Freeze has failed to identify anything that would plausibly indicate Mr.

20 | Acuna is a state actor capable of being sued under Section 1983 or that he violated or

21 |

22 | failure to respond to Mr. Freeze's Affidavits does not create a cognizable claim." (*See* 5/23/23 Order at 12-13.)

ORDER - 6

1   conspired to violate Mr. Freeze's constitutional rights; and (3) Mr. Freeze "cannot

2   possibly win relief" with respect to his claims for equitable estoppel and violations of

3   state and federal criminal statutes. (*See supra*; 7/13/23 Order at 4-10.) Accordingly, the

4   court DENIES Mr. Freeze's motion for leave to amend and DISMISSES Mr. Freeze's

5   claims against Mr. Acuna with prejudice and without leave to amend.

6                   **IV.   CONCLUSION**

7       For the foregoing reasons, the court DISMISSES Mr. Freeze's amended complaint

8   (Dkt. # 3) with prejudice and without leave to amend and DIRECTS the Clerk to close

9   this case. The court further DENIES Mr. Freeze's motion for leave to amend (Dkt. # 63)

10   and DENIES as moot Mr. Acuna's motion to dismiss (Dkt. # 51).

11       Dated this 28th day of July, 2023.

12

13

14                         JAMES L. ROBART
                        United States District Judge

15

16

17

18

19

20

21

22

ORDER - 7

REQUEST FOR
JUDICIAL NOTICE

EXHIBIT 6

202310190014
10/19/2023 10:11 AM Pages: 1 of 4 Fees: $208.50
Skagit County Auditor, WA

When recorded return to:

James Massingale and Angela Massingale
48136 Yeager Road
Concrete, WA 98237

209920-LT

SKAGIT COUNTY WASHINGTON
REAL ESTATE EXCISE TAX
Affidavit No 20238445
Oct 19 2023
Amount Paid $4637.00
Skagit County Treasurer
By Lena Thompson Deputy

## STATUTORY WARRANTY DEED

THE GRANTOR(S) **Elizabeth E. Gallagher, Successor Trustee of the Ann G. Freeze Revocable Trust U/T/A dated September 16, 1994, and Elizabeth E. Gallagher, Successor Trustee of the Ronald L. Freeze Revocable Trust U/T/A dated September 16, 1994**

for and in consideration of **TEN DOLLARS AND OTHER GOOD AND VALUABLE CONSIDERATION**

in hand paid, conveys and warrants to **James Massingale and Angela Massingale, a married couple**

the following described real estate, situated in the County of Skagit, State of Washington:

**For Full Legal See Attached "Exhibit A"**

Abbreviated Legal: (Required if full legal not inserted above.)

ptn NE NE, 24-35-8

Tax Parcel Number(s): 350824-1-001-0000/P44180 & 350824-1-002-0009/P44181

Subject to all covenants, conditions, restrictions, reservations, agreements and easements of record including, but not limited to, those shown in Land Title Company's Preliminary Commitment No. 209920-LT

Dated:  August 25ᵗʰ, 2023

LPB 10-05(ir)
Page 1 of 3

(attached to Statutory Warranty Deed)

Ann G. Freeze Revocable Trust dated September 16, 1994

By: _____
    Elizabeth E. Gallagher, Successor Trustee

Ronald L. Freeze Revocable Trust dated September 16, 1994

By: _____
    Elizabeth E. Gallagher, Successor Trustee

STATE OF New Hampshire
COUNTY OF Rockingham

This record was acknowledged before me on 25th day of August, 2023 by Elizabeth E. Gallagher, Successor Trustee of Ann G. Freeze Revocable Trust dated September 16, 1994 and Elizabeth E. Gallagher, Successor Trustee of Ronald L. Freeze Revocable Trust dated September 16, 1994.

_____
Signature

Notary Public
_____
Title

My commission expires: Nov 22 2027

[Notary Seal: MANUELA FRASER, MY COMMISSION EXPIRES NOVEMBER 22, 2027, NEW HAMPSHIRE NOTARY PUBLIC]

LPB 10-05(ir)
Page 2 of 3

## Exhibit A

PARCEL "A":

The North 130 feet of the East 130 feet of the following described tract:

That portion of the Northeast 1/4 of the Northeast 1/4 of Section 24, Township 35 North, Range 8 East, W.M., which lies North of the Great Northern Railroad right-of-way, and East of the County Road,

EXCEPT road along the North line thereof.

Situate in the County of Skagit, State of Washington.

PARCEL "B":

That portion of the Northeast 1/4 of the Northeast 1/4 of Section 24, Township 35 North, Range 8 East, W.M., which lies North of the Great Northern Railway Company right-of-way and East of the County Road,

EXCEPT road along the North side thereof,

AND EXCEPT the North 130 feet of the East 130 feet of that portion of the above described premises lying Southerly of the County Road.

