Case 2:23-cv-01135-JLR   Document 67   Filed 07/08/24   Page 1 of 6



JUL 08 2024

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                    DEPUTY

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Eric S. Freeze,<br><br>      Plaintiff, Pro per<br><br>vs.<br><br>ELIZABETH E. GALLAGHER, JOSE T. ACUNA, ANN G. FREEZE REVOCABLE TRUST, and the RONALD L. FREEZE REVOCABLE TRUST, JAMES MASSINGALE AND ANGELA MASSINGALE,<br>      Defendants | Case No. 2 : 23-CV-01135-JLR<br><br>**Plaintiff's Response and Affidavit in SUPPORT of ORDER TO SHOW CAUSE, WHY FRCP 26 (f) Conference was not completed** |

NOW COMES Eric S. Freeze, Plaintiff, and files this Notice in compliance with minute order outlined in Document 65, and would show cause to this Honorable Court as follows:

In response to the Court's order to show cause regarding the parties' failure to conduct a Rule 26(f) conference within the ordered time, Plaintiff Eric Freeze respectfully submits the following:

1. Defendant Jose T. Acuna has consistently refused all correspondence, returning it unopened to Plaintiff. Evidence of these returned envelopes is available for the Court's review.

2. The remaining Defendants, Gallaghar, Massingales and Freeze Trust, are represented by counsel Paul W. Taylor. Mr. Taylor requested communication via phone/email only, citing inconvenience with certified mail. During a phone conversation, Mr. Taylor expressed a desire to postpone due to personal health reasons. Taylor has access to Pacer, Plaintiff only has a phone and does not have a pacer account.
Response to Show Cause        1        Eric Freeze 23-cv-1135
                                                                               P O Box 12
                                                                               Concrete WA 98723

a. The initial court-ordered conference date set by Judge Martinez was not attended by any Defendants.

b. A second alternative date, set by Judge Robart, also saw no engagement from Mr. Taylor or Mr. Acuna.

4. Plaintiff duly notified the Court of these failures to appear:

a. On June 3, 2024 (doc 55), regarding the first missed conference. b. On June 21, 2024 (doc 60), regarding both missed conferences.

b. On June 21, 2024 (doc 60), regarding both missed conferences.

5. Plaintiff has maintained records of communications, including a screenshot of phone communications with Mr. Taylor regarding the proposed meeting dates and times.

6. In a good faith effort to comply with the Court's orders and move the proceedings forward, Plaintiff submitted his answers to the FRCP 26(f) conference requirements on June 21, 2024 (doc 60).

Plaintiff asserts that he has made all reasonable efforts to comply with the Court's orders and facilitate the 26(f) conference. The failure to conduct the conference stems from the non-cooperation of the Defendants and or their counsel.

As the court in Marchand v. Mercy Medical Center, 22 F.3d 933 (9th Cir. 1994) held, sanctions are warranted when a party fails to participate in good faith in the development of a discovery plan. Similarly, in Guifu Li v. A Perfect Day Franchise, Inc., No. 5:10-CV-01189-LHK (N.D. Cal. Nov. 22, 2011), the court imposed sanctions on defendants for failing to participate in the Rule 26(f) conference.

Moreover, in Avila v. Willits Environmental Remediation Trust, No. C 99-03941 SI (N.D. Cal. Feb. 9, 2001), the court found that defendants' failure to participate in a Rule 26(f) conference

was not substantially justified. The importance of Rule 26(f) conferences in the discovery process was further emphasized in Biltmore Associates, LLC v. TwinCity Fire Insurance Co., 572 F.3d 663 (9th Cir. 2009).

Given these precedents and the Plaintiff's demonstrated efforts to comply with the Court's orders, Plaintiff respectfully requests that the Court recognize his good faith efforts and refrain from imposing sanctions on him. Instead, Plaintiff asks the Court to consider appropriate measures to compel Defendants' participation in the required conference.

Respectfully submitted,

All rights reserved,

_____        7/5/2024
Plaintiff, Pro per                Date
UCC 1-308 without prejudice





Eric

[Image of grievance form]

> I don't get back until June 17th then I'll be happy to

Wed, Jun 26, 3:17 PM

Texting with Paul Taylor (SMS/MMS)

> Mr. Taylor,
>
> We need to get this 26f meeting done. I need to know what time works best for you. 11:00 a.m. or 4:00 p.m. on May 28, 2024? Please respond and let me know which you prefer.

Tuesday, May 28 • 3:23 PM

> Mr. Taylor, I need you to message or call me and let me know what is going on please. We need to do the 26f hearing ASAP.

Wednesday, May 29 • 10:38 AM

> Mr. Taylor, I still haven't received a response from you for the 26f hearing. I again propose Wednesday May 29 at 11 a.m. or 4 p.m. Or Thursday May 30, 2024 11 a.m. or 4:00 p.m. or Friday May 31, 2024 at 11:00 a.m. or 4:00

