

FILED
LODGED
RECEIVED

JUL 08 2024

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

AFFIDAVIT OF ERIC FREEZE in Support to Response to Show Cause:

I, Eric Freeze, being duly sworn, depose and state as follows:

1. I am the Plaintiff in this action, proceeding Pro per, and I have personal knowledge of the facts stated herein.

2. I have made diligent efforts to comply with the Court's orders regarding the Rule 26(f) conference, as required by Federal Rules of Civil Procedure and emphasized in Mack v. City of Chicago, No. 17 C 5627 (N.D. Ill. Apr. 3, 2018).

3. All correspondence sent to Defendant Jose T. Acuna has been refused and returned to me unopened. I have retained these returned envelopes as evidence of my attempts to communicate and am prepared to present them to the Court if requested.

4. The remaining Defendants, Gallaghar, Massingales and Freeze Trust, are represented by counsel Paul W. Taylor. Mr. Taylor requested that all communications be sent via text or email, citing inconvenience with certified mail.

5. During a phone conversation with Mr. Taylor, he expressed a desire to postpone the conference due to personal health reasons. I accommodated this request in good faith, demonstrating my willingness to cooperate as emphasized in Marchand v. Mercy Medical Center, 22 F.3d 933 (9th Cir. 1994).

6. I made multiple attempts to schedule and conduct the 26(f) conference:
   a. I was prepared for the initial court-ordered conference date set by Judge Martinez, but no Defendants appeared.
   b. I proposed a second alternative date, set by Judge Robart, but again received no engagement from Mr. Taylor or Mr. Acuna.

7. I promptly notified the Court of the Defendants' failures to appear:
   a. On June 3, 2024 (doc 55), I notified the Court regarding the first missed conference.
   b. On June 21, 2024 (doc 60), I notified the Court regarding both missed conferences.

8. I have maintained records of all communications, including a screenshot of my phone showing the last notification to Mr. Taylor of the proposed meeting dates and times.

9. In a good faith effort to comply with the Court's orders and to move the proceedings forward, as emphasized in Guifu Li v. A Perfect Day Franchise, Inc., No. 5:10-CV-01189-LHK (N.D. Cal. Nov. 22, 2011), I submitted my answers to the FRCP 26(f) conference requirements on June 21, 2024 (doc 60).

10. I have consistently acted in good faith and made every reasonable effort to facilitate the required 26(f) conference, in accordance with the principles outlined in Avila v. Willits Environmental Remediation Trust, No. C 99-03941 SI (N.D. Cal. Feb. 9, 2001).

Affidavit                                      1

11. The failure to conduct the conference stems solely from the non-cooperation of the Defendants and their counsel, not from any lack of effort or good faith on my part.

12. Paul W Taylor has made it a pattern and practice of testifying for his clients, in past cases that he wants to reference and now in this federal case. Plaintiff affirms that Paul W, Taylor's Affidavits and all Declarations are false, untruthful and unlawful as per: United States v. Locascio, 6 F.3d 924 (2d Cir. 1993) The court held that an attorney should not act as both an advocate and a witness in the same proceeding, except under special circumstances.

1. Mechanic v. Gruensfelder, 461 S.W.2d 298 (Mo. App. 1970) The court stated that an attorney should not be both a witness and an advocate in the same case.
2. Model Rules of Professional Conduct, Rule 3.7 While not case law, this widely adopted rule states that a lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness, with some exceptions.
3. State v. Van Dyck, 827 A.2d 192 (N.H. 2003) The court discussed the advocate-witness rule and its importance in maintaining the integrity of the judicial process.
4. Ramey v. District 141, Int'l Ass'n of Machinists & Aerospace Workers, 378 F.3d 269 (2d Cir. 2004) The court reaffirmed the principle that an attorney should not serve as both advocate and witness in the same proceeding.
5. World Youth Day, Inc. v. Famous Artists Merchandising Exchange, Inc., 866 F. Supp. 1297 (D. Colo. 1994) The court discussed the advocate-witness rule and its application in federal courts.

These cases and rules generally support the principle that an attorney should not testify on behalf of their clients, as it can create conflicts of interest, blur the line between advocate and witness, and potentially prejudice the proceedings.

There is no question that Plaintiff will call Paul W. Taylor as a witness in this case.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this  5  day of  July , 2024.

*Eric Freeze*
Eric Freeze
Plaintiff, Pro per
Affiant further sayeth naught.

All Rights Reserved,

Affidavit                                                          2

## NOTARY STATEMENT

In the State of Washington,

County of Skagit

I swear that on this __5__ day of __July__ 2024, the above-named Eric S. Freeze Affiant/Witness/, Victim/, Claimant, personally appeared before me, and of his own free will, signed and executed this AFFIDAVIT/DECLARATION OF TRUTH, In Support of Court Order to Show cause for Failure to combine FRCP 26 (f) conference agreement,

_Linda Sue Fussell_ Notary Public

My Commission Expires: __9-23-2025__
Seal:

```
LINDA SUE FUSSELL
Notary Public
State of Washington
Commission Number 22002128
My Commission Expires
09/23/2025
```

Affidavit                                3

