

FILED
LODGED
RECEIVED   MAIL

JUL 08 2024

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

# IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Eric S. Freeze, <br><br> Plaintiff, <br><br> vs. <br><br> ELIZABETH E. GALLAGHER, JOSE T. ACUNA, ANN G. FREEZE REVOCABLE TRUST, and the RONALD L. FREEZE REVOCABLE TRUST, JAMES MASSINGALE AND ANGELA MASSINGALE, <br> Defendants | Case No. 2 : 23-CV-01135-JLR <br><br> **Declaration OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

DECLARATION OF ERIC FREEZE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff Eric Freeze, proceeding pro per, hereby submits this Opposition to Defendants' Motion to Dismiss and respectfully shows the Court as follows:

1. The Supreme Court has consistently held that pro se litigants should be afforded liberal construction of their pleadings and the opportunity to amend before dismissal.

2. In Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the Supreme Court held that allegations in a pro se complaint are to be held "to less stringent standards than formal pleadings drafted by lawyers."

3. The Court in Erickson v. Pardus, 551 U.S. 89, 94 (2007) reaffirmed this principle, stating that "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

4. Furthermore, in Castro v. United States, 540 U.S. 375, 381-82 (2003), the Supreme Court emphasized the importance of providing notice and an opportunity to amend to pro se litigants before recharacterizing their filings, stating that courts must "notify the pro se litigant about the consequences of the recharacterization, thereby giving the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."

5. While Castro dealt with a specific type of motion, its principle of providing notice and opportunity to amend has been broadly applied to pro se filings in lower courts.

6. In line with these precedents, Plaintiff respectfully requests that, should the Court find any deficiencies in the complaint, Plaintiff be granted leave to amend and be provided with specific instructions on how to correct any such deficiencies.

7. This approach aligns with the Supreme Court's guidance in Foman v. Davis, 371 U.S. 178, 182 (1962), which states that "the court should freely give leave [to amend] when justice so requires" and that "this mandate is to be heeded."

8. Plaintiff has acted in good faith throughout these proceedings and stands ready to address any perceived shortcomings in the pleadings.

WHEREFORE, Plaintiff respectfully requests that this Court:

a) Deny Defendants' Motion to Dismiss;

b) In the alternative, if the Court finds any deficiencies in the complaint, grant Plaintiff leave to amend with specific instructions on how to correct any such deficiencies;

c) Grant such other and further relief as this Court deems just and proper.

Respectfully submitted and Executed on this 5 day of July, 2024, at Concrete, WA

All Rights reserved

*[signature]*

Eric Freeze, Plaintiff, Pro per
P O Box 12
Concrete WA 98237
Ericfreeze87@gmail.com
UCC 1-307 without prejudice

``

