

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Eric S. Freeze,<br><br>    Plaintiff,<br><br>vs.<br><br>ELIZABETH E. GALLAGHER, JOSE T.<br>ACUNA, ANN G. FREEZE REVOCABLE<br>TRUST, and the RONALD L. FREEZE<br>REVOCABLE TRUST, JAMES MASSINGALE<br>AND ANGELA MASSINGALE,<br>    Defendants | Case No. 2 : 23-CV-01135-JLR<br><br>**Declaration in opposition<br>of Sanctions** |

```
```

DECLARATION OF ERIC FREEZE IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS

I, Eric Freeze, declare as follows:

1. I am the Plaintiff in this action, proceeding pro se. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

2. I submit this declaration in opposition to Defendants' Motion for Sanctions regarding the failure to conduct a Rule 26(f) conference.

Opposition to Sanctions          1          Eric Freeze 23-cv-1135

3. I have made diligent and good faith efforts to comply with the Court's orders regarding the Rule 26(f) conference, as required by Federal Rules of Civil Procedure and emphasized in Mack v. City of Chicago, No. 17 C 5627 (N.D. Ill. Apr. 3, 2018).

4. All correspondence sent to Defendant Jose T. Acuna has been refused and returned to me unopened. I have retained these returned envelopes as evidence of my attempts to communicate.

5. Defendants Gallaghar, Massengale, and Freeze Trust, represented by counsel Paul W. Taylor, have failed to cooperate in scheduling the conference. Mr. Taylor requested all communications be sent via text or email, citing inconvenience with certified mail.

6. I made multiple attempts to schedule and conduct the 26(f) conference:

   a. I was prepared for the initial court-ordered conference date set by Judge Martinez, but no Defendants appeared.

   b. I proposed a second alternative date, set by Judge Robart, but again received no engagement from Mr. Taylor or Mr. Acuna.

7. I promptly notified the Court of the Defendants' failures to appear:

   a. On June 3, 2024 (doc 55), I notified the Court regarding the first missed conference.

   b. On June 21, 2024 (doc 60), I notified the Court regarding both missed conferences.

8. In Marchand v. Mercy Medical Center, 22 F.3d 933 (9th Cir. 1994), the court held that sanctions are warranted when a party fails to participate in good faith in the development of a discovery plan. Here, it is the Defendants who have failed to participate in good faith, not me.

9. Similarly, in Guifu Li v. A Perfect Day Franchise, Inc., No. 5:10-CV-01189-LHK (N.D. Cal. Nov. 22, 2011), the court imposed sanctions on defendants for failing to participate in the Rule 26(f) conference. The facts in the present case mirror this situation, with the Defendants failing to participate despite my repeated attempts.

10. In Avila v. Willits Environmental Remediation Trust, No. C 99-03941 SI (N.D. Cal. Feb. 9, 2001), the court found that defendants' failure to participate in a Rule 26(f) conference was not substantially justified. I contend that the Defendants in this case similarly lack justification for their failure to participate.

11. The importance of Rule 26(f) conferences in the discovery process was emphasized in Biltmore Associates, LLC v. TwinCity Fire Insurance Co., 572 F.3d 663 (9th Cir. 2009). I have consistently recognized this importance and acted accordingly.

12. In a good faith effort to comply with the Court's orders and to move the proceedings forward, I submitted my answers to the FRCP 26(f) conference requirements on June 21, 2024 (doc 60).

13. I have maintained records of all communications, including a screenshot of my phone showing the last notification to Mr. Taylor of the proposed meeting dates and times.

14. The failure to conduct the conference stems solely from the non-cooperation of the Defendants and their counsel, not from any lack of effort or good faith on my part.

15. Given the aforementioned case law and my demonstrated efforts to comply with the Court's orders, I respectfully submit that sanctions against me are unwarranted. Instead, I ask the Court to consider appropriate measures to compel Defendants' participation in the required conference.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 5 day of July, 2024, at Concrete, WA

*[signature]*

Eric Freeze

Plaintiff, Pro per

