

JUL 15 2024

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Eric Freeze, ) | |
|     Plaintiff, ) | 2:23-cv-01135-JLR |
| vs. ) | |
| ELIZABETH E. GALLAGHER, JOSE T. ) ACUNA, ANN G. FREEZE REVOCABLE ) TRUST, and the RONALD L. FREEZE ) REVOCABLE TRUST, JAMES MASSINGALE ) AND ANGELA MASSINGALE, )     Defendants ) | REQUESTED JUDICIAL NOTICE |

Pursuant to Fed. R. Evid. 201, judicial notice may be taken of matters of public record. Harris v. City of Orange, 682 F.3d 1126, 1131 fn. 3 (9th Cir. 2012); United States Small Bus. Admin. v. Bensal, 853 F.3d 992, 1003 fn. 3 (9th Cir. 2017). Plaintiff requests the Court take Judicial Notice of the following Exhibits on record at: Federal case Case 2:22-cv-01844-JLR Document 1-2 Filed 12/29/22 Page 3-7, 14-23, 32-35, 39-42 that reflects Defendants ELIZABETH E. GALLAGHER, JOSE T. ACUNA, ANN G. FREEZE REVOCABLE TRUST, and the RONALD L. FREEZE REVOCABLE TRUST, tacit assent agreement to the unrebutted affidavits.

1. Nature of the Case:

This case primarily concerns a complex contract dispute between out-of-state entities and Washington resident, Eric Freeze. The intricacy of the contractual relationships and the alleged breach thereof necessitates a thorough examination of facts and evidence, which is best accomplished through a trial by jury.

2. Origin and Context of the Dispute:

This dispute originated with the death of Eric Freeze's father, Peter Freeze, who served as the Power of Attorney for the Freeze Trust until his passing. During his tenure, Peter Freeze, with full authority, entered into an agreement with Eric Freeze for:

a) Maintenance of buildings, including foundation repairs on both commercial and residential properties

b) Sewer restoration, water line replacement, and rewiring

c) Property maintenance, including lawn care

d) Primary caregiving for Peter Freeze in his later years

As remuneration for this agreement, Eric Freeze was to inherit the property in question. Records allegedly show that Peter Freeze entered into a purchase agreement with Eric Freeze. However, these records were reportedly stolen when defendant ACUNA allegedly broke into Eric's home of over 30 years, removed property purchase records, and changed the locks to prevent Eric's reentry.

After Peter Freeze's death, Elizabeth Gallagher became the new Trustee of the Trust and allegedly evicted Eric from his home improperly. When it was evident that Gallagher was not going to honor the power of attorney's contract, Eric Freeze sent affidavits claiming contractual obligations. Rather than settle, Gallagher evicted and sued the Plaintiff. It is further alleged that defendant Massingales colluded with Elizabeth Gallagher to conceal assets by selling the property to MASINGALES who then destroyed Eric's family records, heirlooms, and photos. This alleged destruction occurred after they were notified via certified mail that the dispute was being taken to federal court and were instructed to cease and desist.

3. Jurisdiction and Amount in Controversy:

The contract dispute exceeds $75,000, satisfying the requirements for diversity jurisdiction under 28 U.S.C. § 1332. Moreover, the alleged amount of over $750,000 underscores the significant financial implications of this case, further justifying a full trial to ensure justice is served.

4. Legal Precedent on Tacit Assent and Silence as Agreement:

Defendants received affidavits via certified mail in which they were made aware of the contractual agreement of unpaid funds due Plaintiff. Defendants had at least 33 total days to respond, none of the Defendants or their representatives rebutted Plaintiff's affidavits.

The Court takes notice of established federal case law supporting the principle that silence or inaction can constitute agreement or acceptance under certain circumstances:

a) U.S. ex rel. Bunk v. Gosselin World Wide Moving, N.V., 741 F.3d 390 (4th Cir. 2013)

b) United States v. Irvine, 511 U.S. 224 (1994)

c) Garczynski v. Bradshaw, 573 F.3d 1158 (11th Cir. 2009)

d) Rivera-Colon v. AT&T Mobility Puerto Rico, Inc., 913 F.3d 200 (1st Cir. 2019)

e) Valente v. QVC, Inc., 2012 WL 3270865 (D.N.J. Aug. 9, 2012)

f) United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981) *"Indeed, no more than affidavits is necessary to make the prima facie case."*

g) Data Disc, Inc. v. Systems Tech. Assoc., Inc., 557 F.2d 1260 (9th Cir. 1977) *"An unrebutted affidavit stands as truth in law."*

5. Application to the Current Case:

In light of the above precedents, the defendants' alleged silence and inaction in response to the affidavits sent by Mr. Freeze could reasonably be construed as tacit assent to the contract's validity. This tacit assent, if proven, would significantly strengthen Mr. Freeze's claim and underscores the need for a full trial to examine all aspects of this complex case.

