UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC STEPHEN FREEZE, | CASE NO. C23-1135JLR |
| Plaintiff, | ORDER |
| v. | |
| ELIZABETH E. GALLAGHER, et al., | |
| Defendants. | |

## I.     INTRODUCTION

Before the court is an amended motion for sanctions filed by Defendants Elizabeth E. Gallagher, Ann G. Freeze Revocable Trust, Ronald L. Freeze Revocable Trust, James Massingale, and Angela Massingale (collectively, the "Gallagher Defendants"). (Mot. (Dkt. # 61).) *Pro se* Plaintiff Eric Stephen Freeze opposes the Gallagher Defendants' motion. (Resp. (Dkt. # 70).) Defendant Jose T. Acuna did not file any papers in support of or in opposition to the motion. (*See generally* Dkt.) On July 12, 2024, the court held a

hearing in which it preliminarily informed the parties that it was unlikely to award monetary sanctions. (*See* 7/12/24 Min. Entry (Dkt. # 75).) The court has considered the motion, the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised, the court DENIES the Gallagher Defendants' motion for sanctions.

## II. ANALYSIS[1]

The Gallagher Defendants urge the court to issue "significant" sanctions against Mr. Freeze pursuant to Federal Rule of Civil Procedure 11(c). (*See generally* Mot.) They argue that Mr. Freeze's complaint in this case is frivolous and that Mr. Freeze has "continued to file baseless and meritless motions that have wasted both [the Gallagher] Defendants' counsel's time and effort, but [sic] needlessly and callously inflicted emotional harm on the [Gallagher] Defendants, who have had to live with this lawsuit hanging over their heads." (*Id.* at 3.) They assert that the "only purpose of this lawsuit was to harass the [Gallagher] Defendants herein and Defendants' counsel and cost them money and stress." (*Id.*) In response, Mr. Freeze argues that he made good faith efforts to comply with the court's orders regarding the parties' failure to conduct a Rule 26(f) conference and that it is the Gallagher Defendants and their attorney who have failed to act in good faith these proceedings. (*See generally* Resp.)

---

[1] The court summarized the factual and procedural background of this action and its two predecessor actions in its April 19, 2024 order denying the Gallagher Defendants' first motion to dismiss. (*See* 4/19/24 Order (Dkt. # 49) at 2-4.)

1       Rule 11(b) requires an attorney or unrepresented party who presents a "pleading,
2  written motion, or other paper" to the court to certify that (1) the filing "is not being
3  presented for any improper purpose, such as to harass, cause unnecessary delay, or
4  needlessly increase the cost of litigation"; (2) the claims, defenses, and other legal
5  contentions are warranted by existing law or by a nonfrivolous argument for extending,
6  modifying, or reversing existing law or for establishing new law"; (3) "the factual
7  contentions have evidentiary support or, if specifically so identified, will likely have
8  evidentiary support after a reasonable opportunity for further investigation or discovery";
9  and (4) "the denials of factual contentions are warranted on the evidence or, if
10 specifically so identified, are reasonably based on belief or a lack of information." Fed.
11 R. Civ. P. 11(b)(1)-(4).  If the court determines that an attorney or unrepresented party
12 has violated Rule 11(b), it "may impose an appropriate sanction" on the attorney or party
13 responsible for the violation.  Fed. R. Civ. P. 11(c)(1).
14      In this case, the court has repeatedly called out Mr. Freeze's failure to follow the
15 Federal Rules of Civil Procedure and this District's Local Civil Rules and has warned
16 Mr. Freeze several times that he risked sanctions for further failure to comply with those
17 rules.  (*See, e.g.*, 3/8/24 Order (Dkt. # 30) at 2 (warning Mr. Freeze that the filing of
18 unfounded motions to disqualify the Gallagher Defendants' attorney may result in
19 sanctions); 3/15/24 Order (Dkt. # 33) at 2 (denying Mr. Freeze's motion for entry of
20 default and warning him that continued filing of unfounded motions would result in
21 sanctions); 5/21/24 Order (Dkt. # 54) at 2 (denying Mr. Freeze's motion for Rule 11
22 sanctions for failure to comply with Rule 11(c)(2)'s "safe harbor" requirement).)  The

ORDER - 3

court has also, however, issued multiple orders identifying the Gallagher Defendants' own failures to comply with the rules.  (*See, e.g.*, 3/8/24 Order at 3 (warning counsel for the Gallagher Defendants that failure to respond to a motion may result in the inference that the Gallagher Defendants concede that the motion has merit (citing Local Rules W.D. Wash. LCR 7(b)(2))); 3/20/24 Order (Dkt. # 39) at 3 (identifying multiple violations of the Local Civil Rules in the Gallagher Defendants' filings and warning that failure to comply with the Local Civil Rules in the future may result in sanctions); 4/4/24 Order (Dkt. # 45) at 2-3 (denying the Gallagher Defendants' first motion for Rule 11 sanctions for failure to comply with Rule 11(c)(2)'s "safe harbor" requirement); 4/19/24 Order (Dkt. # 49) at 5 (denying the Gallagher Defendants' first motion to dismiss for failure to include legal argument and citations to the record and authority); *see also* 6/28/24 Min. Order (Dkt. # 59) (informing the Gallagher Defendants that they must file their motion for sanctions on the docket as a separate entry if they sought a ruling on the motion).)

Based on the foregoing, the court denies the Gallagher Defendants' motion for sanctions.  Both parties have unnecessarily multiplied the proceedings in this case and wasted judicial resources by failing to comply with the court's rules and orders.  In the court's view, awarding sanctions to either party would only serve to exacerbate the underlying dispute and reward bad behavior.  *See, e.g.*, *In re Gilman*, No. CV 11-9327 DOC, 2012 WL 1162223, at *5 (C.D. Cal. Apr. 4, 2012) (denying motions for sanctions filed by both parties in a bankruptcy appeal where the court disapproved of both parties' conduct).  Mr. Freeze and the Gallagher Defendants are warned that the filing of

1 | unfounded motions and the failure to follow the Local Civil Rules and the Federal Rules
2 | of Civil Procedure in the future will result in the imposition of sanctions.

### III.  CONCLUSION

For the foregoing reasons, the court DENIES the Gallagher Defendants' amended motion for sanctions (Dkt. # 61).

Dated this 29th day of July, 2024.

JAMES L. ROBART
United States District Judge