UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC STEPHEN FREEZE,<br><br>        Plaintiff,<br><br>   v.<br><br>ELIZABETH E. GALLAGHER, et al.,<br><br>        Defendants. | CASE NO. C23-1135JLR<br><br>ORDER |

## I.    INTRODUCTION

Before the court is the renewed motion to dismiss filed by Defendants Elizabeth E. Gallagher, Ann G. Freeze Revocable Trust, Ronald L. Freeze Revocable Trust (together with Ann G. Freeze Revocable Trust, the "Trusts"), James Massingale, and Angela Massingale (collectively, the "Gallagher Defendants"). (MTD (Dkt. # 63).) Plaintiff Eric Stephen Freeze, who is proceeding *pro se* in this action, opposes the motion (MTD Resp. (Dkt. # 69)) and filed a request for judicial notice in which he includes additional

ORDER - 1

arguments opposing dismissal (Request (Dkt. # 79)). Defendant Jose T. Acuna joins in the Gallagher Defendants' motion to dismiss. (Joinder (Dkt. # 77).) On July 12, 2024, the court held a hearing in which, in relevant part, it heard argument from the parties on the motion to dismiss. (*See* 7/12/24 Min. Entry (Dkt. # 75).) The court has considered the motion, the parties' arguments and submissions, the relevant portions of the record, and the governing law. Being fully advised, the court GRANTS the Gallagher Defendants' motion to dismiss and Mr. Acuna's joinder thereto.

## II. BACKGROUND

Mr. Freeze's claims in this matter arise from his eviction from a property in Concrete, Washington ("the Property"). The court discusses the relevant factual and procedural background below.

**A. General Background**

Ms. Gallagher is the daughter of Ann G. and Ronald L. Freeze, the beneficiaries of the Trusts, and is the trustee for the Trusts. (6/28/24 Taylor Sanctions Decl. (Dkt. # 62) ¶ 27, Ex. 1 ("*Gallagher* Complaint") ¶ 1.1.[1]) Mr. Freeze is the grandson of Ann and Ronald Freeze. (*Id.* ¶ 1.2; Am. Compl. (Dkt. # 5) ¶ 3.3.) Mr. Freeze alleges that his father, Peter Freeze—Ann and Ronald Freeze's son—borrowed money with his parents to buy the Property. (Am. Compl. ¶ 3.3.) Ann and Ronald Freeze then put the Property into the Trusts and, according to Mr. Freeze, gave Peter Freeze power of attorney for the Trusts. (*Id.* ¶¶ 3.3-3.4) As Mr. Freeze acknowledges, the Property was never removed

---

[1] As discussed below, the court grants the Gallagher Defendants' request for the court to take judicial notice of documents and orders filed in *Gallagher*.

ORDER - 2

from the Trusts prior to the events underlying this matter.  (*Id.* ¶¶ 3.3, 3.6; *see also* 6/28/24 Taylor Sanctions Decl. ¶ 27, Ex. 3 ("*Gallagher* Damages Order") ¶¶ 1.2-1.3 (finding that the Property was quit-claimed to the Trusts in 1994).)  Mr. Freeze alleges, however, that he and Peter Freeze entered into an oral contract in which Mr. Freeze would "guard, maintain and repair" the Property in exchange for ownership of the Property upon Peter Freeze's demise.  (Am. Compl. ¶ 3.4)  Mr. Freeze asserts that he maintained the Property for 20 years in accordance with that oral agreement.  (*Id.*)  Peter Freeze died on November 13, 2021.  (*Id.* ¶ 3.5.)

