1
2
3

Eric Freeze, pro per
PO BOX 12
Concrete, Washington
360-202-6178

```
_____ FILED        _____ ENTERED
_____ LODGED       _____ RECEIVED

            AUG 2 2 2024      MH

                    AT SEATTLE
            CLERK U.S. DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY
```

4

5

# IN THE UNITED STATES DISTRICT COURT

6

## IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

7
8

Eric S. Freeze,

9

Plaintiff,

10

vs.

11
12
13
14

ELIZABETH E. GALLAGHER, JOSE T. ACUNA, ANN G. FREEZE REVOCABLE TRUST, and the RONALD L. FREEZE REVOCABLE TRUST, JAMES MASSINGALE AND ANGELA MASSINGALE,
Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2 : 23-CV-01135-JLR

**MOTION FOR RECONSIDERATION**

15

16
17
18

COMES NOW the Plaintiff, Eric Freeze, pro se, and respectfully moves this Court to reconsider its order dismissing this case. This motion is based on the following grounds:

19

20

I. INTRODUCTION

21

22
23
24
25
26

This motion for reconsideration is brought pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7(h). The Court should reconsider its order dismissing this case due to (1) judicial bias, (2) unequal treatment of parties, (3) misconduct by the defendants' attorneys, (4) the nature of the Plaintiff's claim based on promissory estoppel, and (5) the Plaintiff's unique circumstances as a homeless litigant.

The following sections will outline the legal standard for reconsideration, detail the grounds for reconsideration, present additional legal arguments, and demonstrate why reconsideration is necessary to prevent a miscarriage of justice.

## II. LEGAL STANDARD FOR RECONSIDERATION

A motion for reconsideration is governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7(h). As established in *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), reconsideration is appropriate if the district court:

1. Is presented with newly discovered evidence,
2. Committed clear error or the initial decision was manifestly unjust, or
3. If there is an intervening change in controlling law.

In this case, the Plaintiff argues that the Court's decision was manifestly unjust due to a combination of factors: a) Judicial bias and failure to recuse, b) Unequal treatment of parties, c) Attorney misconduct, d) Failure to consider the nature of the Plaintiff's claim, and e) Failure to account for the Plaintiff's unique circumstances.

The Ninth Circuit has held that the abuse of discretion standard applies to a district court's denial of a motion for reconsideration. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). However, the underlying legal conclusions are reviewed de novo. *Smith v. Pacific Properties and Development Corp.*, 358 F.3d 1097, 1100 (9th Cir. 2004).

The "manifestly unjust" standard requires a showing that the Court's decision was clearly erroneous and resulted in manifest injustice. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). The Plaintiff contends that the confluence of judicial bias, unequal treatment, attorney misconduct, and the failure to consider key aspects of the case meets this high standard, necessitating reconsideration to prevent a miscarriage of justice.

## III. GROUNDS FOR RECONSIDERATION

### A. Judicial Bias and Refusal to Recuse

The Court erred in refusing to recuse itself despite a clear conflict of interest. Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Supreme Court has held that this provision requires recusal when a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988).

The standard for recusal under 28 U.S.C. § 455 requires disqualification in any proceeding where the judge's impartiality might reasonably be questioned. *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). The circumstances of this case create an appearance of bias that necessitates recusal:

1. In case number [previous case number], Judge Robart ruled against the Plaintiff on [brief description of the ruling].
2. The current case involves substantially similar issues and parties, creating a reasonable question about the judge's impartiality.

3. Judge Robart's [specific action or statement in the current case] further indicates potential bias.

4. [Add any other specific examples of potential bias from the previous case]

The Court's subsequent misinterpretation of the Complaint further supports this conclusion. The refusal to recuse in these circumstances is a violation of due process and warrants reconsideration. *In re Murchison*, 349 U.S. 133, 136 (1955) ("A fair trial in a fair tribunal is a basic requirement of due process.").

B. Unequal Treatment of Parties

The Court's treatment of the parties in this case violates the Equal Protection Clause of the Fourteenth Amendment and the principle of fundamental fairness in judicial proceedings. While the Court granted multiple opportunities for the defendants and their attorneys to comply with the Rule 26(f) conference requirements, it did not extend the same consideration to the pro se plaintiff. Specifically:

1. On [date], the Court granted defendants' request for an extension to file their Rule 26(f) report.

2. On [date], the Court allowed defendants to amend their report after the deadline.

3. In contrast, on [date], the Court denied the Plaintiff's request for additional time to comply with the same requirement, despite the Plaintiff's well-documented challenges as a homeless pro se litigant.

The Supreme Court has long held that pro se litigants should be held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404

U.S. 519, 520-21 (1972). This principle should extend to procedural matters as well, especially given the Plaintiff's known circumstances of homelessness and lack of access to necessary technology.

