1  Eric Freeze, pro per
   PO BOX 12
2  Concrete, Washington
   360- 202 6178
3  ericfreeze87@gmail.com

FILED
LODGED
RECEIVED ___ MAIL

SEP 11 2024

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

4

5

6

7                    **IN THE UNITED STATES DISTRICT COURT**

8              **IN AND FOR THE WESTERN DISTRICT OF WASHINGTON**

9  Eric S. Freeze,                            )
10                                            )  Case No. 2 : 23-CV-01135-JLR
   Plaintiff,                                 )
11                                            )
                                              )  **NOTICE OF APPEAL AND**
12            vs.                             )  **STATEMENT OF ISSUES**
                                              )
13 ELIZABETH E. GALLAGHER, JOSE T.            )
   ACUNA, ANN G. FREEZE REVOCABLE             )
14 TRUST, and the RONALD L. FREEZE            )
   REVOCABLE TRUST, JAMES MASSINGALE          )
15 AND ANGELA MASSINGALE,                     )   7022 0410 0000 8232 3244
   Defendants                                 )
16 _____)

17

18              NOTICE OF APPEAL AND STATEMENT OF ISSUES

19         NOTICE IS HEREBY GIVEN that Eric S. Freeze, Plaintiff in the above-named

20 case, hereby appeals to the United States Court of Appeals for the Ninth Circuit from:

21         1. The Order dismissing this case, entered in this action on August 9, 2024;

22         2. The Order denying Plaintiff's Motion for Reconsideration, entered in this action

23 on August 23, 2024

24         This appeal is taken from the entire orders specified above.

25              NOTICE OF INTENT TO FILE IN FORMA PAUPERIS

26         Plaintiff-Appellant hereby gives notice of his intent to file an application to

   proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Due to financial hardship, including

NOTICE OF APPEAL                    PAGE 1 OF 12                    Eric Freeze

current homelessness, Plaintiff-Appellant is unable to pay the required filing fees for this appeal. The application to proceed in forma pauperis will be filed as soon as possible following this Notice of Appeal, in accordance with Ninth Circuit precedent allowing such applications to be filed after the notice of appeal (see Shabazz v. Giurbino, 391 F.3d 1022 (9th Cir. 2004)).

STATEMENT OF ISSUES ON APPEAL

Plaintiff-Appellant intends to raise the following issues on appeal, without limitation to other issues that may be later identified:

1. Judicial Bias and Failure to Recuse:

The district court judge erred in failing to recuse himself despite clear evidence of bias, including a preconceived and incorrect understanding of the case. This violates 28 U.S.C. § 455(a) and the due process clause of the Fifth Amendment. Standard of Review: The denial of a motion to recuse is reviewed for abuse of discretion. United States v. Holland, 519 F.3d 909, 911 (9th Cir. 2008).

2. Failure to Apply Proper Standard for Pro Se Litigants: The district court erred in failing to apply the proper, more lenient standard for pro se litigants as established by the Supreme Court.

Haines v. Kerner, 404 U.S. 519 (1972), is a landmark Supreme Court case that established that pro se complaints must be held to "less stringent standards than formal pleadings drafted by lawyers." The Court stated that allegations of a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

In the present case, the district court's dismissal and subsequent denial of reconsideration failed to apply this more lenient standard. By mischaracterizing the nature of the Plaintiff's claims and failing to liberally construe the pro se complaint, the court did not adhere to the principles set forth in Haines v. Kerner.

3. Unequal Treatment and Abuse of Discretion: The district court demonstrated clear bias and abused its discretion by treating the pro se Plaintiff and the defendants' attorneys unequally, violating fundamental principles of fairness and due process.

Specifically:

a) The court issued three separate orders requiring the defendants' attorneys to complete certain actions. The attorneys failed to comply with these orders each time.

b) In contrast, the pro se Plaintiff (Mr. Freeze) fully complied with the court's orders.

c) Despite this disparity in compliance, the court granted the attorneys' motion to dismiss rather than enforcing its own orders or sanctioning the non-compliant attorneys.

This unequal treatment is particularly egregious given the Supreme Court's directive in Haines v. Kerner, 404 U.S. 519 (1972), that pro se litigants should be held to less stringent standards. Instead, the court appeared to hold the Pro per Plaintiff to a higher standard than the professionally represented defendants. Standard of Review: A district court's dismissal of a case is reviewed for abuse of discretion. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). The court's application of its local rules is reviewed for abuse of discretion. Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993).

Relevant case law:

- Link v. Wabash R. Co., 370 U.S. 626 (1962): While this case affirmed a district court's power to dismiss for failure to prosecute, it also emphasized that this power should be exercised with restraint and only when necessary to achieve orderly and expeditious disposition of cases.

- Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir. 1992): The Ninth Circuit held that dismissal is a harsh penalty and should only be imposed in extreme circumstances.

