Eric Freeze, pro per
PO BOX 12
Concrete, Washington
360- 202 6178
ericfreeze87@gmail.com



FILED
LODGED
RECEIVED

SEP 30 2024

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                    DEPUTY

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

Eric S. Freeze,            )
                           )  Case No. 2 : 23-CV-01135-JLR
Plaintiff,                 )
                           )
         vs.               )  **MOTION FOR LEAVE TO**
                           )  **PROCEED IN FORMA PAUPERIS**
ELIZABETH E. GALLAGHER, JOSE T. )  **ON APPEAL**
ACUNA, ANN G. FREEZE REVOCABLE  )
TRUST, and the RONALD L. FREEZE )
REVOCABLE TRUST, JAMES MASSINGALE )
AND ANGELA MASSINGALE,     )
Defendants                 )
                           )

### MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Plaintiff-Appellant, Eric Stephen Freeze, moves for leave to proceed in forma pauperis on appeal pursuant to Fed. R. App. P. 24 and 28 U.S.C. § 1915. In support of this motion, Plaintiff-Appellant states as follows:

1. Plaintiff-Appellant is indigent and unable to pay the docketing fees of the Court of Appeals or to post a bond for costs on appeal. An affidavit in support of this motion, detailing Plaintiff-Appellant's financial condition, is attached hereto and incorporated by reference.

2. Plaintiff-Appellant has not previously been granted leave to proceed in forma pauperis in the district court or any other court.

3. Plaintiff-Appellant believes in good faith that he is entitled to redress, and that a district court has so far erroneously denied this redress.

4. The issues that Plaintiff-Appellant intends to present on appeal are the following:

    a. Judicial bias: The district court judge demonstrated bias by misinterpreting the purpose of the complaint due to prior knowledge of participants in a previously dismissed case. This prior knowledge unfairly influenced the judge's understanding and treatment of the current case. The Supreme Court has held that "a fair trial in a fair tribunal is a basic requirement of due process." In re Murchison, 349 U.S. 133, 136 (1955).

    b. Improper denial of recusal: Despite Plaintiff-Appellant's request, the judge refused to recuse himself from the case. This refusal, in light of the demonstrated bias, raises significant concerns about the fairness of the proceedings. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard for recusal is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Liteky v. United States, 510 U.S. 540, 548 (1994).

    c. Inconsistent application of court rules: The judge exhibited obvious bias by allowing the two attorneys in the case to disobey his court orders on two separate occasions without imposing any sanctions. This inconsistent application of court rules disadvantaged Plaintiff-Appellant and calls into question the impartiality of the proceedings. "The court may issue any just orders... if a party or its attorney... fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C).

d. Improper dismissal of the case: The judge dismissed the case based on false statements made by the two attorneys regarding Plaintiff-Appellant's alleged non-participation in the Rule 26(f) conference. This dismissal was improper as it was based on misrepresentations and failed to consider Plaintiff-Appellant's actual participation or attempts to participate. "Pro se litigants are held to a less stringent standard than bar-trained attorneys and are afforded the benefit of any doubt." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

e. Denial of motion to reconsider: Following the dismissal, Plaintiff-Appellant filed a motion to reconsider, which was summarily denied without adequate consideration. This immediate denial further demonstrates the court's unwillingness to fairly evaluate Plaintiff-Appellant's arguments and claims. "A district court may abuse its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009).

f. Due process violations: The cumulative effect of these issues—judicial bias, refusal to recuse, inconsistent rule application, improper dismissal, and summary denial of reconsideration—amounts to a violation of Plaintiff-Appellant's due process rights under the Fifth Amendment of the United States Constitution. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976). The United States Supreme Court has held that a litigant need not be absolutely destitute to benefit from the in forma pauperis statute. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). Plaintiff-Appellant's financial situation, as detailed in the accompanying affidavit, demonstrates that he cannot pay the filing fee and provide himself with the necessities of life.