Situate in the County of Skagit, State of Washington.

LPB 10-05(it)
Page 3 of 3

202310190014
10/19/2023 10:11 AM  Page 4 of 4

## Right to Manage Natural Resource Lands Disclosure

Skagit County's policy is to enhance and encourage Natural Resource Land management by providing County resident's notification of the County's recognition and support of the right to manage Natural Resource Lands, e.g., farm and forest lands.

Skagit County Code 14 38.030(2) requires, in specified circumstances, recording of the following disclosure in conjunction with the deed conveying the real property:

This disclosure applies to parcels designated or within 1 mile of designated agricultural land or designated or within 1/4 mile of rural resource, forest or mineral resource lands of long-term commercial significance in Skagit County.

A variety of Natural Resource Land commercial activities occur or may occur in the area that may not be compatible with non-resource uses and may be inconvenient or cause discomfort to area residents. This may arise from the use of chemicals; or from spraying, pruning, harvesting or mineral extraction with associated activities, which occasionally generates traffic, dust, smoke, noise, and odor. Skagit County has established natural resource management operations as a priority use on designated Natural Resource Lands, and area residents should be prepared to accept such incompatibilities, inconveniences or discomfort from normal, necessary Natural Resource Land operations when performed in compliance with Best Management Practices and local, State, and Federal law.

In the case of mineral lands, application might be made for mining related activities including extraction, washing, crushing, stockpiling, blasting, transporting and recycling of minerals. If you are adjacent to designated NR Lands, you will have setback requirements from designated NR Lands

Washington State Law at RCW 7.48.305 also establishes that

...agricultural activities conducted on farmland and forest practices, if consistent with good agricultural and forest practices and established prior to surrounding nonagricultural and nonforestry activities, are presumed to be reasonable and shall not be found to constitute a nuisance unless the activity or practice has a substantial adverse effect on public health and safety. ...An agricultural activity that is in conformity with such laws and rules shall not be restricted as to the hours of the day or day or days of the week during which it may be conducted.

REQUEST FOR JUDICIAL NOTICE

EXHIBIT 7



**CERTIFICATION OF VITAL RECORD**

# State of New Hampshire

## CERTIFICATE OF DEATH

FILE # **2023009865**

| | |
|---|---|
| FULL NAME OF DECEASED | **RONALD LEIGH FREEZE** |
| DATE OF DEATH | **SEPTEMBER 19, 2023** |
| TIME OF DEATH | **09:00 AM** |
| DATE OF BIRTH | **DECEMBER 07, 1933** |
| BIRTHPLACE | **SEATTLE, WASHINGTON** |
| MOTHER'S/PARENT'S NAME | **NELL FREEZE (HERRETT)** |
| FATHER'S/PARENT'S NAME | **LEIGH FREEZE** |
| PLACE OF DEATH | **EXETER, NEW HAMPSHIRE** |
| DOMESTIC STATUS | **MARRIED** |
| SPOUSE'S/PARTNER'S NAME PRIOR TO FIRST MARRIAGE/CIVIL UNION | **ANN GILMAN** |
| SOCIAL SECURITY NUMBER | **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** |
| RESIDENCE | **EXETER, NEW HAMPSHIRE** |
| PLACE OF DISPOSITION | **PHOENIX CREMATORY, HAMPTON, NEW HAMPSHIRE** |
| DATE OF DISPOSITION | **SEPTEMBER 23, 2023** |
| MANNER OF DEATH | **NATURAL** |

AGE **89 YRS**     SEX **MALE**

FILE DATE **SEPTEMBER 21, 2023**

CAUSE OF DEATH

APPROX INTERVAL:ONSET TO DEATH

a **PARKINSON'S DISEASE**     **YEARS**

b

c

d

OTHER SIGNIFICANT CONDITIONS

DESCRIBE HOW INJURY OCCURRED

DATE/TIME OF INJURY
PLACE OF INJURY
LOCATION OF INJURY
NAME AND ADDRESS OF CERTIFIER
**SUSAN D PORTER MD, 4 ALUMNI DRIVE, EXETER, NEW HAMPSHIRE 03833**

MARGINAL NOTES

<span style="color:red">4033363</span>

I HEREBY CERTIFY THIS IS A TRUE COPY ISSUED FROM THE OFFICIAL RECORDS ON FILE AT THIS OFFICE AND SHALL BE RECEIVED AS EVIDENCE WITH THE SAME EFFECT AS THE ORIGINAL.

ATTEST: 

STATE/LOCAL REGISTRAR:
Kristin M. Kenniston, State Registrar

DATE ISSUED: **September 21, 2023**   STATE/CITY/TOWN OF:   **NORTH HAMPTON**

This copy not valid without official vital record watermark, holographic seals, and displaying seal and signature of Registrar. It shall be unlawful for anyone to reproduce this certificate other than local or State Registrar.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

VS-SP1