6. Federal Jurisdiction Over State Law Claims:

28 U.S.C. § 1367 provides for supplemental jurisdiction, allowing federal courts to hear state law claims that are substantially related to a federal claim. In this case, the Court has the authority to exercise supplemental jurisdiction over any state law claims that are part of the same case or controversy as the federal claims.

7. Reasons for Retaining Massingales and ACUNA as Defendants:

a) Intertwined allegations: The actions of Massingales and ACUNA are deeply intertwined with the core contract dispute, making their presence essential for a full and fair adjudication of the case. This aligns with Fed. R. Civ. P. 19(a)(1)(A), which requires joinder of parties needed for just adjudication. b) Alleged collusion: There are allegations of collusion between these defendants and other parties, which directly relates to the contract dispute and alleged asset concealment. This falls under the RICO Act, 18 U.S.C. § 1962(d), which prohibits conspiracy to violate RICO provisions. c) Potential criminal actions: The allegations against these defendants

include potential criminal actions (breaking and entering, theft, destruction of evidence) which are integral to understanding the full scope of the dispute. These actions may constitute violations of 18 U.S.C. § 1512 (tampering with a witness, victim, or an informant). d) Complete relief: Keeping these defendants in the case is necessary to afford complete relief to the plaintiff, as their alleged actions directly impacted the contract and related evidence. This is supported by Fed. R. Civ. P. 19(a)(1)(A) and the principle of "complete relief" as discussed in Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102 (1968). e) Judicial economy: Addressing all related claims and parties in a single proceeding promotes judicial economy and prevents the risk of inconsistent rulings. This principle is supported by United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966), which emphasizes the importance of judicial economy in federal courts. f) Preservation of evidence: Given the allegations of document theft and destruction, keeping these defendants in the case is crucial for addressing potential spoliation of evidence. This is relevant under Fed. R. Civ. P. 37(e), which provides sanctions for failure to preserve electronically stored information. g) Conspiracy allegations: The alleged coordinated actions between these defendants and others suggest a potential conspiracy, which is relevant to the overall case. This is actionable under 42 U.S.C. § 1985 (Conspiracy to interfere with civil rights) and the aforementioned RICO Act. h) Supplemental jurisdiction: The claims against these defendants are so related to the main claim that they form part of the same case or controversy, allowing the court to exercise supplemental jurisdiction under 28 U.S.C. § 1367. i) Necessary parties: Under Washington state law, RCW 19.40.071, in cases involving fraudulent transfers, both the first transferee of the asset and the person for whose benefit the transfer was made are necessary parties to the action. j) Indispensable parties: The Supreme Court in Temple v. Synthes Corp., 498 U.S. 5 (1990), has held that joint tortfeasors are not indispensable parties, but can be joined if their presence is required for full relief. Given the allegations, Massingales and ACUNA may fall into this category.

These legal bases demonstrate that Massingales and ACUNA are not only proper defendants in this action but are necessary for the full and fair adjudication of the claims presented. Their continued presence in the case is crucial for ensuring complete relief and addressing all aspects of the alleged wrongdoing.

8. Long-term Labor and Investment:

The plaintiff's claim spans more than 20 years of labor, materials, and expenses. The extensive timeframe and substantial investment alleged by Eric Freeze necessitate a comprehensive evaluation of evidence that can only be achieved through a full trial.

9. Constitutional Right to Trial by Jury:

The Seventh Amendment to the U.S. Constitution preserves the right to a jury trial in civil cases where the value in controversy exceeds twenty dollars. Given the substantial amount in dispute here, Mr. Freeze's constitutional right to a jury trial should be upheld.

10. Complexity of Allegations:

The allegations of asset concealment and denial of compensation over an extended period involve intricate factual scenarios that are best assessed by a jury of peers, who can weigh the credibility of witnesses and evaluate complex evidence.