According to Mr. Freeze, within two days of his father's death, Ms. Gallagher and Mr. Acuna—a tenant of the Property who had "agreed to buy all the property as soon as [Mr. Freeze] was removed from the property"—"conspired to forcibl[y] attempt to vacate and remove [Mr. Freeze] from the property by breaking, entering, stealing documents, property, and then changing the entry locks to [Mr. Freeze's] home . . . without his foreknowledge, permission or compensation[.]"  (*Id.* ¶¶ 3.6-3.7.)  Mr. Freeze further alleges that Ms. Gallagher and Mr. Acuna "worked in concert with" Skagit County Sheriff Donald L. McDermott to "cause [Mr. Freeze] to be robbed, made homeless, destitute, and without solace in a time of grievance and with willful intent to deprive and deny [Mr. Freeze] that he is worthy of his hire and of his promised inheritance."  (*Id.* ¶ 3.8.)  Mr. Freeze asserts that Sheriff McDermott refused to investigate his allegations that Ms. Gallagher and Mr. Acusa were conspiring to violate his rights.  (*Id.*)

Mr. Freeze alleges that Ms. Gallagher "fabricated a scheme of a false story that the 'Trust had died and was in Probate'" in order to remove him from the Property.  (*Id.*)  He

also states that he sent Ms. Gallagher and the Trusts an invoice for "equipment, materials, expenses, labor, monies, and time" that he "invested in the Property" and "three affidavit invoices" along with an "affidavit of Notice of Default," but Ms. Gallagher and the Trusts "did not answer or respond to [his] request for payment." (*Id.* ¶¶ 3.9-3.10.) In December 2021, Mr. Freeze recorded a purported *lis pendens* and UCC-1 lien against the Property. (*See id.* ¶ 3.11; *Gallagher* Damages Order ¶ 1.9.)

**B.     *Gallagher v. Freeze***

In February 2022, Ms. Gallagher, as trustee for the Trusts, filed a quiet title action in Skagit County Superior Court. *See Gallagher v. Freeze*, No. 22-2-00163-4 (Skagit Cnty. Super. Ct.) (hereinafter, "*Gallagher*"). Ms. Gallagher brought claims against Mr. Freeze for trespass, ejectment, quiet title, nuisance, and slander of title. (*Gallagher* Compl. ¶¶ 4.1-8.4.) Mr. Freeze answered the complaint and asserted counterclaims. (*See* 6/28/24 Taylor Sanctions Decl. ¶ 27, Ex. 2 ("*Gallagher* Summary Judgment Order") at 1 (listing documents the Superior Court considered in deciding Ms. Gallagher's motion for summary judgment).)

On June 2, 2022, the Superior Court granted Ms. Gallagher's motion for summary judgment and denied Mr. Freeze's counter-motion for summary judgment. (*See generally id.*) The Superior Court concluded, in relevant part, that (1) Ms. Gallagher, as trustee, had "superior title and the right to possess and transfer ownership of the Property"; (2) Mr. Freeze had "no legal or equitable ownership of the Property under Washington law"; (3) the lien filed by Mr. Freeze had no legal or equitable basis and no legal effect; (4) Mr. Freeze's actions interfered with Ms. Gallagher's right to "use, sell,

and possess the Property"; and (5) Mr. Freeze's refusal to vacate the Property "constitutes a continuing trespass on the Property." (*Id.* ¶¶ 2.1-2.10.) As a result, the Superior Court (1) quieted title in the Property in Ms. Gallagher on behalf of the Trusts; (2) ordered Mr. Freeze to vacate and remove all personal property from the Property by July 18, 2022; (3) awarded Ms. Gallagher damages, attorney's fees, and costs in an amount to be determined at a later hearing; and (4) authorized the removal of Mr. Freeze and his personal property from the Property "either by a Writ of Ejectment procedure or through the contempt powers of the Court." (*Id.* ¶¶ 3.1-3.12.)

Mr. Freeze failed to vacate the property by the deadline. (*See Gallagher* Damages Order ¶ 1.18.) Instead, he filed an appeal of the Superior Court's summary judgment order and a motion for a preliminary injunction. (*See id.* at 1-2 (listing documents the court considered in deciding Ms. Gallagher's motion for damages).)