C. Attorney Misconduct

The actions of the defendants' attorneys constitute misconduct that prejudiced the Plaintiff and misled the Court. Specific instances include:

1. On [date], defendants' counsel filed a notice [document number] that misrepresented the Plaintiff's position on [issue].

2. In preparing the joint Rule 26(f) report, defendants' counsel attempted to exclude the Plaintiff's input by [specific actions].

3. On [date], defendants' counsel sought sanctions against the Plaintiff based on their own error in [brief description of the error].

Attorneys, as officers of the court, have a duty of candor toward the tribunal. Model Rules of Prof'l Conduct r. 3.3 (Am. Bar Ass'n 2020). These actions violate this duty and potentially constitute fraud upon the court.

The Ninth Circuit has emphasized the court's duty to address attorney misconduct and its impact on the fairness of proceedings. *United States v. Kojayan*, 8 F.3d 1315, 1323 (9th Cir. 1993); *Erickson v. Newmar Corp.*, 87 F.3d 298, 303 (9th Cir. 1996). The misconduct of the defendants' attorneys in this case has prejudiced the Plaintiff and compromised the integrity of the proceedings.

The Supreme Court has held that fraud upon the court can justify setting aside a judgment. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944). The misconduct here, while perhaps not rising to the level of fraud, certainly justifies reconsideration of the dismissal order.

D. Promissory Estoppel and Nature of the Claim

The Plaintiff's claim is fundamentally rooted in the doctrine of promissory estoppel. As outlined in Restatement (Second) of Contracts § 90, a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.

In this case:

1. The Plaintiff relied on the promise of the home in exchange for 20 years of labor, materials, and expenditures.

2. This reliance was reasonable given [specific circumstances or assurances].

3. The Plaintiff's reliance resulted in substantial detriment, including [specific examples of detriment].

It is crucial to clarify that this case is not primarily about the ownership of the home, but rather about the contract with the trust for the maintenance and upkeep of the property. The Plaintiff's claim stems from an agreement for 20 years of labor, materials, and expenditures in exchange for the promise of the home. This distinction is vital for the Court's proper consideration of the merits of the case.

The dismissal of this case without proper consideration of these claims constitutes a manifest injustice.

E. Plaintiff's Unique Circumstances

The Court should take into consideration the Plaintiff's current circumstances. As a direct result of the Defendants' actions, the Plaintiff has been rendered homeless. This is not merely a case about property; it is about a person's livelihood and the basic human right to shelter. Specifically:

1. The Plaintiff was born in the home in question and lived there for 33 years until being removed by the Defendants.

2. The Plaintiff is currently homeless, residing in his car.

3. This homelessness severely impacts the Plaintiff's ability to participate in legal proceedings by:

    a. Limiting access to legal resources and research materials

    b. Creating difficulties in receiving court communications

    c. Presenting challenges in preparing and filing court documents

    d. Making it difficult to attend court hearings consistently

These circumstances emphasize the need for the Court to reconsider its dismissal and ensure that justice is served. The severe personal consequences suffered by the Plaintiff underscore the importance of allowing this case to proceed on its merits.

IV. ADDITIONAL LEGAL ARGUMENTS

A. Treatment of Pro Se Litigants

The Ninth Circuit has consistently held that pro se complaints must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). This principle extends beyond just the pleadings to all aspects of the legal process.

In the present case, the Court's failure to apply this standard is evident in several instances:

1. The Court's strict enforcement of procedural rules against the Plaintiff, as detailed in section III.B of this motion.

2. The Court's dismissal of the case without due consideration of the Plaintiff's unique circumstances as a homeless litigant.

3. The Court's failure to provide adequate guidance or accommodations to the Plaintiff, despite clear indications of the Plaintiff's difficulties in navigating the legal process.

The Supreme Court has emphasized that the fundamental right of access to the courts requires that prisoners be provided with adequate law libraries or adequate assistance from persons trained in the law. *Bounds v. Smith*, 430 U.S. 817 (1977). While the Plaintiff is not incarcerated, the principle of ensuring meaningful access to the courts should apply equally, if not more so, to a homeless pro se litigant facing significant barriers to legal resources.

B. Equal Protection in Judicial Proceedings

The Supreme Court has long emphasized the importance of equal justice for all litigants, regardless of their financial means. *Griffin v. Illinois*, 351 U.S. 12, 19 (1956); *Douglas v. California*, 372 U.S. 353, 357 (1963). The disparate treatment of the pro se Plaintiff in this case raises serious equal protection concerns that warrant reconsideration.

Specifically:

1. The Court's lenient treatment of the defendants' procedural missteps, contrasted with its strict enforcement against the Plaintiff, creates an unfair advantage for the represented party.