- Hernandez v. City of El Monte, 138 F.3d 393 (9th Cir. 1998): The court must weigh several factors before dismissing a case for failure to comply with a court order, including the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to the defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic sanctions.

The court's actions in this case appear to violate these principles. By dismissing the case despite the Plaintiff's compliance and the defendants' repeated non-compliance, the court abused its discretion and denied the Plaintiff due process and equal treatment under the law.

Additional relevant case law:

- Erickson v. Pardus, 551 U.S. 89 (2007): Reaffirmed the principle from Haines, stating that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

- Hughes v. Rowe, 449 U.S. 5 (1980): Extended the Haines principle to all pro se litigants, not just prisoners.

- Estelle v. Gamble, 429 U.S. 97 (1976): Reiterated that pro se complaints must be liberally construed.

The failure to apply this well-established standard for pro se litigants constitutes a significant legal error that warrants reversal of the district court's decision.

On 02/21/24, Judge Robart, in his reason for not recusing himself, stated that "Mr. Freeze asserts federal and state-law claims arising from his eviction from a property in Skagit County, Washington" and that "Freeze had no legal or equitable right to the property in Skagit County." However, this characterization fundamentally misunderstands the nature of the current case, which is about a contract for services rendered, not about property rights or eviction.

The judge's involvement in a previous case with the same parties creates an appearance of bias that necessitates recusal. This, combined with the mischaracterization of the current case, demonstrates a clear conflict of interest that should have led to recusal under 28 U.S.C. § 455(a).

Relevant case law:

- Liteky v. United States, 510 U.S. 540 (1994)

- Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)

- United States v. Holland, 519 F.3d 909 (9th Cir. 2008)

2. Unequal Treatment and Abuse of Discretion:

The district court demonstrated clear bias and abused its discretion by treating the pro se Plaintiff and the defendants' attorneys unequally, violating fundamental principles of fairness and due process.

a) The court issued three separate orders requiring the defendants' attorneys to complete certain actions. The attorneys failed to comply with these orders each time.

b) In contrast, the pro se Plaintiff (Mr. Freeze) fully complied with the court's orders.

c) Despite this disparity in compliance, the court granted the attorneys' motion to dismiss rather than enforcing its own orders or sanctioning the non-compliant attorneys.

d) The court granted multiple opportunities for the defendants and their attorneys to comply with the Rule 26(f) conference requirements but did not extend the same consideration to the pro se plaintiff.

This unequal treatment violates the Equal Protection Clause of the Fourteenth Amendment and the principle of fundamental fairness in judicial proceedings.

Relevant case law:

- Link v. Wabash R. Co., 370 U.S. 626 (1962)

- Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir. 1992)

- Hernandez v. City of El Monte, 138 F.3d 393 (9th Cir. 1998)

3. Failure to Apply Proper Standard for Pro Se Litigants:

The district court erred in failing to apply the proper, more lenient standard for pro se litigants as established by the Supreme Court.

Relevant case law: ·

- Haines v. Kerner, 404 U.S. 519 (1972)

- Erickson v. Pardus, 551 U.S. 89 (2007)

- Hughes v. Rowe, 449 U.S. 5 (1980)

- Estelle v. Gamble, 429 U.S. 97 (1976)

Standard of Review: Whether the district court properly construed a pro se complaint is a question of law reviewed de novo. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014).

4. Attorney Misconduct:

The district court failed to adequately address and sanction clear instances of attorney misconduct that prejudiced the Plaintiff and misled the Court. Specific instances include:

a) Filing a notice that misrepresented the Plaintiff's position on key issues.

b) Attempting to exclude the Plaintiff's input in preparing the joint Rule 26(f) report.

c) Seeking sanctions against the Plaintiff based on their own errors.

These actions violate the attorneys' duty of candor toward the tribunal (Model Rules of Prof'l Conduct r. 3.3) and potentially constitute fraud upon the court.

Relevant case law:

- United States v. Kojayan, 8 F.3d 1315 (9th Cir. 1993)

- Erickson v. Newmar Corp., 87 F.3d 298 (9th Cir. 1996)

- Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)

5. Promissory Estoppel and Nature of the Claim:

The district court erred in dismissing the case without proper consideration of the Plaintiff's promissory estoppel claim. The Plaintiff's claim is rooted in 20 years of labor, materials, and expenditures made in reliance on promises regarding the property. This is not a case about eviction or property rights, as mischaracterized by the district court, but rather about a contract for services rendered and the promises made in exchange for those services.

The elements of promissory estoppel under Washington law are:

a) A promise which b) the promisor should reasonably expect to cause the promisee to change his position and c) which does cause the promisee to change his position d) justifiably relying upon the promise, in such a manner that e) injustice can be avoided only by enforcement of the promise.

Havens v. C&D Plastics, Inc., 124 Wn.2d 158, 171-72 (1994).