5. The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the federal courts. Neitzke v. Williams, 490 U.S. 319, 324 (1989). Denying Plaintiff-Appellant's motion would effectively bar him from pursuing his appeal due to his current financial hardship.

6. Plaintiff-Appellant acknowledges that under 28 U.S.C. § 1915(e)(2), the Court may dismiss this appeal at any time if it determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. Plaintiff-Appellant affirms that his appeal is brought in good faith and is not frivolous.

WHEREFORE, Plaintiff-Appellant respectfully requests that this Court:

A. Grant this Motion for Leave to Proceed in Forma Pauperis on Appeal;

B. Allow Plaintiff-Appellant to proceed with his appeal without prepayment of fees and costs; and

C. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated this 27 day of September 2024.

Eric Freeze, pro per
PO BOX 12
Concrete, Washington
360- 202 6178
ericfreeze87@gmail.com

# UNITED STATES DISTRICT COURT
Western District of Washington

Eric Stephen Freeze

Plaintiff

vs.

ELIZABETH E. GALLAGHER; JOSE T. ACUNA; ANN G. FREEZE REVOCABLE TRUST et al.

Defendant(s)

Case Number: 2:23-cv-01135-JLR

**DECLARATION AND APPLICATION TO PROCEED IN FORMA PAUPERIS AND WRITTEN CONSENT FOR PAYMENT OF COSTS**

## DECLARATION AND APPLICATION TO PROCEED IN FORMA PAUPERIS

I (print your name) Eric Stephen Freeze declare I am the plaintiff in this case; I believe I am entitled to relief; and I am unable to pay the costs of this proceeding or give security therefor. The nature of my action is *briefly* stated as follows:

In support of this application, I answer *all* of the following questions:

1. Are you presently employed?

   ☐ Yes  Total amount of net monthly salary (take home pay) $ _____

   Name and address of employer  unemployed scrap collector

   ☑ No  Date of last employment _____ Total amount of last net monthly salary $ _____

2. If married, is your spouse presently employed?  ☑ Not married

   ☐ Yes  Total amount of spouse's net monthly salary (take home pay) $ _____

   Name and address of employer _____

   ☐ No  Date of spouse's last employment _____ Total amount of last net monthly salary $ _____

3. For the past twelve months, list the amount of money you and/or your spouse have received from any of the following sources.

   a. Business, profession or other self-employment                                $ 9300
   b. Income from rent, interest or dividends                                       $
   c. Pensions, annuities or life insurance payments                                $
   d. Disability, unemployment, workers compensation or public assistance           $
   e. Gifts or inheritances                                                         $
   f. Money received from child support or alimony                                  $
   g. Describe any other source of income                                           $ 0

FILED LODGED RECEIVED SEP 30 2024 CLERK U.S. DISTRICT COURT WESTERN DISTRICT OF WASHINGTON BY DEPUTY  MAIL

Page 1 of 2

4. List the amount for each of the following for you and/or your spouse:

Cash on hand $ 28      Checking Account $ 30.00      Savings Account $ 0

5. Do you and/or your spouse own or have any interest in any real estate, stocks, bonds, notes, retirement plans, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? If Yes, describe the property and state its approximate value:

☐ Yes
☑ No

6. Are any persons dependent upon you or your spouse for support? If Yes, state their relationship to you or your spouse, and indicate how much is contributed toward their support each month. (Do not include names of minor children.)

☐ Yes
☑ No

7. Describe the types of monthly expenses you incur, such as housing, transportation, utilities, loan payments, or other regular monthly expenses and the amount spent each month.

> gas and food, I have lived in my car for over a year, I find scrap to pay my gas and eats

8. Provide any other information that will help explain why you cannot pay court fees and costs.

> my home has been commandeered by the defendants including the shop I worked out of to conduct my scrap business. Now my entire existance is out of my car...