11. Legal Precedent on Unrebutted Affidavits:

Legal Precedent on Unrebutted Affidavits: The Court should take note of the well-established legal principle that an unrebutted affidavit stands as truth in law. This principle is supported by numerous federal court decisions and statutes: a) Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992): The Supreme Court held that at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice. When these allegations are made under oath in the form of an affidavit, they carry even greater weight. b) Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986): The Supreme Court stated that Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, which includes affidavits. c) United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981): The Court held that "Indeed, no more than affidavits is necessary to make the prima facie case." This underscores the evidentiary value of affidavits in federal proceedings. d) Data Disc, Inc. v. Systems Tech. Assoc., Inc., 557 F.2d 1280 (9th Cir. 1977): The Court affirmed that "An unrebutted affidavit stands as truth in law." e) Fed. R. Civ. P. 56(c)(4): This rule explicitly allows for the use of affidavits or declarations to support factual positions in summary judgment motions, stating they "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." f) 28 U.S.C. § 1746: This federal statute provides that unsworn declarations under penalty of perjury may be submitted in lieu of affidavits, giving them the same force and effect as sworn affidavits. g) Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir. 1995): The Court held that the nonmoving party cannot rest on mere allegations in the pleadings to overcome a motion for summary judgment, but must set forth specific facts in affidavits showing there is a genuine issue for trial. h) S.E.C. v. Phan, 500 F.3d 895, 909-10 (9th Cir. 2007): The Court emphasized that an affidavit can raise genuine issues of material fact sufficient to defeat summary judgment if it is based on personal knowledge and sets forth facts that would be admissible in evidence. i) Doe v. Univ. of Puget Sound, 2020 WL 5408208 (W.D. Wash. Sept. 9, 2020): This recent district court decision reaffirmed that unrebutted affidavits can establish facts for summary judgment purposes.

In the present case, Mr. Freeze has submitted affidavits detailing the contract dispute and related events. These affidavits, if unrebutted, should be treated as established fact for the purposes of this proceeding. The defendants' failure to rebut these affidavits through counter-affidavits or other admissible evidence lends significant weight to Mr. Freeze's claims and further underscores the need for a full trial to examine all aspects of this complex case.

This body of law demonstrates the significant evidentiary weight given to unrebutted affidavits in federal court proceedings. It provides a strong basis for the Court to consider the facts presented in Mr. Freeze's affidavits as true, absent any contrary evidence from the defendants.

12. Washington State Law Considerations:

RCW 4.40.060 and 4.40.070 outline the right to trial by jury in civil proceedings in Washington State, which aligns with the federal right in this diversity case.

13. Public Interest in Justice:

Given the significant allegations of long-term financial impropriety and contract breach, there is a substantial public interest in ensuring this matter receives a full and fair hearing before a jury of peers.

Summary and Request:

These factors collectively demonstrate that this case involves complex factual disputes, significant financial implications, and serious allegations that warrant a full trial by jury. The

case presents intricate issues of contract law, potential criminal actions, and long-standing familial disputes that are best resolved through a comprehensive examination of evidence and witness testimony.

The Court is respectfully requested to take judicial notice of the aforementioned points and to allow the trial by jury, as demanded by the Plaintiff, to proceed. Dismissing this case would potentially deprive Mr. Freeze of his constitutional right to have these matters fully examined in court and would be contrary to the interests of justice given the complexity and gravity of the allegations presented.

WHEREFORE, Plaintiff Eric Freeze respectfully requests that this Court deny any motions to dismiss and allow this case to proceed to a trial by jury as demanded.

All rights preserved,

Respectfully Submitted

Sworn Statement patterned per 28 U.S.C. 1746 (1):

"I declare under pain and penalty of perjury under the laws of the (organic) united States of America that the foregoing is true and correct to the best of my knowledge.

Executed on July 12th, 2024.

Eric Freeze, Pro per
P O Box 12
Concrete, WA 98237
Ericfreez87@gmail.com
360 202 6178

ERIC FGREEZE
P O BOX 12
CONCRETE WA 908237

7022 0410 0000 8232 4531

FILED
LODGED
RECEIVED

JUL 15 2024

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

CLERK U.S. DISTRICT COURT
700 STEWART  ST. 2310
SEATTLE WA 98101

Ateri: 23;cv-1135



RDC 99

Retail

98101

U.S. POSTAGE PAID
FCM LETTER
MOUNT VERNON, WA 98273
JUL 13, 2024
$5.32
R2304N117980-14