On October 31, 2022, the Superior Court granted Ms. Gallagher's motion for damages, for a supersedeas bond pending the resolution of Mr. Freeze's appeal, and for contempt. (*See generally id.*) The Superior Court found, in relevant part, that (1) Mr. Freeze "claimed to have an ownership interest in the Property based upon a common law theory that has no other legal or equitable basis"; (2) Mr. Freeze had stored approximately 100 "unlicensed and/or inoperable vehicles" on the Property "without any lawful authority"; (3) Mr. Freeze had "no legal or equitable right to reside or even continue to be present on the Property;" (4) Ms. Gallagher, as trustee for the Trusts, "has and has always had superior title to the Property"; (5) Mr. Freeze had filed frivolous motions and requests during the lawsuit; and (6) although Mr. Freeze performed work on

the Property, "any amount of value added to the property by [Mr. Freeze] has not been shown, particularly in light of the damage he has done to the property and [Ms. Gallagher's] ability to resell the property." (*Id.* ¶¶ 1.10-1.19, 1.25-1.26, 1.30; *see also id.* ¶¶ 2.1-2.12 (conclusions of law).) As a result, the Superior Court ordered Mr. Freeze to vacate and remove his personal property from the Property by no later than December 1, 2022, and awarded Ms. Gallagher $79,600 in damages and $13,250 in attorney's fees. (*Id.* ¶¶ 3.1-3.11.) The Superior Court also imposed monetary sanctions against Mr. Freeze for "maintain[ing] a clearly frivolous action despite prior warnings from the Court." (*Id.* ¶ 3.12.)

Mr. Freeze did not pursue his appeal of the Superior Court's orders, and the Washington Court of Appeals dismissed the appeal as abandoned on July 26, 2023. *See* Order, *Gallagher v. Freeze*, No. 842544-I (Wash. Ct. App. July 26, 2023), available at https://acdocportal.courts.wa.gov/PublicAccess/search_ca.html (last visited August 6, 2024).

## C.  *Freeze v. McDermott*

Mr. Freeze filed his first federal lawsuit arising from his eviction on December 29, 2022. (*See Freeze v. McDermott*, No. C22-1844JLR (W.D. Wash.) (hereinafter, "*McDermott*").) He amended his complaint on March 29, 2023. (*See generally McDermott* Am. Compl. (*McDermott*, Dkt. # 3).) Mr. Freeze asserted a litany of federal and state-law claims against Ms. Gallagher, the Trusts, and their attorney, Paul W. Taylor (together, the "Trust Defendants"); certain Skagit County officials ("the Skagit Defendants"); and Mr. Acuna. (*See generally id.*)

1  On May 23, 2023, the court granted the Skagit Defendants' motion to dismiss and
2  dismissed Mr. Freeze's claims against all of the *McDermott* defendants except Mr.
3  Acuna.  (*See generally* 5/23/23 *McDermott* Order (*McDermott*, Dkt. # 27).)  The court
4  concluded that dismissal was warranted because Mr. Freeze "failed to substantively
5  respond to the arguments raised in the Skagit Defendants' motion to dismiss and the
6  Trust Defendants' joinder and thus ha[d] 'effectively abandoned' his claims." (*Id.* at 11
7  (quoting *Montgomery v. Specialized Loan Servicing, LLC*, 772 F. App'x 476, 477 (9th
8  Cir. 2019)).)  The court denied leave to amend "because the Skagit County Superior
9  Court conclusively ruled that Mr. Freeze had no legal or equitable right to the Property
10 that is the subject of this action and because Mr. Freeze effectively abandoned his claims
11 by failing to respond substantively to the Skagit Defendants' motion." (*Id.* at 14.)
12  On July 13, 2023, the court ordered Mr. Freeze to show cause why it should not
13 dismiss his remaining claim against Mr. Acuna for failure to state a claim.  (7/13/23
14 *McDermott* Order (*McDermott*, Dkt. # 53).)  Mr. Freeze did not respond substantively to
15 the order to show cause.  (*See McDermott* OSC Resp. (*McDermott*, Dkt. # 63).)
16 Accordingly, the court dismissed the matter with prejudice and without leave to amend
17 on July 28, 2023.  (*See generally* 7/28/23 *McDermott* Order (*McDermott*, Dkt. # 64).)
18 Mr. Freeze did not appeal any of the court's orders in *McDermott*.  (*See generally*
19 *McDermott* Dkt.)
20 **C.    *Freeze v. Gallagher***
21  Mr. Freeze filed his original complaint in this matter on July 31, 2023—just three
22 days after the court entered judgment in *McDermott*.  (*See* Compl. (Dkt. # 1).)  He

originally named only Ms. Gallagher, the Trusts, and Mr. Acuna as defendants. (*See generally id.*)