2. The Court's failure to consider the Plaintiff's homelessness as a mitigating factor in procedural compliance effectively discriminates against the Plaintiff based on socioeconomic status.

3. The dismissal of the case without full consideration of its merits disproportionately impacts the Plaintiff, who lacks the resources to easily refile or seek alternative legal remedies.

These disparities in treatment violate the fundamental principle of equal justice under law, as enshrined in the Fourteenth Amendment's Equal Protection Clause.

C. Due Process Violations

The combination of factors in this case amounts to a violation of the Plaintiff's constitutional right to due process under the Fifth and Fourteenth Amendments. The Supreme Court has held that due process requires not only an unbiased tribunal but also

the appearance of fairness. In *In re Murchison*, 349 U.S. 133, 136 (1955), the Court stated that "justice must satisfy the appearance of justice."

The circumstances of this case have severely compromised the appearance of justice in several ways:

1. The potential judicial bias and refusal to recuse, as detailed in section III.A of this motion.

2. The unequal treatment of parties, favoring the represented defendants over the pro se Plaintiff.

3. The Court's failure to adequately address the attorney misconduct detailed in section III.C.

4. The dismissal of the case without proper consideration of the Plaintiff's promissory estoppel claim and unique circumstances.

These factors, taken together, constitute a denial of the Plaintiff's right to a fair and impartial hearing, a fundamental aspect of due process.

D. Merits of the Original Complaint

The dismissal of this case without proper consideration of the merits of the Plaintiff's claims constitutes an additional injustice. The key claims of the original complaint deserve full and fair consideration by this Court. These include:

1. The promissory estoppel claim based on the Plaintiff's 20 years of labor, materials, and expenditures in reliance on the promise of the home.

2. The contract claim regarding the agreement with the trust for the maintenance and upkeep of the property.

3. [Any other key claims from the original complaint]

Each of these claims presents substantial legal and factual issues that warrant thorough examination by the Court. The premature dismissal of the case without addressing these merits raises serious concerns about the administration of justice and the right of access to the courts.

E. Public Interest Considerations

Reconsidering this case serves the broader public interest by reaffirming that our courts are open and accessible to all, regardless of their financial means or legal representation. It demonstrates the judiciary's commitment to fairness and its capacity for self-correction.

Moreover, this case presents important legal questions regarding promissory estoppel, trust agreements, and the rights of long-term occupants of family properties.

Allowing this case to proceed would also send a powerful message about the court's commitment to equal justice, particularly for vulnerable populations like the homeless. It would reinforce the principle that economic circumstances should not be a barrier to seeking justice through the legal system.

F. Relevant Case Law

In addition to the cases cited throughout this motion, the following case law further supports the Plaintiff's arguments:

1. On treatment of pro se litigants:

   - *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (reaffirming that pro se complaints must be liberally construed)

2. On judicial recusal:

   - *Liteky v. United States*, 510 U.S. 540, 548 (1994) (explaining the extrajudicial source doctrine in recusal cases)

   - *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) (holding that due process requires recusal not only when actual bias exists, but also when "extreme facts" create a probability of bias)

Certainly. I'll complete the document from where it left off. Here's the continuation:

3. On attorney misconduct:

   - *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980) (discussing the inherent power of federal courts to levy sanctions in response to abusive litigation practices)

4. On contracts and trusts:

   - *Restatement (Third) of Trusts § 24* (2003) (on the creation of trusts by promise or by transfer, which could be relevant to the trust mentioned in the case)

These cases, along with those cited earlier, establish a robust legal framework supporting the Plaintiff's motion for reconsideration.

## V. CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that the Court reconsider its order dismissing this case. The confluence of factors presented – judicial bias, unequal treatment of parties, attorney misconduct, the nature of the Plaintiff's claim, and the Plaintiff's unique circumstances – demonstrate that the Court's decision was manifestly unjust and warrants reconsideration.

The Plaintiff deserves his day in court to present the merits of his case, particularly given the severe personal consequences he has suffered and the complex legal issues involved. Reconsideration of the dismissal is not only legally justified but also necessary to prevent a miscarriage of justice.

At a minimum, the Court should hold an evidentiary hearing to fully explore the issues raised in this motion. This case presents significant legal questions and implicates fundamental principles of fairness and access to justice that deserve thorough consideration.

WHEREFORE, for the reasons stated above and in the interest of justice, the Plaintiff respectfully requests that this Court:

1. Grant this motion for reconsideration;
2. Vacate its order dismissing this case;

3. Allow the case to proceed on its merits;

4. In the alternative, schedule an evidentiary hearing to address the issues raised in this motion; and

5. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Eric Freeze, Pro se Plaintiff

Executed on this 22nd day of August, 2024