In this case, the Plaintiff has alleged facts that, if taken as true, satisfy each of these elements:

a) Promises were made regarding compensation for services and labor;

b) The promisors (Defendants) should have reasonably expected these promises to cause the Plaintiff to change his position;

c) The Plaintiff did change his position by providing 20 years of labor and materials;

d) The Plaintiff justifiably relied on these promises; and

e) Injustice can only be avoided by enforcing these promises, given the significant time and resources invested by the Plaintiff.

The district court's failure to properly consider this claim significantly affected the outcome of the case, as it formed the core of the Plaintiff's cause of action. By dismissing the case without adequately addressing the promissory estoppel claim, the court effectively denied the Plaintiff the opportunity to present evidence supporting these elements.

Furthermore, while the Statute of Frauds (RCW 19.36.010) might typically require certain agreements to be in writing, Washington courts have recognized promissory estoppel as an exception to the Statute of Frauds. See Greaves v. Medical Imaging Systems, Inc., 124 Wn.2d 389 (1994). The court failed to consider whether this exception might apply in the present case.

Standard of Review: The dismissal of a complaint for failure to state a claim is reviewed de novo. Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1040 (9th Cir. 2011). In reviewing such a dismissal, the court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

Relevant law:

- Restatement (Second) of Contracts § 90

- RCW 19.36.010 (Statute of Frauds)

- Greaves v. Medical Imaging Systems, Inc., 124 Wn.2d 389 (1994)

(Washington case law on promissory estoppel)

6. Plaintiff's Unique Circumstances:

The court failed to take into account the Plaintiff's unique circumstances as a homeless litigant, which severely impacts his ability to participate in legal proceedings. This failure to consider these circumstances violates principles of equity and access to justice.

Relevant law:

- RCW 2.28.150 (Washington statute on court's power to make necessary orders)

- Tennessee v. Lane, 541 U.S. 509 (2004) (Supreme Court case on access to courts)

7. Due Process Violations:

The cumulative effect of the court's actions, including the failure to recuse, unequal treatment, dismissal without proper consideration of claims, and failure to address attorney misconduct, amounts to a violation of the Plaintiff's due process rights under the Fifth and Fourteenth Amendments.

NOTICE OF APPEAL                              PAGE **9** OF **12**                              Eric Freeze

Relevant case law:

- In re Murchison, 349 U.S. 133 (1955)

- Mathews v. Eldridge, 424 U.S. 319 (1976)

8. Public Interest Considerations:

The dismissal of this case raises significant public interest concerns regarding access to justice, particularly for vulnerable populations like the homeless. Allowing this case to proceed would reinforce the principle that economic circumstances should not be a barrier to seeking justice through the legal system.

Relevant law:

- RCW 2.48.010 (Washington statute on the purpose of the state bar)

- Boddie v. Connecticut, 401 U.S. 371 (1971) (Supreme Court case on access to courts for indigent litigants)

CONCLUSION

The district court's decision to dismiss this case was manifestly unjust and warrants reversal based on the following key factors:

1. Judicial bias and failure to recuse, evidenced by Judge Robart's mischaracterization of the case and prior involvement with the parties.

2. Failure to apply the proper, more lenient standard for pro se litigants as established in Haines v. Kerner and its progeny.

3. Unequal treatment of parties and abuse of discretion, favoring the defendants' attorneys despite their non-compliance with court orders.

4. Failure to properly consider the merits of the Plaintiff's promissory estoppel claim.

5. Disregard for the Plaintiff's unique circumstances as a homeless litigant, impacting his ability to participate in proceedings.

6. Cumulative due process violations stemming from the above issues.

These errors, individually and collectively, demonstrate that the dismissal of this case was improper and should be reversed. The Plaintiff-Appellant respectfully requests that the Court of Appeals:

1. Reverse the district court's order dismissing this case;

2. Reverse the district court's order denying the motion for reconsideration;

3. Remand the case to the district court with instructions to assign a different judge;

4. Provide clear guidance on the application of pro se standards and equal treatment of parties;

5. Grant any other relief that the Court deems just and proper to ensure fair proceedings and access to justice.

Dated this 8th day of September 2024.

WHEREFORE, for the reasons stated above and in the interest of justice, the Plaintiff-Appellant respectfully requests that the Court of Appeals:

1. Reverse the district court's order dismissing this case;

2. Reverse the district court's order denying the motion for reconsideration;

3. Remand the case to the district court with instructions to assign a different judge;

NOTICE OF APPEAL                    PAGE 11 OF 12                    Eric Freeze

4. Provide any other relief that the Court deems just and proper.

Dated: [Current Date]

Respectfully submitted,

Dated this 8th day of September 2024.

Eric Freeze, pro per
PO BOX 12
Concrete, Washington
360- 202 6178
ericfreeze87@gmail.com