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: (Date) 9/24/24      Signature of Plaintiff (Required) /s/ Eric Freeze

## WRITTEN CONSENT FOR PAYMENT OF COSTS UNDER LOCAL RULE CR3(c)

I, (print your name) **Eric Stephen Freeze**

hereby consent that any recovery in damages that I may receive in the above-captioned cause may be reduced, if so directed by the court, in such an amount as is necessary for payment of the unpaid fees and costs which are taxed against me in the course of this litigation.

Executed on: (Date) 9/24/24      Signature of Plaintiff (Required) /s/ Eric Freeze

Eric Freeze, pro per
PO BOX 12
Concrete, Washington
360- 202 6178
ericfreeze87@gmail.com



## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

Eric S. Freeze,

    Plaintiff,

vs.

ELIZABETH E. GALLAGHER, JOSE T. ACUNA, ANN G. FREEZE REVOCABLE TRUST, and the RONALD L. FREEZE REVOCABLE TRUST, JAMES MASSINGALE AND ANGELA MASSINGALE,
    Defendants

Case No. 2 : 23-CV-01135-JLR

**AFFIDAVIT/DECLARATION IN SUPPORT OF MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

**AFFIDAVIT/ DECLARATION IN SUPPORT OF MOTION FOR LEAVE TO PROCEED**

**IN FORMA PAUPERIS**

I, Eric Stephen Freeze, being duly sworn, hereby state the following:

1. I am over 18 years of age and competent to testify to the matters stated herein based on personal knowledge.
2. I am the plaintiff in the above-entitled case.
3. In support of my motion to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1), I state that because of my impecuniosity, I am unable to pay the costs of this appeal or to give security therefor. I believe I am entitled to redress.
4. I have been homeless since December 2022 and have been living out of my car.
5. I am single and have never been married.
6. I am a scrap procurer by trade, but I do not have the benefit of a shop or a home to conduct my business.

AFFIDAVIT IN SUPPORT OF LEAVE      PAGE **1** OF **2**      Eric Freeze

7. In the last 12 months, my total income was $9,300.

8. Due to my financial circumstances, I am unable to pay the filing fees or other costs associated with this case without compromising my ability to provide for my basic necessities. This is consistent with the standard set forth in Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331 (1948), which held that one need not be absolutely destitute to benefit from the in forma pauperis statute.

9. I understand that under 28 U.S.C. § 1915(e)(2), the court may dismiss this case if it determines that my allegation of poverty is untrue or if the action is frivolous or malicious. I affirm that my claim is brought in good faith and is not frivolous.

10. I am aware that the purpose of the in forma pauperis statute, as noted in Neitzke v. Williams, 490 U.S. 319 (1989), is to ensure that indigent litigants have meaningful access to the federal courts. My request is made in this spirit, as I seek to have my case heard despite my current financial hardship.

11. I do not have, stocks, bonds, or any other means of income.

12. My bank account has approximately $30. My current cash on hand is $28.

13. I understand that under 28 U.S.C. § 1915(e)(2), the court may dismiss this case if it determines that my allegation of poverty is untrue or if the action is frivolous or malicious. I affirm that my claim is brought in good faith and is not frivolous.

14. I understand that as per Lee v. McDonald's Corp., 231 F.3d 456 (8th Cir. 2000), the decision to grant or deny in forma pauperis status under 28 U.S.C. § 1915 is based solely on the economic eligibility of the petitioner. I believe that my current economic situation, as detailed in this affidavit, demonstrates my eligibility for this status.

15. I affirm that the above statement is true and correct to the best of my knowledge.

Affiant further sayeth naught.

All Rights Reserved,

Sworn Statement patterned per 28 U.S.C. 1746 (1):
"I declare under pain and penalty of perjury under the laws of the (organic) united States of America that the foregoing is true and correct to the best of my knowledge. Executed on 20th, of September 2024.

*Eric Stephen Freeze* (signature)

Eric Stephen Freeze

AFFIDAVIT IN SUPPORT OF LEAVE                PAGE 2 OF 2                Eric Freeze