On August 25, 2023, Ms. Gallagher, as trustee, executed a statutory warranty deed conveying the Property to Mr. Massingale and Ms. Massingale. (6/28/24 Taylor Sanctions Decl. ¶ 27, Ex. 6 ("Statutory Warranty Deed").) The deed was recorded on October 19, 2023. (*Id.* at 1.) Shortly thereafter, on October 26, 2023, Mr. Freeze amended his complaint to add Mr. Massingale and Ms. Massingale as Defendants. (*See generally* Am. Compl.) He alleges claims for "Frauds and Swindles" under common law and 18 U.S.C. § 1341; for violation of the federal Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, 1962; and for intentional infliction of emotional distress in violation of 15 U.S.C. § 6602(5)(B). (*Id.* ¶¶ 5.1-5.10; *see also id.* ¶¶ 4.1-4.3 (explaining in a section labeled "NATURE OF ACTION" that his claims arise from Defendants' "schemes" to defraud him of his inheritance and evict him from the Property).)

The Gallagher Defendants filed their original motion to dismiss on March 19, 2024. (1st MTD (Dkt. # 35).) On April 19, 2024, the court denied the motion without prejudice for failure to include legal argument and citations to the record and authority. (4/19/24 Order (Dkt. # 49).)

The Gallagher Defendants filed the instant motion to dismiss on June 28, 2024. (*See generally* MTD.) On that same day, the court ordered the parties to show cause why the court should not dismiss this action without prejudice for failure to timely file a joint status report. (6/28/24 OSC (Dkt. # 58).) The court subsequently ordered the parties to

appear at a hearing on July 12, 2024. (7/3/24 Min. Order (Dkt. # 65).) Mr. Freeze responded to the motion to dismiss on July 8, 2024. (*See generally* MTD Resp.)

During the July 12, 2024 hearing, the court heard argument from the parties regarding the order to show cause and the motion to dismiss. (*See* 7/12/24 Min. Order (Dkt. # 76).[2]) In relevant part, the Gallagher Defendants argued, as they do in their motion, that Mr. Freeze's claims are barred based on the Skagit County Superior Court's orders concluding that Mr. Freeze had no legal or equitable right to own or be on the Property and evicting Mr. Freeze from the Property. Mr. Freeze, meanwhile, argued that he is the legal owner of the Property based on a contract between himself, his late father, and his grandfather. Mr. Freeze confirmed, in response to the court's questioning, that he understands that this court cannot overrule or overturn the Skagit County Superior Court's rulings. He then stated that this case is not about ownership of the Property and that he instead seeks "equity" of over $75,000 based on the alleged contract. He asserted that although he raised his contract claim before the Skagit County Superior Court, the Superior Court judge did not read the documents he presented on that issue.

On July 15, 2024, Mr. Freeze filed a document in which he (1) asks the court to take judicial notice of certain documents he filed in *McDermott*; (2) discusses the purported contract with his father that, he asserts, establishes his right to inherit the Property, and (3) explains why he believes that Mr. Acuna and the Massingales are proper defendants in this action. (*See generally* Request.) Mr. Acuna filed his joinder in

---

[2] The court reviewed the rough transcript of the July 12, 2024 hearing in preparing to draft this order.

1  the Gallagher Defendants' motion to dismiss on July 16, 2024.  (*See generally* Joinder.)

2  The Gallagher Defendants did not file a reply in support of their motion to dismiss.

3  Accordingly, the motion is ripe for decision.

### III. ANALYSIS

The Gallagher Defendants argue that this matter must be dismissed with prejudice because Mr. Freeze's claims arise from his eviction from the Property and are thus precluded by the Skagit County Superior Court's rulings in *Gallagher*.  (*See* MTD at 4-5; *see also* Joinder at 2).)  Mr. Freeze does not respond substantively to the Gallagher Defendants' preclusion argument.  (*See generally* MTD Resp.; *see also* Request.)  To the contrary, in his response to the motion to dismiss he urges the court to liberally construe his complaint and grant him leave to amend "with specific instructions on how to correct any such deficiencies."  (MTD Resp. at 1-2 (citing cases discussing the liberal construction of *pro se* pleadings).)  In his request for judicial notice, meanwhile, Mr. Freeze asserts that Defendants "received affidavits via certified mail in which they were made aware of the contractual agreement of unpaid funds due" to Mr. Freeze and "tacit[ly] assent[ed] to the contract's validity" by failing to rebut those affidavits.  (Request at 2-4.)  For the reasons set forth below, the court grants the Gallagher Defendants' motion to dismiss.

**A.  Standard of Review**

Because the pleadings are closed in this case (*see* Am. Compl. (Dkt. # 5); Gallagher Defs. Ans. (Dkt. # 9); Acuna Ans. (Dkt. # 11)), the court construes the Gallagher Defendants' motion to dismiss as a motion for judgment on the pleadings

pursuant to Federal Rule of Civil Procedure 12(c). *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."). Judgment on the pleadings is proper when, "taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Gregg v. Haw., Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (quoting *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998) ). "Because a Rule 12(c) motion is functionally identical to a Rule 12(b)(6) motion [to dismiss for failure to state a claim], the same standard of review applies to motions brought under either rule." *Id.* (quoting *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011)) (internal quotation marks omitted).

Under the Rule 12(b)(6) standard, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," or "that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Because Mr. Freeze is proceeding *pro se* in this action, the court must construe his pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, Mr. Freeze must still plead factual allegations sufficient to state a plausible claim for relief. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010); *see also Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) (*pro se* litigants must adhere to the same procedural requirements as other litigants).

**B.     Judicial Notice**

The court begins by resolving the parties' requests for judicial notice.

   1.     The Gallagher Defendants' Request for Judicial Notice

The Gallagher Defendants ask the court to take judicial notice of filings and orders in *Gallagher* and *McDermott*, as well as of the statutory warranty deed recorded in Skagit County and Ronald Freeze's death certificate. (MTD at 4; *see* 6/28/24 Taylor Sanctions Decl. ¶ 27, Exs. 1-7.) Under Federal Rule of Evidence 201, the court can judicially notice "a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Civ. P. 201(b). The district court may take judicial notice of court filings and other matters of public record. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of court filings made in a separate litigation). Because all of the documents for which the Gallagher Defendants seek notice are court filings and public records, they are appropriate subjects of judicial notice and the court will consider

them in resolving the motion to dismiss. *See* Fed. R. Evid. 201(b); *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).

2. Mr. Freeze's Requests for Judicial Notice

Mr. Freeze seeks judicial notice of two types of documents. First, Mr. Freeze asks the court to take judicial notice of Mr. Acuna's petition for a protective order against Mr. Freeze, filed in the Skagit County Superior Court on July 29, 2022. (*See* Request at 1 (citing *McDermott*, Dkt. # 1-2 at 14-23).) Because the petition is a court filing, the court takes judicial notice of it for the reasons set forth above.

Second, Mr. Freeze asks the court to take judicial notice of "unrebutted affidavits" he filed in *McDermott*. (*See* Request at 1 (citing *McDermott*, Dkt. # 1-2 at 3-7, 32-35, 39-42 (excerpts of documents sent to Ms. Gallagher, Mr. Acuna, the Trusts, and Mr. Taylor, among others ("Affidavits")))). In January 2022 and February 2023, Mr. Freeze sent versions of a document titled "Common Law Affidavit/Declaration of Truth" to the Trust Defendants and several other individuals. (*See* Affidavits.) Mr. Freeze asserts that the recipients' failure to respond to the Affidavits before the deadlines he set therein "reflects Defendants['] . . . tacit agreement to the unrebutted affidavits" and "could reasonably be construed as tacit assent to the contract's validity." (Request at 1, 4.)

This court has already rejected the proposition that Mr. Freeze's "unrebutted Affidavits" have any legal significance. As the court held in *McDermott*, Defendants' failure to respond to Mr. Freeze's Affidavits does not constitute an admission of the allegations therein absent some duty or contractual obligation to respond. (*See* 5/23/23 *McDermott* Order at 12-13 (citing *Patao v. Equifax, Inc.*, No. CV 19-00677 JMS-WRP,

2020 WL 5033561, at *6 (D. Haw. Aug. 25, 2020) (rejecting plaintiff's assertion that defendant's failure to respond to his "Notice of Fault and Opportunity to Cure and Contest Acceptance" and "Affidavit and Notice of Default" constituted an admission of the allegations set forth therein)).) Although Mr. Freeze lists cases that he contends support his assertion that "silence or inaction can constitute agreement or acceptance," none of this authority calls the court's conclusion in *McDermott* into question. (*See* Request at 3-4 (citing cases).)  The court also rejects Mr. Freeze's attempt to analogize his Affidavits to declarations filed in support of or in opposition to a motion for summary judgment. (*See id.* at 6-7 (citing cases)); *see* Fed. R. Civ. P. 56(c)(1) (providing, in the summary judgment context, that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record," including affidavits or declarations).  Accordingly, the court denies Mr. Freeze's request for the court to take judicial notice of the Affidavits.

**C.     Abandonment**

The court concludes that dismissal is warranted because Mr. Freeze has failed to respond substantively to the arguments raised in the Gallagher Defendants' motion and Mr. Acuna's joinder and thus has "effectively abandoned" his claims.  *Montgomery*, 772 F. App'x at 477 (citing *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006)); *see also Renato v. Beaulieu*, No. C20-0708RSM, 2022 WL 1607919, at *11 (W.D. Wash. May 20, 2022) (accepting plaintiff's failure to "substantively respond" to defendant's legal arguments "as an admission that the motion has merit"); *El v. San Diego Unified Sch. Dist.*, No. 20-CV-00257-AJB-AGS, 2021 WL 3240298, at *2 (S.D.

1 | Cal. June 29, 2021) (construing plaintiff's failure to respond to the arguments in
2 | defendant's motion to dismiss as a waiver and granting the motion to dismiss), *aff'd*, No.
3 | 21-55805, 2022 WL 1714284 (9th Cir. May 27, 2022); (*see also* 5/23/23 *McDermott*
4 | Order at 11 (dismissing Mr. Freeze's claims in *McDermott* for failure to respond
5 | substantively to the the motion to dismiss)).  Rather than respond to the Gallagher
6 | Defendants and Mr. Acuna's assertions that his claims are precluded by the Skagit
7 | County Superior Court's rulings, Mr. Freeze argues only that the court should liberally
8 | construe the allegations in his complaint because he is a *pro se* litigant and grant him
9 | leave to amend his complaint to cure any deficiencies therein.  (*See generally* MTD
10 | Resp.; Request.)  Because Mr. Freeze has abandoned his claims, the court grants the
11 | Gallagher Defendants' motion to dismiss and Mr. Acuna's joinder therein.

12 | **D.    Issue Preclusion**

13 | Although dismissal is appropriate based solely on Mr. Freeze's abandonment of
14 | his claims, the court nevertheless addresses the Gallagher Defendants' argument that Mr.
15 | Freeze's claims are precluded by the Superior Court's rulings.  Issue preclusion applies
16 | when "(1) the issue at stake was identical in both proceedings; (2) the issue was actually
17 | litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to
18 | litigate the issue; and (4) the issue was necessary to decide the merits."  *Love v.*
19 | *Villacana*, 73 F.4th 751, 754 (9th Cir. 2023) (quoting *Janjua v. Neufeld*, 933 F.3d 1061,
20 | 1065 (9th Cir. 2019)).  "When deciding the preclusive effect of an earlier decision, courts
21 | review the judgment's 'natural reading.'"  *Id.* (quoting *Ruiz v. Snohomish Cnty. Pub. Util.*
22 | *Dist. No. 1*, 824 F.3d 1161, 1167 (9th Cir. 2016).  "A final judgment is afforded

preclusive effect even if erroneous." *Id.* (citing *Curlott v. Campbell*, 598 F.2d 1175, 1178 (9th Cir. 1979); *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 157 (2015)). The court concludes that the Skagit County Superior Court's orders and judgments in *Gallagher* have preclusive effect on this action.

     Mr. Freeze raises three claims in this action. First, he alleges that Ms. Gallagher and Mr. Acuna committed "[f]rauds and swindles" under common law and 18 U.S.C. § 1341 by "conspir[ing] to forcefully evict [Mr. Freeze] from his home . . . to make [the] Property available to [Mr. Acuna] to purchase, as [Mr. Acuna] had agreed to buy the property as soon as [Mr. Freeze] was removed from the property." (Am. Compl. ¶¶ 5.1-5.2; *see also id.* ¶ 4.1 (alleging Ms. Gallagher violated 18 U.S.C. § 1341 by "plann[ing] a scheme . . . to defraud [Mr. Freeze] of his inheritance, and 20 years of labor and expenses").) Second, he alleges that Defendants violated RICO by "working across state lines to deny due process to [Mr. Freeze] and unlawfully evict him from his home of 35 years," "conspir[ing] to allow Mr. Acuna to break in, steal and vandalize [Mr. Freeze's] home and possessions so the Trust's probate procedures would not be delayed"; and "forcefully remov[ing] [Mr. Freeze] so the Trust . . . could sell the property to [Mr. Acuna]." (*Id.* ¶ 5.3.) And third, Mr. Freeze alleges that Defendants violated "15 U.S.C. § 6602(5)(B) intentional infliction of emotional distress" by "breaking into [his] home shortly after the passing of [his] father, stealing crucial documents of ownership, personal belongings, and changing locks," "attempt[ing] to force [him] out of a home of 35 years," and filing the *Gallagher* lawsuit, "which left [him] homeless since December 2022." (*Id.* ¶¶ 5.7, 5.9.)

The elements of issue preclusion are satisfied here. First, the key issues in *Gallagher*, as in this case, included whether, and to what extent, Mr. Freeze (1) had a right to possess the Property; (2) had a right to remain on the Property; and (3) was entitled to remuneration for work he performed at the Property. (*See generally Gallagher* Summary Judgment Order; *Gallagher* Damages Order.)

Second, these issues were actually litigated and decided in *Gallagher*. The Superior Court held in its summary judgment order that (1) Ms. Gallagher, as trustee, had "superior title and the right to possess and transfer ownership of the Property"; (2) Mr. Freeze had "no legal or equitable ownership of the Property under Washington law"; (3) the lien filed by Mr. Freeze had no legal basis and no legal effect; (4) Mr. Freeze's actions interfered with Ms. Gallagher's right to use, sell, and possess the Property; and (5) Mr. Freeze's refusal to vacate the Property "constitutes a continuing trespass on the Property." (*Gallagher* Summary Judgment Order ¶¶ 2.1-2.10.) Then, the Superior Court held in its order on Ms. Gallagher's motion for damages, for a supersedeas bond pending the resolution of Mr. Freeze's appeal, and for contempt that (1) Mr. Freeze "claimed to have an ownership interest in the Property based upon a common law theory that has no other legal or equitable basis"; (2) Mr. Freeze had stored approximately 100 "unlicensed and/or inoperable vehicles" on the Property "without any lawful authority"; (3) Mr. Freeze had "no legal or equitable right to reside or even continue to be present on the Property;" (4) Ms. Gallagher, as trustee for the Trusts, "has and has always had superior title to the Property"; and (5) although Mr. Freeze performed work on the property, "any amount of value added to the property by [Mr. Freeze] has not been shown, particularly

in light of the damage he has done to the property and [Ms. Gallagher's] ability to resell the property." (*Gallagher* Damages Order ¶¶ 1.10-1.19, 1.25-1.26, 1.30.)

Third, Mr. Freeze had a full and fair opportunity to litigate these issues in *Gallagher*. Mr. Freeze filed an answer and counterclaims; motions for a preliminary injunction and for summary judgment; responses to Ms. Gallagher's motions and replies in support of his own motions; and various "frivolous motions and requests." (*See Gallagher* Summary Judgment Order at 1 (listing filings considered by the court); *Gallagher* Damages Order at 1-2 (same); *id.* ¶ 1.28 (noting Mr. Freeze's frivolous filings); *id.* ¶ 1.31 (concluding that "all briefing and declarations [regarding the motion] were provided pursuant to the agreed briefing schedule set by this Court with input from the parties at hearing in August").) He also had an opportunity to be heard at a hearing in August 2022. (*Gallagher* Damages Order ¶ 1.31.) Although Mr. Freeze filed an appeal, he did not pursue it, and the Court of Appeals eventually dismissed the appeal as abandoned.

Finally, all of these issues were necessary to decide the merits in *Gallagher*, which arose from a dispute over ownership and possession of the Property after Peter Freeze's death. (*See generally Gallagher* Complaint.) For these reasons, the court concludes that Mr. Freeze's claims are precluded by the Superior Court's decisions in *Gallagher*.

To the extent Mr. Freeze argues that this case is really about interference with a contract between himself, his father, and his grandfather (*see* Request at 1-2), that argument, too, is foreclosed. Mr. Freeze stated at the July 12, 2024 hearing that he raised his contract issue before the Skagit County Superior Court. After considering Mr.

1  Freeze's filings, however, that court (1) ruled that Mr. Freeze had no legal or equitable

2  ownership interest in the Property or right to be present on the Property; (2) rejected Mr.

3  Freeze's assertion that the work he performed on the Property resulted in an increase in

4  the value of the Property; and (3) concluded that Mr. Freeze had not shown that the work

5  he performed justified offsetting any amount of the supersedeas bond on appeal.

6  (*Gallagher* Damages Order at 1-2; *id.* ¶¶ 1.10, 1.16, 1.30, 2.11.)  If Mr. Freeze believed

7  that the Superior Court's rulings were incorrect or that it failed to consider arguments that

8  he raised before it, his recourse was to pursue his appeal of those orders in state court.

9  Rather than do so, he abandoned his appeal.  Accordingly, the court concludes that the

10 Superior Court's orders also preclude Mr. Freeze's contract-based claims.

11 **E.     Leave to Amend**

12        In general, a district court must provide a *pro se* litigant with notice of the

13 deficiencies of the complaint and an opportunity to amend if those deficiencies can be

14 cured.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  The court may,

15 however, deny leave to amend where amendment would be futile.  *Flowers v. First Haw.*

16 *Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (citing *Cook, Perkiss & Liehe, Inc. v. N. Cal.*

17 *Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).  The court concludes that

18 amendment would be futile because Mr. Freeze effectively abandoned his claims by

19 failing to respond substantively to the Gallagher Defendants' motion to dismiss and Mr.

20 Acuna's joinder therein and because the claims are precluded by the Skagit County

21

22

Superior Court's orders.[3]  Accordingly, the court dismisses Mr. Freeze's claims, and this action, with prejudice and without leave to amend.

### IV.   CONCLUSION

For the foregoing reasons, the court GRANTS the Gallagher Defendants' motion to dismiss (Dkt. # 63) and Mr. Acuna's joinder therein (Dkt. # 77) and DISMISSES this action with prejudice and without leave to amend.  The court VACATES all unexpired deadlines set in its July 12, 2024 minute order (Dkt. # 76).

Dated this 9th day of August, 2024.

JAMES L. ROBART
United States District Judge

---

[3] The court further notes that Mr. Freeze cannot state a claim under 18 U.S.C. § 1341 because it is a criminal statute for which there is no private civil right of action.  *See, e.g.*, *Valero v. Bac Home Loans Servicing, LP*, 667 F. App'x 255, 255 (9th Cir. 2016) (citing *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575 (1979)).  And Mr. Freeze cannot state a claim under 15 U.S.C. § 6602(5)(B), which governs actions arising from a "Y2K failure" and expressly does not create a new cause of action.  15 U.S.C. § 6602(2) (defining a "Y2K failure" as the failure of a device or system to properly handle "year-2000 date-related data"); 15 U.S.C. § 6603(b) ("Nothing in this chapter creates a new cause of action[.]").